1  IRELL & MANELLA LLP
   John C. Hueston (164921; jhueston@irell.com)
2  Michael Fehner (207312; mfehner@irell.com)
   840 Newport Center Drive, Suite 400
3  Newport Beach, CA 92660-6324
   Telephone: (949) 760-0991
4  Facsimile: (949) 760-5200

5  STATE COMPENSATION INSURANCE FUND
   Linda S. Platisha (195281; lsplatisha@scif.com)
6  1750 E. Fourth Street, Suite 450
   Santa Ana, CA 92705
7  Telephone: (714) 347-6130
   Facsimile: (714) 347-6145

8

9  Attorneys for *Plaintiff* STATE COMPENSATION
   INSURANCE FUND, a Public Enterprise Fund
   and Independent Agency of the State of California

10

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13                        SOUTHERN DIVISION

14  STATE COMPENSATION INSURANCE )  Case No.  **SACV13-00956 AG (CWx)**
15  FUND,                          )
              Plaintiff,           )
16         v.                      )
                                   )  **COMPLAINT OF PLAINTIFF**
17  MICHAEL D. DROBOT, SR., an     )  **STATE COMPENSATION**
    individual; MICHAEL R. DROBOT, JR., )  **INSURANCE FUND FOR:**
18  an individual; HEALTHSMART PACIFIC )
    INC., a California corporation;  )  **(1)    FRAUD;**
19  HEALTHSMART PACIFIC INC. d/b/a  )
    PACIFIC HOSPITAL OF LONG BEACH, )  **(2)    18 U.S.C. § 1962(c) (CIVIL**
20  a California corporation; LONG BEACH )       **RICO);**
    PAIN CENTER MEDICAL CLINIC,     )
21  INC., a California corporation;  )  **(3)    18 U.S.C. § 1962(d) (CIVIL**
    INDUSTRIAL PHARMACY             )         **RICO CONSPIRACY);**
22  MANAGEMENT LLC, a California    )
    limited liability company; CALIFORNIA )  **(4)    RESTITUTION;**
23  PHARMACY MANAGEMENT LLC, a      )
    California limited liability company; )  **(5)    UNFAIR COMPETITION**
24  COASTAL EXPRESS PHARMACY,       )         **(Bus. & Prof. Code § 17200);**
    INC., a California corporation; LONG )
25  BEACH PRESCRIPTION PHARMACY,    )         **AND**
    a California corporation; MEDS   )
26  MANAGEMENT GROUP, LLC, a        )  **(6)    RESCISSION**
    California limited liability company, and )
27  DOES 1 through 10, Inclusive,   )  **[JURY TRIAL DEMANDED]**
                                    )
28         Defendants.              )
                                    )

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19                        Complaint

1    Plaintiff State Compensation Insurance Fund ("State Fund") alleges as

2  follows in this federal question action, over which this court has jurisdiction

3  pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4                        **SUMMARY OF ACTION**

5    1.    Defendants in this case conspired and participated in a scheme to

6  defraud State Fund in connection with the submission and collection of fraudulent

7  insurance bills for medical services, spinal implant hardware, medications, and other

8  services (collectively, "Medical Services") under State Fund-issued policies of

9  workers' compensation insurance.

10    2.    In particular, Defendants: (a) formed and operated shell corporations

11  and represented that these corporations were manufacturers of spinal hardware and

12  billed as if these corporations did manufacture the spinal hardware, when they did

13  not; (b) billed for services at substantially higher rates than are allowed under the

14  Official Medical Fee Schedule ("OMFS"), which governs rates that may be charged

15  for certain services rendered in workers' compensation cases, by, among other

16  things, "upcoding" and "unbundling" items in their billings;[1] (c) billed at rates up to

17  ten times the average rate for over-the-counter medication; (d) represented and

18  billed nurses as assisting surgeons; (e) double-billed State Fund for radiology

19  services; and (f) engaged in further conduct to conceal their various schemes, which

20  were designed to, and did, induce State Fund to pay the fraudulent bills.

21

22  _____

23    [1] "Upcoding" is a practice of using medical treatment codes in the submission
    of insurance claims that represent a substantially higher billing price than the set

24  amount for the actual services rendered.  The practice can also, as it does here,
    involve "unbundling" services.  Many procedures, such as surgeries, have an OMFS

25  rate bundling together a number of necessary elements or pieces of equipment for

26  the procedure.  Instead of simply charging the bundled rate, the Provider Defendants
    here took particular items or steps involved in the procedure, and billed them

27  separately, resulting in a significantly higher bill.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733 19

1    3.    In so doing, defendants violated, among other laws, the Racketeer

2 Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO").

3                              **THE PARTIES**

4    **Plaintiff**

5    4.    State Fund is a self-supporting, non-profit public enterprise fund that

6 was established by the California Legislature pursuant to California Insurance Code

7 §§ 11770 *et seq.*  State Fund provides workers' compensation insurance to

8 California employers, with no financial obligation to the public, and is the largest

9 provider of workers' compensation insurance in California.

10    **Individual Defendants**

11    5.    Defendant Michael D. Drobot ("Drobot Sr."), is the owner and/or

12 operation of some or all of the Company Defendants.  On information and belief,

13 Drobot Sr. is a resident of Corona Del Mar, CA.

14    6.    Defendant Michael R. Drobot ("Drobot Jr."), on information and belief,

15 is the son of Defendant Drobot Sr. and an owner and/or operator of some or all of

16 the Company Defendants.  On information and belief, Drobot Jr. is a resident of

17 Orange County, CA.

18    **Company Defendants**

19    7.    Defendant Healthsmart Pacific, Inc. is, and at all relevant times was, a

20 California corporation, with its principal place of business at 2776 Pacific Avenue,

21 Long Beach, CA 90806.

22    8.    Defendant Healthsmart Pacific, Inc. d/b/a Pacific Hospital of Long

23 Beach (hereinafter, along with Healthsmart, "Pacific Hospital") is, and at all

24 relevant times was, a California corporation, and is a for-profit hospital that

25 specializes in surgeries in general, and orthopedic and spinal surgeries in particular,

26 with its principal place of business at 2776 Pacific Avenue, Long Beach, CA 90806.

27    9.    Defendant Long Beach Pain Center Medical Clinic, Inc. ("Long Beach

28 Pain") is, and at all relevant times was, a California corporation.  Long Beach Pain,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19
- 2 -
Complaint

1  on information and belief, has a physical location at 2760 Pacific Avenue, Long
2  Beach, CA 90806, and is associated with Pacific Hospital of Long Beach.
3  According to California Secretary of State records, Long Beach Pain headquarters
4  are located at 20377 SW Acacia Street, Newport Beach, CA 92660.

