Nicholas P. Roxborough (SBN 113540)
npr@rpnalaw.com
Drew E. Pomerance (SBN 101239)
dep@rpnalaw.com
Joseph C. Gjonola (SBN 241955)
jcg@rpnalaw.com
**ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone: (818) 992-9999
Facsimile: (818) 992-9991

*Attorneys for Defendants*
Michael R. Drobot, Jr., Coastal Express Pharmacy Inc., Meds Management Group LLC, *and Defendants and CounterClaimants* Industrial Pharmacy Management LLC, California Pharmacy Management LLC, Long Beach Prescription Pharmacy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL D. DROBOT, SR., etc., et al.,<br><br>    Defendants.<br><br>──────────────────────<br>INDUSTRIAL PHARMACY MANAGEMENT LLC, et al.,<br><br>    Counter-Claimants,<br><br>    v.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>    Counter-Defendants. | Case No. SACV13-00956 AG (CWx)<br>*[Honorable Andrew J. Guilford]*<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF DISCOVERY UNTIL DECISION ON MOTION TO DISQUALIFY; MEMORANDUM IN SUPPORT**<br><br>[Declaration of Joseph C. Gjonola, [Proposed] Order submitted concurrently]<br><br>[Complaint filed: June 24, 2013] |

**EX PARTE APPLICATION**

Pursuant to Central District Local Rule 7-19, Defendants INDUSTRIAL PHARMACY MANAGEMENT LLC AND MICHAEL R. DROBOT, JR. ("Defendants") hereby make this *ex parte* application for an order staying all discovery until a decision is rendered on Defendants' pending Motion to Disqualify Irell & Manella ("Irell"), scheduled for hearing on June 23, 2014.

As this application concerns the need to preserve Michael R. Drobot, Jr.'s confidential and attorney-client privileged information from further compromise and intrusion, Defendants respectfully request a ruling at the very earliest opportunity.

As set forth in Defendants' Motion to Disqualify, as opined by Legal Ethics expert Diane Karpman, and as now confirmed in the deposition of attorney Matthew Sant, Irell represented Michael Drobot, Jr. for several months in 2010. In that time, Irell counseled and advised, and performed legal work for Drobot, Jr., and his companies, which are also Defendants in this case. It is undisputed that the matter Irell handled for Drobot, Jr. is central to Plaintiff State Compensation Fund's ("SCIF's") case against Drobot, Jr. Thus, contrary to Defendants' assertion to the Magistrate in this action, and to the media, Irell had a full attorney-client relationship with Drobot, Jr., requiring his informed written consent before Irell could represent an adverse party. Because Drobot, Jr.'s confidential information about legal matters directly at issue in this case are in Irell's possession, a stay should be entered until the disqualification motion is decided.

Since the Defendants first discussed the pending Motion to Disqualify with Irell, Defendants have requested several times that SCIF voluntarily agree to a mutual stay of discovery until the June 23, 2014 hearing on Defendants' Motion to Disqualify. Declaration of Joseph C. Gjonola ("Gjonola Decl."), ¶ 2. Thus far, SCIF has refused, and now opposes this *ex parte* application. *Id.* at ¶ 5.

Last week, SCIF contacted Defendants to propose a stipulation between the parties to modify the briefing schedule of Defendants' Motion to Disqualify Irell.

Defendants reiterated the request to stipulate to stay discovery pending the June 23, 2014 hearing. Gjonola Decl., ¶ 3. SCIF refused to consider Defendants' request and instead filed an *ex parte* application to modify the briefing schedule. *Id.* In an effort to compromise, Defendants filed a joinder to SCIF's *ex parte* application which included a request to stay discovery until the June 23, 2014 hearing. *Id.*, Exhibit "A". The Court granted SCIF's *ex parte* application, however, the Minute Order did not appear to address Defendants' request for a discovery stay. Gjonola Decl., ¶ 4, Exhibit "B". However, the Minute Order did contain a number of incorrect statements of fact and procedural history regarding this case, the parties, and the Motion to Disqualify, which are significant, and are addressed in the Memorandum, *infra*. On this basis, Defendants now apply *ex parte* for an order specifically staying all discovery until a decision is rendered on Defendants' pending Motion to Disqualify.

Defendants' request to stay discovery <u>is in the interest of the parties, and the Court,</u> particularly in the event the Court grants Defendants' Motion to Disqualify Irell. In the event of disqualification, any discovery performed by Irell may be deemed tainted and/or rendered moot. By extension, the stay would simply operate to prevent further harm to Defendants and protect highly sensitive attorney-client privileged information from being further compromised by continued and egregious misconduct. Moreover, the stay concerns a rather discreet time frame of only about 3 weeks.