5      10.    Defendant Industrial Pharmacy Management, LLC ("IPM") is, and at
6  all relevant times was, a California corporation.  IPM's website states that IPM
7  dispenses medications to patients in doctor's offices, and, according to California
8  Secretary of State records, is also located at 20377 SW Acacia Street, Newport
9  Beach, CA 92660.  Upon information and belief, California Pharmacy Management
10 LLC ("CPM") underwent a merger in or around 2009 and became IPM.  According
11 to California Secretary of State records,  CPM is/was also located at 20377 SW
12 Acacia Street, Newport Beach, CA 92660.

13     11.    Defendant Coastal Express Pharmacy, Inc. ("Coastal"), is, and at all
14 relevant times was, a California corporation.  According to California Secretary of
15 State records, Coastal is also located at 20377 SW Acacia Street, Newport Beach,
16 CA 92660.

17     12.    Defendant Long Beach Prescription Pharmacy, Inc. ("LBPP") is, and at
18 all relevant times was, a California corporation.  According to California Secretary
19 of State records, LBPP is also located at 20377 SW Acacia Street, Newport Beach,
20 CA 92660.

21     13.    Defendant Meds Management Group, LLC ("MMG") is, and at all
22 relevant times was, a California limited liability company.  According to California
23 Secretary of State records, MMG is also located at 20377 SW Acacia Street,
24 Newport Beach, CA 92660.

25     14.    State Fund is informed and believes, and thereon alleges, that at all
26 relevant times, Defendants Drobot, Sr. and Drobot, Jr. (collectively, the "Individual
27 Defendants") at all relevant times, owned, operated, either individually or jointly,
28 and/or controlled Pacific Hospital and Long Beach Pain, as well as IPM/CPM,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 3 -
Complaint

1   Coastal, LBPP, and MMG (the "Pharmacy Defendants").  Pacific Hospital, Long

2   Beach Pain, and the Pharmacy Defendants are referred to herein, where appropriate,

3   as, collectively, the "Provider Defendants."

4   **DOE Defendants**

5       15.    State Fund is unaware of the true names and capacities, whether

6   individual, corporate, associate or otherwise, of those defendants named herein as

7   DOES 1 through 10, inclusive.  State Fund sues DOES 1 through 10 by fictitious

8   names.  State Fund will seek leave to amend this complaint to show their true names

9   and capacities when the same have been ascertained.  Said defendants are sued as

10  principals, and all of the acts performed by them as agents, servants or employees

11  were performed within the scope and course of their authority and employment.

12  State Fund is informed and believes, and thereon alleges, that each of the fictitiously

13  named defendants is responsible for the events, harm, and damages as alleged

14  herein.

15      16.    State Fund is further informed and believes, and thereon alleges, that

16  each of the defendants was the co-conspirator of each and every other defendant

17  and, in performing the acts herein alleged, was acting within the scope of such

18  conspiracy, and that such actions were reasonably foreseeable to each of the other

19  co-conspirators, and/or were taken with the express or implied consent of each of

20  the other co-defendants.

21      17.    The named and DOE defendants are collectively referred to as

22  "Defendants."

23  **JURISDICTION AND VENUE**

24      18.    This Court has subject matter jurisdiction over this action pursuant to

25  28 U.S.C. § 1331 because it arises under 18 U.S.C. § 1961 *et. seq.*, the Racketeering

26  Influenced and Corrupt Organizations Act ("RICO").  This Court has supplemental

27  jurisdiction over State Fund's state law claims under 28 U.S.C. § 1367(a).

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 4 -
Complaint

1      19.    Venue is proper in the Central District of California under 28 U.S.C.

2   § 1391, because all or almost all Defendants reside in this District, and a substantial

3   portion of the events or omissions giving rise to the claims herein occurred in this

4   District.  Venue is proper in the Southern Division because, based on information

5   from the California Secretary of State and other sources, a majority of  Defendants

6   reside in this Division, and Plaintiff State Fund has an office in Santa Ana.

7                              **GENERAL ALLEGATIONS**

8        **Background Facts Regarding State Fund And Its Claims Process**

9      20.    State Fund provides workers' compensation insurance policies to

10  employers, under which medical treatment and indemnity benefits are provided to

11  employees who are injured or become ill during the course of employment or due to

12  employment-related injury.   In California, every employer is required to carry

13  insurance to cover the cost of occupational injuries and illnesses.

14     21.    State Fund pays medical providers for Medical Services provided to

15  covered workers.  Medical Services, as the term is used herein, include spinal

16  fusions, spinal implants, other spinal surgeries, and a wide variety of other medical

17  procedures and services.  State Fund also pays medical providers for prescription

18  drugs supplied to injured workers.

19     22.    In order to receive reimbursement from State Fund for Medical

20  Services, providers submit a Health Insurance Claim Form to State Fund. The

21  Health Insurance Claim Form provides, among other things, warning language that

22  any person who knowingly files a statement of claim containing any

23  misrepresentation or any false, incomplete or misleading information may be guilty

24  of a criminal act punishable under law and may be subject to civil penalties, or

25  words to that effect.

26     23.    State Fund does not knowingly pay for fraudulent bills, including: (a)

27  bills for office visits or Medical Services not received; (b) bills for unnecessary

28  Medical Services; (c) bills that are the product of a provider's employment of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 5 -
Complaint

1 | runners, cappers, or steerers to solicit or obtain patients for the medical provider; or
2 | (d) bills that are "upcoded" – that is, billing for a more complex service than the
3 | provider performed; and (e) bills that are "unbundled" – that is, bills that break out
4 | and individually charge for all items and elements comprising a service or treatment
5 | at much higher separate rates, instead of using approved codes and attendant rates
6 | covering the entire procedure. *See supra* note 1.   The last two methods are
7 | designed to evade the amounts set for procedures authorized by the OMFS and other
8 | guidelines, to which State Fund attempts to adhere.

9      24.    Particular procedures performed by medical providers are governed by
10 | an OMFS, pursuant to Title 8, Article 5.5, Sections 9790 *et seq.* of the California
11 | Code of Regulations.   The OMFS was promulgated by the Administrative Director
12 | of the Division of Workers' Compensation to rein in medical costs.   The OMFS ties
13 | provider reimbursement to a multiplier of Medicare's rates for the same service.

14      25.    State Fund is generally required to pay all bills within a relatively short
15 | statutory period of time pursuant to the California Labor Code and attendant
16 | regulations, or face large penalties, with some exceptions.   As such, State Fund has a
17 | limited ability to review each bill and corresponding claim prior to paying within the
18 | requisite time period.   The schemes described in this Complaint are not readily
19 | apparent upon the face of the bills, and Defendants have actively sought to conceal
20 | their various schemes.   This, along with the fact that State Fund is the largest
21 | workers' compensation carrier in California, and given the sheer volume of bills
22 | State Fund processes on a daily basis, makes detection of this fraudulent behavior
23 | extremely difficult.