Balancing these factors, the proposed stay promotes efficiency, poses no risk of prejudice given the relatively short time frame proposed, and remedies potential interim ethical issues.

For the foregoing reasons, Defendants hereby request that the Court stay all pending discovery until a decision is rendered on Defendants' pending Motion to Disqualify, scheduled for hearing on June 23, 2014.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 5, 2014 | ROXBOROUGH POMERANCE NYE & ANDREANI, LLP |
| 3 | | |
| 4 | | By:/s/ Joseph C. Gjonola |
| | | Nicholas P. Roxborough |
| | | Drew E. Pomerance |
| 5 | | Joseph C. Gjonola |
| | | Attorneys *for Defendants* Michael R. Drobot, Jr., Coastal Express Pharmacy Inc., Meds Management Group LLC and *Defendants and CounterClaimants* Industrial Pharmacy Management LLC, California Pharmacy Management LLC, and Long Beach Prescription Pharmacy |

4

**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF DISCOVERY UNTIL DECISION ON MOTION TO DISQUALIFY; MEMORANDUM IN SUPPORT**

## MEMORANDUM OF POINTS AND AUTHORITIES

This *ex parte* application involves a request for a stay of discovery for only about three weeks until the Court decides Defendants' Motion to Disqualify Irell, which is scheduled for hearing on June 23, 2014.

As set forth in Defendants' Motion to Disqualify, as opined by Legal Ethics expert Diane Karpman, and now confirmed by attorney Matthew Sant, Irell represented Michael Drobot, Jr. for several months in 2010. In that time, Irell Partner, Sant, from the Newport Beach office, counseled and advised Drobot, Jr., and performed legal work on behalf of Drobot, Jr., and his companies, which are also Defendants in this case. Irell performed all of their legal work to effect the transfer of ownership and control over those Defendant companies to Drobot, Jr. The ownership and control over these companies is the central element in SCIF's RICO case against these "Pharmacy Defendants." Irell did not seek Drobot, Jr.'s approval to represent any party adverse to him in this case, and it is not permitted to attack the legal work it performed for Drobot, Jr., as Irell is presently doing.

Attached to the motion on file with this Court, Legal Ethics expert Diane Karpman opined in her Declaration, on review of the over 100 emails and documents exchanged between Drobot, Jr. and Sant, that there was an attorney-client relationship between Drobot, Jr. and Irell. Now, on June 4, 2014, attorney Sant was deposed, wherein he confirmed in no uncertain terms that while he was a partner at Irell's Newport Beach office – where SCIF's current Irell attorneys work – Drobot, Jr. was his and Irell's client on the matter identified above. *See* Gjonola Dec. Exh. "E," Sant Deposition Transcript Rough Draft:

> Q. AND AT SOME POINT DID YOU UNDERSTAND THAT MR. DROBOT WAS HIRING YOU TO DO LEGAL WORK FOR HIM?
>
> A. YES.

> Q. OKAY. AND HE BECAME A CLIENT OF YOURS?
>
> A. YES.

Sant Transcript at 25:9-15

> Q. AND WHEN MR. DROBOT HIRED YOU, YOU -- DID YOU UNDERSTAND THAT YOU WERE BEING HIRED AS AN IRELL PARTNER AS OPPOSED TO MATT SANT DOING INDIVIDUAL LEGAL WORK ON THE SIDE?
>
> A. YES.
>
> Q. OKAY. SO IT WAS YOUR INTENT THAT YOU WERE BRINGING IN MR. DROBOT AS A CLIENT OF THE IRELL FIRM AT THE TIME?
>
> A. YES.

Sant Transcript at 26:17-25

Irell's decision to accept SCIF as a client in this matter adverse to Drobot, Jr. and his companies, and Irell's failure to seek approval from Drobot, Jr. to represent SCIF, is unlawful. Irell has thus placed Drobot, Jr.'s confidential information at risk, and is damaging him each day this case continues. There is every reason to believe that Irell is using Drobot, Jr.'s confidential information against him, because SCIF has claimed to the Magistrate in this case, and to the media, that Drobot, Jr. was never Irell's client. Now, Sant's deposition makes clear that those representations are false. Yet, Irell has done nothing to satisfy its duties to Drobot, Jr. Indeed, filing this lawsuit is an overt attack on Irell's own prior legal work – the very work performed for Drobot, Jr. just a few years ago.