24      26.    At all times relevant to the Complaint, medical providers submitted
25 | insurance bills to State Fund manually (on paper) through the United States mail
26 | and/or electronically through the use of interstate wires.   For each claim submitted,
27 | State Fund would send an explanation of benefits ("EOB") and/or related
28 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 6 -
Complaint

1  correspondence to the provider via the United States mail and/or wires. State Fund

2  also reimbursed providers by sending payment through the United States mail.[2]

3              **Background Allegations on Defendants' Operations**

4       27.    Pacific Hospital is owned and run by Drobot Sr., who, on information

5  and belief, purchased the hospital in 1997 and shifted its focus to spine care for

6  workers' compensation patients. On information and belief, Pacific Hospital

7  specializes in spinal surgeries, including spinal fusions and spinal implants. On

8  information and belief, Pacific Hospital has performed over 5,000 spinal fusions on

9  workers' compensation patients in the last ten years.

10      28.    Since 2001, State Fund has paid Pacific Hospital at least $141 million

11  for services purportedly rendered by Pacific Hospital pursuant to its workers'

12  compensation policies. This includes at least 16,490 bills for services, including

13  spinal surgery and implants. State Fund has also paid over $20 million to the

14  Pharmacy Defendants. Upon information and belief, State Fund is one of the largest

15  victims of Defendants' unlawful behavior.

16      29.    State Fund has been damaged in that it has paid the Provider

17  Defendants for these procedures, Medical Services, and prescriptions. State Fund

18  would not have paid the Provider Defendants had it known of Defendants' fraud and

19  other wrongdoing.

20      30.    State Fund is informed and believes, and thereon alleges, that the

21  individual Defendants engaged in the following schemes to defraud (broken out by

22  subheading for clarity and ease of reading). This information is based on State

23  Fund's review of bills and internal reports, which was prompted by the recently

24  reported service of federal warrants on Pacific Hospital's and IPM's offices in April

25

26

27       [2] Senate Bill No. 863, effective this year, also provides for a system of

28  electronic billing, using the wires of the United States through Internet connections.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733 19

- 7 -

Complaint

1   2013 (see section below titled "State Fund Uncovers Defendants' Well-Concealed

2   Fraud").

3   **Defendants' Fraudulent Scheme re: Spinal Implants/Surgeries (Pacific**

4   **Hospital, Individual Defendants)**

5       31.    From 1997 to the present, State Fund paid out at least $15.2 million on

6   bills for spinal surgery from Pacific Hospital.  On information and belief, the spinal

7   implant/surgery claims Pacific Hospital submitted to State Fund were fraudulent.[3]

8       32.    Under California law, a hospital may not bill more than $250.00 over

9   documented cost (plus any sales tax and/or shipping and handling charges actually

10  paid) for "implantable medical devices, hardware and instrumentation…"  Cal. Code

11  Regs. § 9789.22(f).  This section covers spinal implants.

12      33.    To evade California law and to defraud State Fund, the Individual

13  Defendants established shell entities, and held them out as manufacturers of spinal

14  hardware.  The Individual Defendants and Pacific Hospital then arranged to acquire

15  spinal hardware from the shell entities at fraudulently excessive costs.  The

16  fraudulently excessive costs were billed to State Fund.  Defendants knew the

17  fraudulent invoices did not reflect the actual or reasonable cost of the implants,

18  which was significantly lower.

19      34.    For example, in or around August of 2007, on information and belief,

20  the Individual Defendants formed a company called International Implants, one of

21  the entities used by Defendants in furtherance of this scheme.  The Individual

22  Defendants represented International Implants as being a manufacturer of spinal

23  implants.  Such a manufacturer must be registered with the United States Food and

24  _____

25      [3] State Fund reserves the right to amend its complaint to add additional claims
    and increased damages if material is uncovered in discovery or through expert
26  analysis.  State Fund continues to investigate the more than $141 million in
    payments to Pacific Hospital since 2001; additional amounts may be allocable to
27  spinal implants and surgeries.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 8 -

Complaint

1   Drug Administration ("FDA").  State Fund, pursuant to its investigation, discovered

2   that the FDA lists International Implants as a "repackager," not a manufacturer.

3        35.    This particular scheme centers on a scheduled surgery for implants

4   where Pacific Hospital "orders" various implants from International Implants.

5   International Implants then sends an invoice for the hardware to Pacific Hospital

6   who then bills State Fund for the invoice amount, plus $250.00, pursuant to the

7   Regulations cited above.

8        36.    State Fund then, as a matter of course, generally requests a copy of the

9   hardware invoice to ensure that it is being billed correctly.  Pacific Hospital then

10  produces the International Implants invoice to justify the billing.  In reality, the price

11  on the invoice is not the cost, but is significantly inflated.  Indeed, according to

12  many such invoices, the date of delivery of the implanted device is actually after the

13  date of the surgery for which it was allegedly purchased.

14       37.    On information and belief, based on State Fund's bill review,

15  International Implants provided around 75% of the spinal implants that Pacific

16  Hospital billed to State Fund since International Implants' formation.  As

17  Defendants knew and intended, International Implants fraudulently charged

18  excessive prices for its spinal implants. State Fund relied on Defendants' claims and

19  invoices.

20       38.    On information and belief, the fraudulent claims submitted by

21  Defendants contained false statements, namely: (1) that the alleged cost of Medical

22  Services and supplies provided to covered workers was the actual or reasonable cost

23  of such services and supplies; and/or (2) that the alleged Medical Services and

24  supplies provided to covered workers was medically reasonable or necessary.  On

25  information and belief, the Defendants each knew or believed that these statements

26  were false, and made the false statements to induce State Fund to grossly overpay

27  for the medical services and supplies it provided.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 9 -
Complaint

39.     On information and belief, the Individual Defendants were responsible for devising the fraudulent scheme, and received and controlled profits from it. State Fund is informed and believes, and thereon alleges that the Individual Defendants conducted periodic meetings with medical professionals, staff, and other employees of the fraudulent providers in order to give direction and oversee the fraudulent overbilling scheme.  The following examples (and predicate acts of RICO violations) are taken from State Fund's investigation (see section below titled, "State Fund Uncovers Defendants' Well-Concealed Fraud").