In an effort to prevent Mr. Drobot, Jr. from further harm, Defendants hereby request that the court impose a discrete stay of all discovery until the Motion to Disqualify is heard and decided.

Throughout the discussions regarding the Motion to Disqualify, as well as

SCIF's most recent *ex parte* application to modify the briefing schedule, Defendants have requested that SCIF stipulate to stay discovery until the Motion to Disqualify is heard. Gjonola Dec., ¶ 2. After SCIF refused Defendants' most recent request, Defendants filed their Joinder to SCIF's Ex Parte Application to Modify Briefing Schedule and Request for Discovery Stay. Gjonola Dec., ¶ 3, Exhibit "A". The Court granted SCIF's ex parte application but did not appear to rule on Defendants' request for the stay. Gjonola Decl, ¶ 4, Exhibit "B".

However, the Court did make a number of incorrect statements of fact concerning the procedural history in this case, which are highly disconcerting and prejudicial to Drobot, Jr. now, and on the Motion to Disqualify.

First, the Court characterized the factual basis for the Motion to Disqualify as arising from Drobot, Jr. having "sought legal advice in 2010 from a former I&M partner…" Gjonola Decl, ¶ 4, Exhibit "B". That is incorrect. Irell and SCIF have incorrectly asserted, to the Magistrate in this case, and to the media, that Drobot, Jr. merely sought legal advice. Drobot, Jr.'s clearly presented grounds for the Motion to Disqualify Irell, is that <u>Drobot, Jr. was undoubtedly, Irell's client</u>; which is supported by the over 100 emails and documents exchanged with Sant, along with Sant's deposition testimony, and the expert opinion of a highly regarded Legal Ethics expert.

Second, in the same order, the Court again lumped together all of the Defendants in this case, and listed all of the motions that have been filed in this case from the Defense side. Gjonola Decl, ¶ 4, Exhibit "B". The Court's paragraph-long list of motions, all of which the Court has denied, resonates as support for Irell's assertion that Drobot, Jr.'s Motion to Disqualify is nothing but a delay tactic. But Drobot, Jr. and the Pharmacy Defendants did not file even half of the motions listed by the Court as "Defendants'." Drobot, Sr. and the Hospital Defendants – who are wholly separate entitites – filed most of the motions listed by the Court, and they were never represented by Irell, nor are these Defendants moving to disqualify.

The Court here, and in the original tentative denying the Motions to Dismiss,

also lumped all of the Defendants together. Not even SCIF has lumped them all together. The First Amended Complaint (FAC) names two sets of Defendants – "Surgical Defendants," and "Pharmacy Defendants" – and the allegations against each are presented in separate narrative sections of the FAC. That is why the Pharmacy Defendants sought to sever this case from that of the Surgical Defendants. The Court's repeated conflating of the two groups is *post-hoc* evidence supporting that motion to sever.

Drobot, Jr. and Drobot, Sr. are not the same person, are not accused of the same things, and are certainly not in the same position with regard to the disqualification motion or need for a stay of discovery until that motion is heard.

Defendants' request to stay discovery <u>is in the interest of the parties, and the Court,</u> particularly in the event the Court grants Defendants' Motion to Disqualify Irell. In the event of disqualification, any discovery performed by Irell would have to be tainted. By extension, the stay would simply operate to prevent further harm to Defendants and protect highly sensitive attorney-client privileged information from being further compromised by continued and egregious misconduct. Moreover, the stay concerns a rather discreet time frame of only about 3 weeks.

Balancing these factors, the proposed stay promotes efficiency, poses no risk of prejudice given the relatively short time frame proposed, and remedies potential interim ethical issues.

For the foregoing reasons, Defendants hereby request that the Court stay all pending discovery until the pending motion to disqualify is decided.

Dated: June 5, 2014  ROXBOROUGH POMERANCE NYE & ANDREANI, LLP

By:/s/ Joseph C. Gjonola
Nicholas P. Roxborough
Drew E. Pomerance
Joseph C. Gjonola
Attorneys *for Defendants* Michael R. Drobot, Jr., Coastal Express Pharmacy Inc., Meds Management Group LLC and

*Defendants and CounterClaimants*
Industrial Pharmacy Management LLC,
California Pharmacy Management LLC,
and Long Beach Prescription Pharmacy

**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF DISCOVERY UNTIL DECISION ON MOTION TO DISQUALIFY; MEMORANDUM IN SUPPORT**