40.     On or shortly after April 16, 2009, in violation of 18 U.S.C. § 1341, Pacific Hospital, the Individual Defendants, and International Implants used the United States mails in furtherance of their scheme to defraud.

a.     On or shortly after April 16, 2009, Pacific Hospital submitted a bill to State Fund (Claim #1314472; BDM #8912289) via the U.S. Postal Service for, among other things, spinal implants purportedly implanted on or about April 16, 2009.  Pacific Hospital billed the spinal implants at $138,304, which Pacific Hospital and other Defendants knew to misrepresent the actual and reasonable cost of the implants, which was significantly lower.

b.     On or shortly after April 16, 2009, International Implants provided State Fund via U.S. Postal Service with a purchase order in support of the $138,304 spinal implant bill.   Pacific Hospital, the Individual Defendants, and International Implants each knew and intended that the submitted purchase order misrepresented the actual and reasonable cost of the implant.  Pacific Hospital, the Individual Defendants, and International Implants created and provided the purchase order in order to induce State Fund to overpay for spinal implants.

c.     State Fund reasonably relied on the misrepresentations in Pacific Hospital's claim and on the misrepresentations in purchase order in issuing payment on the bill of at least $69,402.00.  As Pacific Hospital, the Individual Defendants,

1   and International Implants knew and expected, payment which was delivered via the

2   U.S. Postal Service.

3        41.    On or shortly after May 12, 2011, in violation of 18 U.S.C. § 1341,

4   Pacific Hospital, the Individual Defendants, and International Implants used the

5   United States mails in furtherance of their scheme to defraud.

6        a.    On or shortly after May 12, 2011, Pacific Hospital submitted a

7   bill to State Fund (Claim #159642; BDM #15707744) via the U.S. Postal Service

8   for, among other things, spinal implants purportedly implanted on or about May 12,

9   2011. Pacific Hospital billed the spinal implants at $55,536, which Pacific Hospital,

10  the Individual Defendants, and International Implants knew to misrepresent the

11  actual and reasonable cost of the implants, which was less than half of the invoiced

12  value.

13       b.    On or shortly after May 12, 2011, International Implants

14  provided State Fund via U.S. Postal Service with a purchase order in support of its

15  $55,536 spinal implant bill.  Pacific Hospital, the Individual Defendants, and

16  International Implants each knew and intended that the submitted purchase order

17  misrepresented the actual and reasonable cost of the implant.  Pacific Hospital, the

18  Individual Defendants, and International Implants created and provided the purchase

19  order in order to induce State Fund to overpay for the spinal implants.

20       c.    State Fund reasonably relied on the misrepresentations in Pacific

21  Hospital's claim and on the misrepresentations in purchase order in issuing payment

22  on the claim of at least $50,762.93. As Pacific Hospital, the Individual Defendants,

23  and International Implants knew and expected, payment was delivered via the U.S.

24  Postal Service.[4]

25

26       [4] Additional material will be provided pursuant to appropriate protective

27  measures.  Moreover, the referenced Defendants engaged in overbilling practices –

28  including upcoding and uncoupling – on spinal surgeries and procedures as well, as

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

1    **Defendants' Fraudulent Kickback Scheme (Pacific Hospital, Individuals)**

2    42.    Upon information and belief, Pacific Hospital paid, or caused to be

3    paid, fees to physicians for referring patients to Pacific Hospital and certain

4    affiliates.  Such referral fees are illegal under California and federal law.  Once

5    referred, the matters could be overbilled in the manner set forth above.

6    43.    On information and belief, Pacific Hospital paid the illegal referral fees

7    with proceeds from the fraudulently excessive spinal implant and other fees it

8    charged insurers, including State Fund.  This illegal scheme allowed Pacific

9    Hospital to acquire additional patients, while defrauding State Fund.

10   44.    On information and belief, the Individual Defendants were responsible

11   for devising the fraudulent scheme, and received and controlled profits from it.

12   State Fund is informed and believes, and thereon alleges that the Individual

13   Defendants conducted periodic meetings with medical professionals, staff, and other

14   employees of the fraudulent providers in order to give direction and oversee the

15   fraudulent kickback scheme.

16   **All Defendants' Fraudulent Scheme To Overbill Services and**

17   **Prescriptions**

18   45.    As noted, procedures performed by providers are governed by an

19   OMFS, pursuant to Title 8, Article 5.5, Sections 9790 *et seq.* of the California Code

20   of Regulations.  Where applicable, State Fund generally pays for a particular

21   procedure billed by a provider at the rate authorized by the OMFS and other

22   regulations.

23   46.    The Provider Defendants generated substantial bills by "upcoding"

24   claims and billing double or triple the OMFS-approved rate for services.  The

25   Provider Defendants represented that higher and more complex services were

26   

27   described generally in the next section (and with a particular example at paragraph

28   50, *infra*).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

1   provided than actually were and represented that codes with higher billing rates

2   were justified when, in fact, they were not.  As shown below, Pacific Hospital was

3   the main Defendant Provider of non-pharmaceutical services, and the Individual

4   Defendants, owners and/or operators of Pacific Hospital, supervised the scheme and

5   reaped the profits, on information and belief.

6          47.      The Provider Defendants have also repeatedly submitted bills to State

7   Fund with "unbundled" services.  Depending on the procedure, a surgical

8   procedure's rate often "bundles" elements such as surgical gloves, trays, and other

9   equipment.    Provider Defendants billed for the surgical procedure, which included

10  the surgical gloves, trays, and other equipment as part of the overall cost of the

11  procedure, and also billed State Fund individually for the individual elements or

12  pieces of equipment involved in performing the procedure.  This substantially

13  increases the billed amounts.  Again, as shown below, Pacific Hospital was the main

14  Provider Defendant of non-pharmaceutical services, and the Individual Defendants,

15  owners and/or operators of Pacific Hospital, supervised the scheme and reaped the

16  profits, on information and belief.

17         48.      Therefore, when providing bills to State Fund, the Provider Defendants

18  provided State Fund with fraudulent invoices.  Defendants knew the fraudulent

19  invoices did not reflect the actual or reasonable cost of the services by "upcoding,"

20  "unbundling," and the spinal surgery/services schemes detailed herein.  By doing so,

21  Defendants represented that the services they rendered justified a higher billing than

22  was appropriate.  Pacific Hospital engaged in this practice with respect to surgeries,

23  implants and other services; the "Pharmacy Defendants" (IPM/CPM, Coastal,

24  LBPP, and MMG) engaged in fraudulent invoicing with respect to prescriptions,

25  with more particular allegations below.  The Individual Defendants, who, on

26  information and belief, continue to own and/or direct the Pharmacy Defendants,

27  supervised the scheme and reaped the profits.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 13 -
Complaint

49.     When State Fund receives a bill that is upcoded, unbundled, or overbilled, State Fund generally pays the OMFS rates for that procedure; and indicates to the billing provider that if it disagrees with the amount of the payment, to send additional documentation to support that the services rendered were above and beyond what is normally provided for the particular treatment (and upon which the rates are based). Despite such requests, the Provider Defendants typically did not (and do not) submit any additional documentation to justify the excess billing. Instead, Provider Defendants routinely filed liens against State Fund with the Workers Compensation' Appeals Board ("WCAB") and then sought (and continue to seek) to collect for the balance of the amount billed ("Liens").[5]

50.     For example, Pacific Hospital submitted a bill for a spinal procedure allegedly performed at Pacific Hospital on June 14, 2012. State Fund paid, following the appropriate fee schedules, a total of $90,063.36 and provided an EOB explaining why this amount was paid, and invited additional documents in the event of a dispute. The total bill of $236,683.10 included inappropriate unbundled and excess charges. Pacific Hospital did not provide any further documentation, but filed a lien for the difference at the WCAB (plus penalties and interest of over $32,000.00). The only explanation offered was that State Fund had not approved an extended six-additional-day hospital stay for which Pacific Hospital had inexplicably billed at over $18,000.00 per day.

---

[5] State Fund does not assert that the procedure of filing Liens before the WCAB constitutes independently actionable fraud – the fraud is the attempt to collect more for services than the authorized rate. However, the lien process helps to conceal the fraud and puts additional pressure on State Fund to settle such claims quickly, whether or not a proper investigation can take place. Accordingly, State Fund asserts a claim for rescission of certain settlements for fraudulent claims involving Liens in its sixth cause of action, below.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

51.    The Pharmacy Defendants were also a part of the overbilling scheme. From 2002 to the present, the Pharmacy Defendants have billed over half a million prescription drugs to State Fund. State Fund has paid out well over $20 million to these Defendants based on these bills.

52.    According to the recent bill runs and State Fund's investigation, State Fund was overbilled by the Pharmacy Defendants (IPM/CPM, Coastal, LBPP, and MMG) for drugs and compounds such as gabaketoprofen, capsaicin, omeprazole, and glucosamine chondroitin, often related to claimants treated at Pacific Hospital.

53.    Specifically, the Pharmacy Defendants engaged in a massive overbilling scheme whereby they billed up to ten times the price of basic-over-the-counter medication. Excessive amounts were charged for tablets, and occasionally, the same provider billed the same prescription twice on the same day.

54.    For example, State Fund found that IPM consistently billed $3.50 for 20 mg of omeprazole (an antacid) per tablet. Omeprazole is available, over the counter, for approximately $0.40 per tablet.

55.    More recently, the Pharmacy Defendants have begun billing for compound mediations as well, which are generally topical creams that contain more than one drug in the ingredients. Current fee schedules and guidelines do not take into account these compound medications, so the Pharmacy Defendants have consistently billed the entire costs of these medications based on the highest-priced drug in the combination, even if that drug represents the smallest percentage (for example, 10% or less) of the total ingredients.

56.    State Fund reasonably relied on Defendants' fraudulent bills and invoices for the services and prescriptions. Based on State Fund's review of billing runs and particular bills, the bills submitted by Defendants contained false statements, namely: (1) that the alleged cost of Medical Services and supplies provided to covered workers was the actual or reasonable cost of such services and supplies; and/or (2) that the alleged Medical Services and supplies provided to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 15 -
Complaint

1  covered workers was medically reasonable or necessary. On information and belief,
2  Defendants each knew that these bills were false, and made the false statements to
3  induce State Fund to grossly overpay for the Medical Services provided.

4        57.   On information and belief, the Individual Defendants were responsible
5  for devising the fraudulent scheme, and received and controlled profits from it.
6  State Fund is informed and believes, and thereon alleges that the Individual
7  Defendants conducted periodic meetings with medical professionals, staff, and other
8  employees of the fraudulent providers in order to give direction and oversee the
9  fraudulent overbilling scheme.[6]

10  **Fraudulent Scheme Re: Nurse Billing (Pacific Hospital, Individuals)**

11        58.   At Pacific Hospital, a Registered Nurse First Assistant ("RNFA") is
12  provided during all or almost all surgeries. However, Pacific Hospital has, based on
13  State Fund's review and its information and belief, a pattern and practice of billing
14  RNFAs as "assistant surgeons" at a substantially higher rate.

15        59.   For example, State Fund Claim Number 05597226 (date of surgery
16  November 12, 2010), Claim Number 05465550 (date of surgery July 27, 2011), and
17  Claim Number 5619232 (date of surgery October 13, 2011) represent spinal fusion
18  surgeries at Pacific Hospital. For each of these surgeries, Pacific Hospital billed
19  State Fund for the professional services of an assistant surgeon who allegedly
20  assisted during the surgery. State Fund's investigation uncovered that a RNFA
21  actually assisted, but was billed at the substantially higher assistant surgeon rate.

22        60.   On information and belief, the Individual Defendants were responsible
23  for devising the fraudulent scheme, and received and controlled profits from it.
24  State Fund is informed and believes, and thereon alleges that the Individual
25  Defendants conducted periodic meetings with medical professionals, staff, and other

26  _____

27     [6] Information and invoices in addition to those referenced herein will be
provided pursuant to appropriate protective measures.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   employees of the fraudulent providers in order to give direction and oversee the
2   fraudulent overbilling scheme.

3   **Defendants' Duplicate Billing re: Radiology Services (Long Beach Pain,**
4   **Individual Defendants)**

5   61.   State Fund's review uncovered that Long Beach Pain uses outside
6   radiology services on numerous occasions. These services are generally billed to
7   State Fund by the outside vendor. One such example is that in a sampling of
8   services provided by Saddleback Portable X-Ray ("Saddleback") for spinal X-Rays,
9   Long Beach Pain billed for the same technical component as Saddleback, resulting
10  in a duplicate billing. Because these billings are submitted by two wholly different
11  entities, it is very difficult for State Fund to catch this duplication within the short
12  period of time it has to pay providers.

13  62.   As specific examples, the same-service bills were received from Long
14  Beach Pain and Saddleback on State Fund Claim Number 01341571 (date of service
15  July 15, 2011), Claim Number 199038 (date of service June 3, 2011), and Claim
16  Number 01094149. This pattern has continued since at least 2007, and Long Beach
17  Pain continues, through this date, to bill for services rendered by another provider
18  and paid to that provider.

19  63.   On information and belief, the Individual Defendants were responsible
20  for devising the fraudulent scheme, and received and controlled profits from it.
21  State Fund is informed and believes, and thereon alleges that the Individual
22  Defendants conducted periodic meetings with medical professionals, staff, and other
23  employees of the fraudulent providers in order to give direction and oversee the
24  fraudulent duplicate billing scheme.

25  **State Fund Uncovers Defendants' Well-Concealed Fraud**

26  64.   Defendants have concealed the fraudulent schemes from State Fund by
27  submitting the same or similar bills for procedures and materials over the course of
28  years. Defendants never indicated that they had inflated the costs of procedures or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 17 -
Complaint

1    materials in their bills to State Fund.  Defendants continued to represent that they

2    were billing State Fund for their actual and reasonable costs.

3          65.    Provider Defendants also filed Liens at the WCAB on the basis of their

4    fraudulent bills, similarly contending before the WCAB that the bills were

5    legitimate and that Provider Defendants were legally entitled to full payment.

6          66.    As noted, the workers' compensation system provides for, among other

7    things, accelerated treatment and submission and payment of bills, and in certain

8    circumstances, penalties against an insurer when payment of a bill is delayed.  State

9    Fund's limited resources as a public enterprise fund and non-profit state agency, and

10   massive number of bills received each day make the early detection of fraud,

11   especially on a large scale, difficult if not impossible.  In short, State Fund had no

12   reasonable opportunity to investigate Defendants' individual bills or the schemes as

13   a whole, and no reason to suspect the extent and systemic nature of the fraud

14   conducted by the Defendants.

15         67.    On April 5, 2013, as reported by numerous publications and media

16   outlets, the corporate offices of Pacific Hospital and IPM were served with search

17   warrants by federal and state authorities, including but not limited to the United

18   States Postal Services, the Federal Bureau of Investigation, the Internal Revenue

19   Service, the investigatory arm of the United States Department of Defense, and the

20   California Department of Insurance.  The search warrants remain under seal in this

21   Court, so that State Fund still does not know the details of them.

22         68.    On the basis of these reports, State Fund has conducted (and continues

23   to refine) an in-depth review of billings from and payments to the various provider

24   Defendants, including reviews of ownership structure, control by the Individual

25   Defendants, and patterns of claims.

26         69.    State Fund has discovered the various fraudulent schemes as described

27   above.  These schemes are extensive and go far beyond the traditional relationship

28   of providers and insurers in the workers' compensation system.  Given the mass of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 18 -

Complaint

1  data, State Fund's investigation is continuing. Defendants' billings demonstrate a

2  systematic course of conduct to defraud State Fund, in violation of the core purpose

3  of the workers' compensation system, the quick and efficient treatment of injured

4  workers. Defendants' fraudulent schemes make health care more expensive and less

5  efficient for workers' compensation claimants, and negatively impact honest

6  providers.

7        70.    State Fund's investigation also led it to review certain settlement

8  agreements State Fund entered with Defendants related to Liens Defendants brought

9  before the WCAB based on its billings to State Fund, as detailed in the sixth cause

10  of action, below. State Fund was unaware of the true facts when it entered the

11  settlement agreements with the Defendants named therein. Had Defendants

12  disclosed the true facts about the liens and underlying billings, State Fund would

13  have not entered the settlement agreements.

14        71.    State Fund was induced by the foregoing fraudulent schemes to enter

15  into settlement agreements with certain of the Defendants on various dates,

16  including but not limited to April 20, 2004, September 1, 2009, August 25, 2010,

17  and May 19, 2011 (the "Group Settlements"). Out of an abundance of caution, State

18  Fund will file the Group Settlements under seal according to an appropriate

19  protective order, assuming that the affected Defendants wish to claim that the

20  settlements are confidential. State Fund employees and attorneys were also

21  fraudulently induced to enter into other settlements, in an aggregate amount to be

22  ascertained at trial.

23        72.    Accordingly, these settlement agreements were induced by these same

24  fraudulent schemes and practices as described above, and State Fund therefore

25  requests rescission of the agreements in its sixth cause of action, below.

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 19 -
Complaint

# FIRST CAUSE OF ACTION

## (Fraud)

### (Against All Defendants)

73. State Fund incorporates by reference the allegations in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. As alleged in detail above, Defendants made material misrepresentations to State Fund, and concealed and/or suppressed material facts from State Fund. Such misrepresentations included false billings for spinal implants, spinal surgeries and other procedures, and medications. Defendants also made misrepresentations and concealed facts with the intent that State Fund not discover its fraudulent schemes.

75. The misrepresentations and omissions by Defendants were material and were false and misleading, and Defendants knew they were material and were false and misleading at the time they were made, or, at a minimum, acted with reckless disregard for the truth or falsity of the representations or omissions.

76. Defendants misrepresented, concealed and/or suppressed these facts with the intent to influence the actions of State Fund, including intending to have State Fund pay the fraudulent billings, as well as to stop any investigation of the challenged practices.

77. State Fund reasonably and justifiably relied to its detriment on Pacific Hospital's misrepresentations. At the time State Fund acted, State Fund was unaware of the concealed or suppressed facts and would have acted differently if it had known the true facts. In particular, State Fund would not have paid Defendants' claims, and State Fund would have contested Defendants' false billings.

78. As a direct and proximate result of Defendants' misrepresentations, State Fund suffered damages in an amount to be proven at trial, but in an amount not less than the monies paid to Defendants because of their fraudulent schemes with respect to spinal implants, prescriptions, and overbilling.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733 19

- 20 -

Complaint

79.     In making the above-referenced false statements, Defendants acted with a conscious disregard for the rights of State Fund, and thus are guilty of oppression, fraud and malice pursuant to California Civil Code § 3294.  State Fund is entitled to recover punitive damages from Defendants in an amount to be proven at trial.  As noted in the sixth cause of action, State Fund is also entitled to rescission of the settlement agreements based on this fraud, and to have all amounts State Fund paid pursuant to them returned to State Fund, with interest.

### SECOND CAUSE OF ACTION

### (Civil RICO 18 U.S.C. § 1962(c))

### (Against All Defendants)

80.     State Fund incorporates by reference the allegations in paragraphs 1 through 72 and 74 through 79 of this Complaint as though fully set forth herein.

81.     Section 1962(c) of Title 18 of the United States Code prohibits any person from conducting an enterprise or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.  Section 1964(c) of Title 18 provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court."  State Fund has been injured in its business and property by Defendants' violation of section 1962.

82.     As alleged herein, Defendants engaged in a pattern of racketeering activity, the activities of which affect interstate and foreign commerce.  State Fund is, on information and belief, one of many victims of Defendants' racketeering activity.

83.     Each of the entity Defendants was an "enterprise" within the meaning of 18 U.S.C. § 1961(4), and together with the Individual Defendants formed an association-in-fact enterprise, engaged in the business of providing medical services, medical hardware, and ancillary services to workers under workers' compensation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 21 -
Complaint

1 | insurance policies (the "Fraudulent Provider Enterprise").  All Defendants are

2 | "persons" within the meaning of 18 U.S.C. § 1961(3).

3 |       84.    The Individual Defendants and each of the Fraudulent Providers

4 | conducted and participated, directly and/or indirectly, in the conduct of the affairs of

5 | the Fraudulent Provider Enterprise through a pattern of racketeering activity

6 | consisting of two or more predicate acts, in furtherance of the fraudulent scheme in

7 | violation of 18 U.S.C. §1341.

8 |       85.    In the course of, and in furtherance of, this racketeering activity and the

9 | enterprise, the Fraudulent Provider Enterprise submitted or caused to be submitted

10 | to State Fund thousands of fraudulent bills for Medical Services and supplies.  The

11 | thousands of fraudulent claims submitted by the Fraudulent Provider Enterprise

12 | contained false statements, namely: (1) that the allegedly cost of Medical Services

13 | and supplies provided to covered workers was the actual or reasonable cost of such

14 | services and supplies; and/or (2) that the Medical Services and supplies provided to

15 | covered workers was medically reasonable or necessary.  The Defendants each

16 | knew or believed that these statements were false.  The Fraudulent Provider

17 | Enterprise made the false statements to induce workers' compensation insurers,

18 | including State Fund, to grossly overpay for the Medical Services and supplies it

19 | provided.

20 |       86.    In the course of and in furtherance of this racketeering conduct and the

21 | Fraudulent Provider Enterprise, Defendants participated, directly and/or indirectly,

22 | in the conduct of the affairs of the Fraudulent Provider Enterprise, including

23 | committing mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation

24 | of 18 U.S.C. § 1343, by using interstate mail and wires to such submit fraudulent

25 | claims on thousands of occasions via the U.S. Postal Service or common carrier,

26 | phone, Internet, e-mail, and fax.  Specific examples of predicate acts are provided in

27 | paragraphs 27 through 63 above.  These acts also caused State Fund to place

28 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2474733.19

- 22 -
Complaint

1  payment for such claims in the United States mail, or use the wires to electronically

2  distribute them.

3      87.   Defendants also used, and caused to be used, the United States mail and

4  wires, and continue to use the United States mail and wires, to submit

5  correspondence and other documents to State Fund in support of the Fraudulent

6  Provider Enterprise, including communications designed to conceal the existence of

7  the fraud, and including communications designed to induce State Fund to enter into

8  settlement agreements involving provider Liens.

9      88.   Defendants performed these acts with knowledge that the use of the

10  United States mail and/or wires would follow, in the ordinary course of business.

11      89.   As a result of Defendants' violation of 18 U.S.C. § 1962(c), Defendants

12  proximately caused State Fund to suffer substantial injury to both its business and

13  property, including, without limitation, sums State Fund paid to the Fraudulent

14  Providers in connection with the Fraudulent Provider Enterprise's frauds, as well as

15  other out-of-pocket costs and related expenses.

16      90.   As a direct and proximate result of Defendants' racketeering activity,

17  and their predicate acts, State Fund suffered damages in an amount to be proven at

18  trial.

19      91.   State Fund is further informed and believes, and thereon alleges, that

20  Defendants have been unjustly enriched by predicate acts and RICO violations, and

21  that this Court should award disgorgement of such unjust enrichment as a further

22  remedy to achieve substantial justice between the parties, plus interest.

23      92.   In addition, State Fund is entitled to an award of treble damages, costs

24  of litigation, and attorneys' fees pursuant to 18 U.S.C. § 1964 and other applicable

25  law.

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

Complaint

# THIRD CAUSE OF ACTION

## (Civil RICO 18 U.S.C. § 1962(d))

### (Against All Defendants)

93.    State Fund incorporates by reference the allegations in paragraphs 1 through 72, 74 through 79, and 81 through 92 of this Complaint as though fully set forth herein.

94.    Section 1962(d) of Title 18 of the United States Code prohibits any person from conspiring to violate any of the provisions of section 1962(a)-(c). Section 1964(d) of Title 18 provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 ... may sue therefor in any appropriate United States district court."  Plaintiff has been injured in his business and property by Defendants' violation of section 1962(d).

95.    State Fund is informed and believes, and thereon alleges that, in violation of 18 U.S.C. § 1962(d), Defendants knowingly and willfully conspired and agreed with one another to violate 18 U.S.C. § 1962(c) and to conduct and/or participate, directly or indirectly, in the conduct of the affairs of the Fraudulent Providers through a pattern of racketeering activity.

96.    State Fund is informed and believes, and thereon alleges, that the objects of the conspiracy were to defraud State Fund, as alleged herein, in violation of 18 U.S.C. §§ 1341 and 1343.  Each of the Defendants agreed to join the conspiracy, each agreed to commit predicate acts in furtherance of the conspiracy, and each knew that those acts constituted part of a pattern of racketeering activity.

97.    State Fund is further informed and believes, and thereon alleges, that each of the co-conspirator Defendants committed at least one overt act during the existence of the conspiracy in an effort to accomplish some object or purpose of the conspiracy.   The overt acts of the Provider Defendants include charging fraudulently excessive prices for spinal implants, medications, and other medical supplies to covered workers, and creating and providing fraudulent invoices for such

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

Complaint

1  supplies and services to Pacific Hospital and/or State Fund.  Pacific Hospital's overt

2  acts include knowingly acquiring spinal implants, medications, and other medical

3  supplies at excessive prices or purporting to do so, and submitting false billings for

4  spinal implants, medications, and other medical supplies to State Fund.  The

5  Individual Defendants' overt acts include devising the scheme to defraud State

6  Fund, obtaining profits from the scheme, and conducting periodic meetings with

7  medical professional staff, and other employees of the Fraudulent Providers in order

8  to direct the scheme.

9       98.    In furtherance of the overall objective of the conspiracy, the Defendants

10 agreed to commit numerous predicate acts of mail and wire fraud.  Specific

11 examples of predicate acts are provided in paragraphs 27 through 63, above.

12      99.    As a result of the violation of 18 U.S.C. § 1962(d), Defendants

13 proximately caused State Fund to suffer substantial injury to both its business and

14 property, as alleged herein.  State Fund is informed and believes, and thereon

15 alleges, that Defendants have been unjustly enriched by virtue of the RICO

16 conspiracy such that this Court should further award disgorgement of such unjust

17 enrichment as an additional remedy to achieve substantial justice between the

18 parties, plus interest.

19      100.   State Fund is also entitled to an award of treble damages, costs of this

20 litigation, and reasonable attorneys' fees under 18 U.S.C. § 1964 and other

21 applicable laws.

### FOURTH CAUSE OF ACTION

### (Common-Law Restitution Based Upon Unjust Enrichment)

### (Against All Defendants)

25      101.   State Fund incorporates by reference the allegations in paragraphs 1

26 through 72, 74 through 79, 81 through 91, and 93 through 99 of this Complaint as

27 though fully set forth herein.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 25 -

Complaint

102.   As set forth above, Defendants have fraudulently received millions of dollars from State Fund, directly and proximately caused by its fraudulent schemes of overbilling and other practices.

103.   Defendants have been unjustly enriched, and it would be inequitable to allow Pacific Hospital to retain the monies it obtained from State Fund; accordingly, disgorgement should be awarded so as to obtain substantial justice between the parties.

104.   State Fund is entitled to restitution for all amounts that Defendants have been unjustly enriched, in an amount to be proven at trial, plus interest.

## FIFTH CAUSE OF ACTION

### (Business & Professions Code § 17200)

### (Against All Defendants)

105.   State Fund incorporates by reference the allegations in paragraphs 1 through 72, 74 through 79, 81 through 91, 93 through 99, and 102 through 104 of this Complaint as though fully set forth herein.

106.   Defendants' scheme of fraudulent misrepresentations and omissions to State Fund constitutes unlawful, unfair or fraudulent business acts and practices, under what is commonly known as the California Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 et seq.

107.   Defendants' fraudulent misrepresentations and omissions were made in California.  For example, the fraudulent billings were sent to and received by State Fund in California.

108.   As set forth above, Defendants have fraudulently received millions of dollars from State Fund, directly and proximately caused by its fraudulent schemes of overbilling and other practices.

109.   Defendants have been unjustly enriched, and it would be inequitable to allow Defendants to retain the monies they obtained from State Fund.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 26 -

Complaint

1 Disgorgement should be awarded so as to obtain substantial justice between the
2 parties.

3     110.   State Fund is entitled to restitution for all amounts that Defendants have
4 been unjustly enriched and for State Fund's damages, in an amount to be proven at
5 trial, plus interest.  Moreover, rescission of settlement agreements procured by fraud
6 should be ordered, as specified in the sixth cause of action.

**SIXTH CAUSE OF ACTION**

**(Rescission)**

**(Against Contracting Defendants)**

10     111.   State Fund incorporates by reference the allegations in paragraphs 1
11 through 72, 74 through 79, 81 through 91, 93 through 99, 102 through 104, and 107
12 through 110 of this Complaint as though fully set forth herein.

13     112.   As noted above, State Fund was induced by the foregoing fraudulent
14 schemes to enter into settlement agreements with certain of the Defendants on
15 various dates, including but not limited to April 20, 2004, September 1, 2009,
16 August 25, 2010, and May 19, 2011 (the "Group Settlements").  Out of an
17 abundance of caution, State Fund will file the Group Settlements under seal
18 according to an appropriate protective order or other procedures, assuming signatory
19 Defendants assert that the terms are confidential.  State Fund has also been induced
20 to enter into settlement agreements of various lien claims by the Provider
21 Defendants on other dates as well.   State Fund's consent to enter into these
22 settlement agreements was obtained by fraud, including the misrepresentations
23 articulated above.

24     113.   These misrepresentations were made with the intent to induce State
25 Fund to rely thereon, and State Fund did in fact rely thereon.  At the time State Fund
26 entered into the settlement agreements, it was unaware of the true facts and would
27 have acted differently if it had known the true facts.  Specifically, State Fund would

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 27 -
Complaint

1   not have settled these claims if it had known that Defendants engaged in the

2   foregoing misrepresentations.

3        114.   Consequently, the settlement agreements constitute void and/or

4   voidable contracts, and State Fund seeks rescission of them, or if rescission is not

5   available, damages in an amount to be proven at trial based on the other causes of

6   action alleged in this Complaint.

7                          **PRAYER FOR RELIEF**

8        WHEREFORE, State Fund prays for judgment against all Defendants as

9   follows:

10       1.    For an award of compensatory damages in an amount to be proven at

11   trial, plus an award of punitive and exemplary damages pursuant to the first cause of

12   action;

13       2.    For compensatory damages in an amount to be proven at trial, and

14   treble damages under the RICO statute in the second cause of action;

15       3.    For compensatory damages in an amount to be proven at trial, and

16   treble damages under the RICO statute in the third cause of action;

17       4.    For restitution and disgorgement of unjust enrichment, plus interest,

18   pursuant to the fourth and fifth causes of action;

19       5.    For rescission of the settlement agreements pursuant to the sixth cause

20   of action;

21       6.    For an award of attorneys' fees and costs, pursuant to all appropriate

22   causes of action; and

23       7.    For such other and further relief as the Court may deem just and proper.

24   Dated: June 24, 2013                IRELL & MANELLA LLP

25

26                                       By:

27                                         John C. Hueston
                                           Attorneys for Plaintiff State
28                                         Compensation Insurance Fund

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 28 -
Complaint

1

## JURY TRIAL DEMAND

2        State Fund demands a trial by jury of all issues so triable on the claims

3   alleged herein.

4

5   DATED:  June 24, 2013                Respectfully submitted,

6                                            IRELL & MANELLA LLP

7

8                                        By: _____

9                                            John C. Hueston
                                             Attorneys for Plaintiff State
10                                           Compensation Insurance Fund

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2474733.19

- 29 -
Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is _____ Carla Woehrle _____.

The case number on all documents filed with the Court should read as follows:

## SACV13- 956 AG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [✓] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| STATE COMPENSATION INSURANCE FUND | MICHAEL D. DROBOT, SR., an individual, et al. (see attached) |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John C. Hueston (SBN 164921) (jhueston@irell.com)<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400, Newport Beach, CA 92660<br>Telephone: (949) 760-0991  Facsimile: (949) 760-5200 | **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ To be ascertained

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. 1961 et seq.  Complaint for Civil RICO, fraud, violation of Cal. Bus. & Prof. Code 17200, rescission, and restitution.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:**<br>☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY**<br>☐ 310 Airplane | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☒ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number: **SACV13-00956 AG (CWx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | San Francisco |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange (8 Defendants)<br>Los Angeles (2 Defendants) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: June 24, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Additional Defendants:**

MICHAEL R. DROBOT, JR., an individual;

HEALTHSMART PACIFIC INC., a California corporation;

HEALTHSMART PACIFIC INC. dba PACIFIC HOSPITAL OF LONG BEACH, a California corporation;

LONG BEACH PAIN CENTER MEDICAL CLINIC, INC., a California corporation;

INDUSTRIAL PHARMACY MANAGEMENT LLC, a California limited liability company;

CALIFORNIA PHARMACY MANAGEMENT LLC, a California limited liability company;

COASTAL EXPRESS PHARMACY, INC., a California corporation;

LONG BEACH PRESCRIPTION PHARMACY, INC., a California corporation;

MEDS MANAGEMENT GROUP, LLC, a California limited liability company,

and DOES 1 through 10, Inclusive.