1 │ IRELL & MANELLA LLP
  │ John C. Hueston (164921; jhueston@irell.com)
2 │ Michael R. Fehner (207312; mfehner@irell.com)
  │ 840 Newport Center Drive, Suite 400
3 │ Newport Beach, California 92660-6324
  │ Telephone: (949) 760-0991
4 │ Facsimile: (949) 760-5200

5 │ Attorneys for Plaintiff
  │ STATE COMPENSATION
6 │ INSURANCE FUND, a Public
  │ Enterprise Fund and Independent
7 │ Agency of the State of California

8

                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        SOUTHERN DIVISION
11

12 │ STATE COMPENSATION              ) Case No. 13-00956 AG (CWx)
   │ INSURANCE FUND,                 )
13 │                                 ) **DISCOVERY MATTER**
   │        Plaintiff,               )
14 │                                 ) **JOINT STIPULATION**
   │     v.                          ) **REGARDING PLAINTIFF STATE**
15 │                                 ) **FUND'S FIRST MOTION TO**
   │ MICHAEL D. DROBOT, SR., et al., ) **COMPEL REQUESTS FOR**
16 │                                 ) **PRODUCTION FROM SURGICAL**
   │        Defendants.              ) **ENTITY DEFENDANTS**
17 │                                 )
   │                                 ) **(Notice of Motion and Motion,**
18 │                                 ) **[Proposed] Order, Declarations of**
   │                                 ) **Michael Fehner (Plaintiff) and**
19 │                                 ) **Donald G. Norris (Defendants)**
   │                                 ) **submitted concurrently)**
20 │                                 )
   │                                 ) Date:       September 9, 2014
21 │                                 ) Time:       10:00 a.m.
   │                                 ) Judge:      Hon. Woehrle
22 │ ──────────────────────────────  ) Place:      Courtroom 640

23 │                                   Discovery Cutoff:  November 10, 2014
   │                                   Pretrial Conf.:    January 26, 2015
24 │                                   Trial Date:        February 10, 2015

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

# TABLE OF CONTENTS

**Page**

I.   STATE FUND'S INTRODUCTORY STATEMENT .....................................1

II.  DEFENDANTS' INTRODUCTORY STATEMENT ...................................4

III. DISPUTED ISSUE NO. 1: DEFENDANTS' REFUSAL TO PRODUCE ANY DOCUMENTS RELATED TO THEIR FINANCIAL INFORMATION ........................................................6

   A.   State Fund's Position: ...........................................................6

   B.   Defendants' Position: .........................................................10

   C.   Request Nos. 25-30 & 40-50 With Original Objections: ..................14

        Defendants' Position re Request no. 25: ...............................15

        Defendants' Position re Request no. 26: ...............................17

        Defendants' Position re Request no. 27: ...............................18

        Defendants' Position re Request no. 28: ...............................20

        Defendants' Position re Request no. 29: ...............................21

        Defendants' Position re Request no. 30: ...............................23

        Defendants' Position re Request no. 40: ...............................24

        Defendants' Position re Request no. 41: ...............................25

        Defendants' Position re Request no. 42: ...............................26

        Defendants' Position re Request no. 43: ...............................27

        Defendants' Position re Request no. 44: ...............................29

        Defendants' Position re Request no. 45: ...............................30

        Defendants' Position re Request no. 46: ...............................32

        Defendants' Position re Request no. 47: ...............................33

        Defendants' Position re Request no. 48: ...............................36

        Defendants' Position re Request no. 49: ...............................38

        Defendants' Position re Request no. 50: ...............................40

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- i -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

**Page**

IV.   DISPUTED ISSUE NO. 2: DEFENDANTS' REFUSAL TO PRODUCE DOCUMENTS RELATING TO THEIR RELATIONSHIP WITH CERTAIN INDIVIDUALS AND ENTITIES AND COMMUNICATIONS BETWEEN MICHAEL R. DROBOT, JR. AND MICHAEL D. DROBOT, SR. ..............................41

    A.   General Argument Applicable to All Requests Under Issue No. 2: ...........................................................................................41

        1.   State Fund's Position: These Requests Straightforwardly Ask for Relevant, Unprivileged Material. ......................................................................................41

        2.   Defendants' Position: ..................................................................44

    B.   Arguments for Subcategory 1: Identification of Entities of Mr. Drobot, Jr. and Mr. Umbs (Requests Nos. 2 & 5): .....................45

        1.   State Fund's Position: ..................................................................45

        2.   Defendants' Position: ..................................................................46

        3.   Request Nos. 2 & 5 With Original Objections .........................46

    C.   Arguments for Subcategory 2: Involvement of Mr. Umbs, Ms. Drobot, and Mr. Drobot, Jr. as Officers or Managers (Request Nos. 17, 18, & 21): .....................................................48

        1.   State Fund's Position ..................................................................48

        2.   Defendants' Position: ..................................................................49

        3.   Request Nos. 17, 18, & 21 With Original Objections: ..................................................................................49

    D.   Arguments for Subcategory 3: Defendant Connections and Communications With Each Other & Third Parties (Request Nos. 51-55, 60, 61, 63, & 65): .........................................52

        1.   State Fund's Position: ..................................................................52

        2.   Defendants' Position: ..................................................................54

        3.   Request Nos. 51-55, 60, 61, 63 and 65 With Original Objections: ..................................................................................54

    Defendants' Position re Request no. 51: ...........................................55

    Defendants' Position re Request no. 52: ...........................................57

    Defendants' Position re Request no. 53: ...........................................59

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

**Page**

Defendants' Position re Request no. 54:................................................61

Defendants' Position re Request No. 59:...............................................63

Defendants' Position re Request no. 60:................................................64

Defendants' Position re Request no. 61:................................................65

Defendants' Position re Request no. 63:................................................67

Defendants' Position re Request no. 65:................................................69

V.   PLAINTIFFS' CONCLUSION.......................................................70

VI.  DEFENDANTS' CONCLUSION....................................................70

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- iii -

1      Pursuant to Civil Local Rule 37-2.1, Plaintiff State Compensation Insurance

2  Fund ("State Fund") and Defendants Healthsmart Pacific, Inc., Healthsmart Pacific,

3  Inc. d/b/a Pacific Hospital of Long Beach, and Long Beach Pain Center Medical

4  Clinic, Inc. (the "Surgical Entities") hereby submit the following joint stipulation in

5  connection with State Fund's concurrently filed Motion to Compel Requests for

6  Production (the "Motion").  The parties have attempted unsuccessfully to resolve

7  their disputes and therefore respectfully seek the assistance of the Court.

8  **I.      STATE FUND'S INTRODUCTORY STATEMENT**

9      State Fund brings this motion under Federal Rule of Civil Procedure 37 to

10  compel responses to itemized requests for production propounded upon the Surgical

11  Entities on December 20, 2013 and following ("Document Requests").  The

12  Document Requests target specific categories of information highly relevant to State

13  Fund's claims against the Surgical Entities, attempting to see how they had

14  organized themselves financially, how the money flowed, and what monies they had

15  collected from the alleged schemes, all being directly relevant to the merits and

16  damages ("Category 1," below).  They also broadly refuse to produce evidence of

17  communications and links between and among Defendants and third-party entities,

18  citing *only* boilerplate objections of relevance, burden, and overbreadth ("Category

19  2," below).  There is no merit to either category of objections.

20      Such refusal seems part of Defendants' overall strategy to delay the present

21  proceedings.  Drobot, Sr. signed a plea agreement, pleading guilty to conspiracy and

22  payment of kickbacks—much of the same conduct alleged in State Fund's First

23  Amended Complaint.  *See* Declaration of Michael Fehner ("Fehner Decl.") ¶ 6,

24  Exh. D.  This conduct included the use of Pacific Hospital of Long Beach, a hospital

25  operated by Defendant HealthSmart Pacific, Inc. ("HealthSmart"), which was

26  owned by Drobot, Sr.  *Id.* at Exh. D at 13-17.  Fehner Decl ¶ 6.  Drobot, Sr. and the

27  Surgical Entities are trying to take advantage of the fact of the criminal proceedings

28  to further delay this action.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 1 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

Indeed, since discovery began in this case, Defendants have employed multiple different tactics to try and force this case off its course.  After their Motion to Dismiss was denied (Dkt. #54), they filed a Motion for Amendment of Order Denying Motion to Dismiss to Certify for Interlocutory Appeal, a Motion for an Order of Abstention Staying this Action, and a Motion to Sever, which were all subsequently denied.  Dkt. #88.  The Drobot, Jr./Pharmacy Defendants made a motion to stay the case because they did not want to further invoke the Fifth Amendment protection against self-incrimination, which was denied (Dkt. # 101, "First Order Denying Stay").  Then Drobot, Sr. and these Defendants made a motion based on the exact same grounds – the Fifth Amendment – which was also denied (Dkt. # 115, 145 ("Second Order Denying Stay")).

During the stay and other motions, Drobot, Sr. and HealthSmart made a number of promises to produce, which seemed promising and were appreciated, but then produced only a few documents relevant to some of State Fund's requests.  For months (and responding to all the motion practice, including a disqualification motion which, despite failing, formally stayed discovery for over a month), State Fund has repeatedly met and conferred and exchanged correspondence with the Surgical Entities' and Drobot, Sr.'s counsel on this issue.  Fehner Decl. ¶¶ 2-5, 7-10. State Fund has reviewed all sixty-five of the original requests with Defendants in an attempt to obtain some responsive documents.  Fehner Decl. ¶ 5.  State Fund agreed to limit production as to certain requests and forego others at this time.  *Id.*  Below is a partial timeline of relevant events:

| Date | Event |
|------|-------|
| Feb. 13 | State Fund serves subpoenas re: PHLB sale (Molina/CHE) |
| Mar. 27 | State Fund serves additional subpoenas on other entities |
| April 4 | HealthSmart provides initial production |
| April 7 | State Fund notes missing documents and cites law |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

| Apr. 8-11 | HealthSmart provides additional documents |
| Apr. 12-26 | Document review and discussion |
| May 5 | Drobot, Sr. files motion for stay |
| May 7-8 | State Fund issues additional third-party subpoenas |
| May 12 | Stay opposition filed; Pharmacy Defendants ask for another stay |
| May 20, 27 | State Fund issues additional third-party subpoenas |
| May 23 | Disqualification motion filed |
| June 3 | Order denying motion to stay from Drobot, Sr. |
| June 5 | Pharmacy Defendants' second ex parte to stay filed |
| June 9 | Judge Guilford issues order staying discovery |
| July 15 | State Fund learns disqualification motion denied and stay lifted |
| July 21 | Meet and confer session with Surgical Defendants re: discovery |
| July 22 | Further meet and confer communication re: financial documents |
| July 28 | Further meet and confer on discovery, financials discussed |

The Surgical Entities' continued refusal to provide documents responsive to the Document Requests is improper.  Aside from the make-weight arguments that this entire category of financial information is protected by "corporate financial privacy" under inapplicable state law – including the procedural elements of the California Civil Code which are trumped here by Federal Rule of Civil Procedure 26 – the Surgical Entities have failed to provide any reason for their lack of production. Further, making generic statements to the effect that that they do not believe State Fund is entitled to certain documents because of an unspecified burden or that the documents are of "vague relevance" does not avoid their obligations to produce documents showing the links and communications among Defendants and others.

State Fund has exhausted all avenues in attempting to obtain these documents without Court intervention, and deadlines are approaching.  State Fund has

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 3 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  attempted to get documents from numerous third parties (and the Pharmacy

2  Defendants have yet to produce documents), but these third parties do not have all

3  of Defendants' relevant documents.  Accordingly, State Fund is forced to ask for

4  Court intervention to obtain the discovery to which it is entitled.[1]

5  **II.   DEFENDANTS' INTRODUCTORY STATEMENT**

6         As an initial matter it undoubtedly would be helpful to the court to explain

7  what the claims are in this case and the nature of the plea agreement entered into by

8  defendant Michael D. Drobot, Sr.  On August 28, 2013, State Fund filed its First

9  Amended Complaint ("FAC").  Norris Decl., Ex. 1.  State Fund's complaint

10 fundamentally distinguishes between the Surgical Entity defendants, that is, entities

11 that rendered surgical treatment to injured workers at Pacific Hospital of Long

12 Beach (which was owned by defendant HealthSmart Pacific, Inc.) and Long Beach

13 Pain Center, and the Pharmacy Entity defendants, companies that managed

14 medication dispensation programs in doctors' offices or were pharmaceutical

15 distributors.  The complaint's federal RICO claims are set forth in separate causes of

16 action against these two groups of defendants.  *See* First and Third Causes of Action

17 (against the Surgical Defendants); Second and Fourth Causes of Action (against the

18 Pharmacy Defendants).  State Fund alleges that the individual defendants, Michael

19 D. Drobot, Sr. and his son Michael R. Drobot, Jr. participated in both the surgical

20 and pharmacy schemes.  However, Drobot Jr. did not participate in the alleged

21 surgical schemes, and Drobot Sr. sold his interest in the Pharmacy Entity defendants

22 to his son by the year 2010.   See Norris Decl., ¶ 3.

23        The FAC sets forth five separate allegedly fraudulent schemes against each

24 group of defendants.  As to the Surgical Entity defendants, the main scheme alleged

25 _____

26        [1] The parties are finally in agreement on a protective order, it seems, so that
   both sides' objections of confidentiality should be assuaged and productions no
27 longer held back on such grounds.  State Fund will then be able to produce to both
   sets of Defendants (it previously agreed to keep, and has kept, the documents
28 produced by these Defendants in accordance with the confidentiality designations
   assigned by these Defendants).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 4 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  is using a company that distributes spinal hardware (International Implants) to

2  inflate Pacific Hospital's costs and billed charges for implants used in spinal

3  surgeries.  FAC, ¶¶ 4(a), 39-57.  As to that scheme State Fund also alleges that

4  Pacific Hospital paid kickbacks to physicians so that they would order implant

5  hardware from International Implants and refer patients to the Hospital for spinal

6  surgeries, and that these illegal referral fees were paid with the proceeds of the

7  inflated implant charges.  FAC, ¶¶ 49, 57-58.

8      On February 20, 2014 Drobot Sr. entered into a plea agreement with the

9  United States Attorneys' Office for the Central District (Fehner Decl., Ex. D), under

10 which he admitted causing payment of  unlawful kickbacks to physicians to induce

11 them to perform spinal surgeries at Pacific Hospital, that physicians who received

12 payments in most cases agreed to use spinal hardware purchased from Mr. Drobot's

13 company International Implants, which billed at an "inflated" charge that was a

14 "multiple" of what it paid to purchase the hardware from manufacturers, and that

15 these matters were not disclosed to workers' compensation carriers, including State

16 Fund.

17     The dispute now before the court involves a request for production for

18 documents propounded by State Fund to the Surgical Entity defendants.  State Fund

19 asserts that the responses it contends are deficient are part of an effort on the part of

20 these defendants to stall discovery.  Not so; these defendant have provided

21 substantial discovery responses.  However, as shown in detail below, State Fund's

22 document requests in substantial part seek information that is not relevant to its

23 claims, are not stated with reasonable particularity, such that defendants cannot

24 reasonably be expected to respond, or impose an undue burden on defendants.  In

25 fact, it is State Fund that has failed to provide discovery in this case—despite a

26 comprehensive request for documents served on State Fund in February, it still has

27 yet to produce even a single document to defendants.  Norris Decl., ¶ 4.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 5 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

III.  **DISPUTED ISSUE NO. 1: DEFENDANTS' REFUSAL TO PRODUCE ANY DOCUMENTS RELATED TO THEIR FINANCIAL INFORMATION**

  A. <u>State Fund's Position:</u>

  ***Defendants' Blanket Refusals Are Improper***.  The Surgical Entities have refused to produce any financial documents responsive to Request Nos. 25-30 and 40-50.  The Surgical Entities have generally refused to produce any financial information, primarily based on a blanket relevancy objection, California Civil Code section 3295, and state law privacy protections.  State Fund clearly explained how these objections are baseless (Fehner Decl. ¶ 10, Ex. E), but the Surgical Entities nonetheless cling to these objections in refusing to consider production of the requested information.  Indeed, Surgical Defendants have argued to State Fund that state law privileges are inapplicable (citing *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987)).

  The financial information is undoubtedly relevant to demonstrating the scope of the scheme, its multiple players, who received the alleged kickbacks, and how the fraudulent enterprise was structured.  *See Medcity Rehab. Svcs., LLC v. State Farm Mut. Auto. Ins. Co.* (*"Medcity"*), No. 11-cv-14777, 2013 WL 189374, at *3 (E.D. Mich. May 7, 2013) ("[T]he financial records will demonstrate how these participants divvied up the proceeds of their fraud, who they employed in furtherance of their scheme, and how the relationship is structured to further and conceal the fraud.").  In *CPT Medical Services,* a RICO action with similar facts, the district court affirmed the magistrate judge's grant of a motion to compel financial records, including "tax returns, general ledgers, bank records and documents relating to transactions which generated cash." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Svcs., P.C.*, 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2004) (ordering production of the types of documents cited above, so as to provide "information concerning the identity and financial motives of the individual who managed the medical clinics

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1  where defendants worked").  The court explained that the documents were relevant

2  in establishing that defendants acted with a financial motive and not a medical one.

3  *Id.* at 155.

4      Even more particularly to this case, the plea agreement leading to Drobot,

5  Sr.'s guilty conviction indicates that surgeons were paid kickbacks for performing

6  surgeries at Pacific Hospital.  Fehner Decl., Ex. D, at 19-22 (with specific overt acts

7  of kickbacks listed (numbers 1, 3, 7, and 11-16)).  These payments, which these

8  Defendants have, are directly relevant to the scheme pled by State Fund, and there is

9  no reason to withhold them.  Defendants are the best and perhaps only identifiable

10  source of this extremely probative information, and State Fund cannot be expected –

11  although it is serving subpoenas – to guess at potential recipients while Defendants

12  possess this information with no right to withhold it.

13      To be sure, the financial information is also relevant and necessary to identify

14  other potential defendants, witnesses, and whether State Fund needs to move for

15  injunctive relief after one of HealthSmart's major assets was recently sold.  *See First*

16  *Order Denying Stay* at 6 ("And discovery is a really important part of Plaintiff's

17  ability to identify other potential defendants.")*; see also Gen. Elec. Co. v. Liang*,

18  No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, *4 (C.D. Cal. Mar. 19, 2014)

19  ("Discovery can be vital to enable a plaintiff 'to identify the identities of potential

20  defendants and sources of recovery and to evaluate the need for any further

21  injunctive relief' beyond that which has been ordered.") (cited in *First Order*

22  *Denying Stay* at 4-5).

23      If these reasons were not enough, the financial information requested is also

24  relevant to State Fund's claims for punitive damages.  "The discovery of financial

25  information relevant to a punitive damages claim is permissible under the Federal

26  Rules of Civil Procedure, whether or not such evidence would be admissible at

27  trial."  *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).  As

28  such, most federal courts do not require that a plaintiff make a *prima facie* showing

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 7 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   that punitive damages may be recovered "to discover information relating to the

2   defendant's financial condition in advance of trial." *EEOC v. Cal. Psych.*

3   *Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 1999).  And even if such a *prima*

4   *facie* showing were required, the guilty plea and conviction provides evidence

5   beyond a reasonable doubt that there was criminal, intentional fraud.  (Fehner Decl.,

6   Ex. D).

7          Despite clear authority providing otherwise, the Surgical Entities argue that

8   this information is not discoverable because California Civil Code section 3295

9   "bars discovery for purposes of proving a basis for punitive damages."  Fehner Decl.

10  at ¶ 10, Exh. E.  However, "[d]iscovery 'is a procedural matter governed in the

11  federal courts by the Federal Rules of Civil Procedure.  Thus, state discovery

12  practices are usually irrelevant.'"  *Oakes,* 179 F.R.D. at 285; *see also Wilson v.*

13  *Kauai Rests., Inc.*, No. 2:11-cv-2033 MCE GGH, 2013 U.S. Dist. LEXIS 22407, *4

14  (E.D. Cal. Feb 19, 2013) (same).  "Further, as a state discovery and procedural law,

15  Civ. C. § 3295 conflicts with Fed. R. Civ. P. 26(b); it establishes a discovery scheme

16  fundamentally inconsistent with the discovery rules under the Federal Rules of Civil

17  Procedure."  *Oakes* at 286; *see also Hamm v. Am. Home Prods. Corp.*, 888 F. Supp.

18  1037, 1038 (E.D. Cal. 1995) (finding that subpart (d) of Section 3295 conflicts with

19  Federal Rule of Civil Procedure 42(b)).

20         The Surgical Entities also improperly argue that their right to privacy

21  precludes disclosure of the information sought by State Fund.  Fehner Decl. ¶ 10,

22  Exh. E.  However, the right to privacy under California law "is not an absolute right,

23  but a right subject to invasion depending upon the circumstances." *Oakes*, 179

24  F.R.D. at 284.  "[C]ourts have frequently found that a party's need for the

25  information may outweigh whatever privacy rights, if any, another party may have."

26  *Id.*  Financial information, like the information sought by State Fund, is readily

27  adequately protected by a protective order.  *See id.* (citing *CEH, Inc. v. FV*

28  *"Seafarer,"* 153 F.R.D. 491, 299 (D. R.I. 1994)).  Here, the Surgical Entities and Mr.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 8 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   Drobot, Sr. have already agreed to terms of a protective order (to be entered as soon
2   as the other Defendants, who are not a part of this motion, agree to it).  Further, the
3   plea agreement provides that Mr. Drobot, Sr. is already cooperating with rounding
4   up entity information and assets, eliminating or greatly reducing the contention that
5   Mr. Drobot, Sr. has any need for such protection.

6         The Fifth Amendment is also no bar to production.  Corporations have no
7   Fifth Amendment rights.  *See* Schwarzer, *et al.*, *Federal Civil Procedure Before*
8   *Trial* ¶ 11:703 (The Rutter Group 2013) (only a "'person' may claim the [Fifth
9   Amendment] privilege" against self-incrimination).  "[A] collective entity (e.g.,
10  partnership or corporation), or person called upon to appear in a *representative*
11  *capacity* for a collective entity, is not a 'person' within the meaning of the self-
12  incrimination privilege and may not invoke it."  *Id.* (citing *Braswell v. United States*,
13  487 U.S. 99, 104 (1988) (emphasis in treatise)).  *See also* First Order Denying Stay
14  at 3 ("There is no dispute that the Pharmacy Defendants themselves, as corporations,
15  have no Fifth Amendment rights"); Second Order Denying Stay at 7 ("Drobot Sr.
16  and HealthSmart do not dispute that HealthSmart, as a corporation, does not have a
17  Fifth Amendment privilege against self-incrimination.").

18        Accordingly, HealthSmart is "obliged…to 'appoint an agent who [can],
19  without fear of self-incrimination, furnish such requested information as was
20  available to the corporation."  *United States v. Kordel*, 397 U.S. 1, 8 (1970).  This is
21  because individuals acting as representatives of a corporate entity "assume the
22  rights, duties, and privileges of the artificial entity or association of which they are
23  agents or officers and they are bound by its obligations."  *Braswell*, 487 U.S. at 110
24  ("a corporate custodian is not entitled to resist a subpoena on the grounds that his act
25  of production would be personally incriminating").  Thus, "[i]n their official
26  capacity," individuals acting as representatives, including Mr. Drobot, Sr., "have no
27  privilege against self-incrimination."  *Id.*; *see also Bellis v. United States*, 417 U.S.
28  85, 88 (1974) (explaining that this principle applies even as to corporations who had

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 9 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   been dissolved and "where the records were in the possession of the individual who

2   had been the corporation's sole shareholder").

3          Finally, as to the requests seeking information related to the sale of Pacific

4   Hospital of Long Beach (Nos. 25-30), the Surgical Entities have only produced an

5   improperly redacted copy of the sale agreement along with several technology

6   agreements in response to all of these requests.  First, the unilateral redaction of the

7   financial information from the sales agreement is improper.  *See Lahrichi v. Lumera*

8   *Corp.*, No. C04-2124C, 2006 WL 16567, at *5 (W. D. Wash. Jan. 4, 2006) (holding

9   redaction of financial documents on privacy grounds to be improper).  Second, as

10  mentioned above, Pacific Hospital of Long Beach was one of Defendant

11  HealthSmart's major assets—if not Healthsmart's only major asset—up until it was

12  sold to College Health Enterprises, Inc. in October 2013.  Thus, financial

13  information relating to the sale is not only relevant to determining the scope of

14  Healthsmart's assets for the purposes of punitive damages, it is also important to

15  determine whether the money went to other entities and individuals involved in the

16  fraud enterprise.  It is for this same reason that the communications regarding the

17  sale are relevant to this case.  Finally, the protective order agreed-upon terms can

18  safeguard this information from outsiders.

19          **B. <u>Defendants' Position:</u>**

20          State Fund asserts in sweeping fashion that the financial information sought in

21  each of these 15 requests for production is relevant to show the "scope of the alleged

22  fraudulent scheme, its multiple players, who received the alleged kickbacks, and

23  how the fraudulent enterprise was structured."  State Fund then provides one

24  overarching argument as to all 15.  That will not do, and is improper and unfair.

25  Local Rule 37.2-1 requires that the contentions and points and authorities of each

26  party must be set forth in the Joint Stipulation as to *each* issue in dispute.  Thus,

27  *each* request must be reviewed separately as to whether it is relevant to such issues,

28  and as to the objections asserted as to it.  State Fund has violated both the letter and

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 10 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   spirit of this rule.  Because State Fund has not done so defendants can be

2   sandbagged—that is, State Fund can in its Supplemental Memorandum make

3   additional arguments and cite additional case authority to which defendants will not

4   have a chance to respond.  In contrast, the Surgical Entity defendants provide below

5   that individualized review as to each request in dispute.

6       Moreover, as the case authority that State Fund itself cites establishes, " 'To

7   the extent privacy is a matter of privilege under state law, federal courts will honor

8   the privilege and protect the responding party from discovery.' " *Oakes v. Halvorsen*

9   *Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998), quoting Schwarzer, Tashima &

10  Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, §

11  11:77 (1996 revised).  "[F]inancial information is protected by the right to privacy

12  under California law and these privacy rights are generally recognized in federal

13  court.  *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 1999),

14  citing *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992).  The privilege is

15  not absolute; in determining the scope of any disclosure a court must carefully

16  *balance* the need for the discovery against the privacy interest.  *Id* ; *Oakes* at 286.

17  As discussed further below, certain of State Fund's requests are so broad that they

18  overreach relative to the value of the information sought.

19      The history of this dispute and of the party's meet and confer is also quite

20  material to the court's determination on this motion to compel.  Local Rule 37-1

21  requires that the moving party's letter identify each issue and/or discovery request in

22  dispute, state briefly with respect to *each* such issue/request the moving party's

23  position, and provide *any legal authority* which the moving party believes is

24  dispositive of the dispute as to that issue/request.  State Fund's February 10, 2014

25  letter initiating this dispute was markedly deficient in that respect.  *See* Ex. E. to

26  Fehner Decl.  The letter did not provide State Fund's position as to each request,

27  instead lumping them together in cursory fashion.  The legacy of these deficiencies

28  now complicates resolution of the disputes on this motion.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   The letter only cited one case concerning the broad standard for relevance,

2   and case authority for the unremarkable proposition that a corporation does not have

3   a fifth amendment privilege. *Id.* at 1-2. Nowhere did the letter explain State Fund's

4   position as to *why* the financial information sought was relevant.

5   This strongly suggests that State Fund was not at all clear as to its relevance.

6   In fact, as the meet and confer process continued State Fund proffered a series of

7   shifting justifications for it. Initially, State Fund asserted that the discovery was

8   proper because it would assist State Fund in locating assets to satisfy a judgment.

9   Norris Decl., ¶ 5; *see* Ex. E, p.2. to Fehner Decl. (Norris e-mail requesting rationale

10  for the discovery and case authority justifying it), ¶¶ 2-3. State Fund never provided

11  authority to support that contention; it is manifestly improper.

12  State Fund then asserted that financials were relevant to "alter ego and

13  fraudulent conveyance claims." *See* Ex. E to Fehner Decl. (Fehner e-mail), ¶ 1. But

14  one can search the FAC in vain for any alter ego allegations (see FAC at pp. 5-9,

15  ¶¶10-23), and it does not contain a fraudulent conveyance claim. In its portion of

16  the joint stipulation State Fund has dropped these contentions—they are nowhere to

17  be seen.

18  In this Joint Stipulation, State Fund for the first time also asserts that these

19  requests are relevant to demonstrating the scope of the fraudulent scheme, its

20  players, who received the alleged kickbacks, and how the fraudulent enterprise was

21  structured, and for the *first* time cites (at page 7) case authority to support those

22  rationales for discovery, *Medcity Rehab. Svcs., LLC v. State Farm Mut. Auto. Ins.*

23  *Co,* 2013 WL 189374, at *3 (E.D. Mich. May 7, 2013), and *State Farm Mut. Auto.*

24  *Ins. Co. v. CPT Med. Svcs., P.C.*, 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2004).

25  The court should be skeptical of this tardily asserted rationale given State Fund's

26  prior contentions as to relevance. Below defendants will show that the requests do

27  not in fact go to such issues.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 12 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

Finally, State Fund asserted for the first time in the April 7, 2014 email from its counsel that the Surgery Entity defendants' financials were relevant to punitive damages.   Ex. E to Fehner Decl., p. 1.  Defendants agree that certain financial information can be relevant to punitive damages.  However, State Fund does not seek punitive damages as to its federal RICO claims, only as to its California common law fraud cause of action.  FAC, p. 70, ¶ 5.  With its April 7 e-mail State Fund's counsel  provided a case, *Salibury v. Hickman*, 2013U.S. Dist. LEXIS 115024 (E.D. Cal. Aug. 14, 2013), for the proposition that California Civil Code section 3295, which permits discovery of financial information to prove punitive damages only upon court order, does not apply in federal court.  But *Salisbury* only dealt with a federal law claim, not a state law claim, so defendants' counsel on April 10, 2014 sent an email standing by application of section 3295 to the California law claim that here serves as the basis for State Fund's claim for punitive damages.  Norris Decl., Ex. 2 (e-mail), ¶ 3.  Only with its portion of this Joint Stipulation, *supra* at p. 9, did State Fund cite authority that section 3295 does not apply to a state law claim, *Oakes, supra,* 179 F.R.D. at 286; *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) (finding that subpart (d) of Section 3295 conflicts with Federal Rule of Civil Procedure 42(b)).

Defendants have changed their position in light of this newly cited authority and will provide financial statements and balance sheets for the last three years for punitive damages purposes.   However, defendants should not be required to provide more than that for this purpose.  As explained in the case cited by State Fund above on page 7, *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 1999), where the request for production of documents as drafted sought to obtain financial records for seven years back and contained requests for several types of financial information, the requested time period and the types of documents imposed were excessive since plaintiff could obtain a picture of defendant's financial condition adequately without all of the requested information.  As such, defendant was only

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

3114986

1  required to produce balance sheets and statements of income for the two prior years

2  and available information for the current year.

3  **C. Request Nos. 25-30 & 40-50 With Original Objections:**

4  Request No. 25: All DOCUMENTS concerning the SALE OF PHLB,

5  including, without limitation, internal and external COMMUNICATIONS.

6  Response to Request No. 25: Objection: This category seeks the production of

7  documents not relevant to a party's claims or defenses.

8  Objection: This category seeks the production of documents not relevant to

9  the subject matter involved in the action nor reasonably calculated to lead to the

10  discovery of admissible evidence.

11  Objection: This request has been propounded for the improper purpose of

12  causing annoyance, embarrassment, oppression, or undue burden or expense.

13  Objection: This category is not described with reasonable particularity.

14  Responding parties cannot reasonably be required to guess what propounding party

15  means by "concerning."

16  Objection: This request seeks records protected from disclosure by the right to

17  privacy, including but not limited to the privileges protecting financial and tax

18  records, and which constitute confidential business matter.

19  Objection: This request is so overbroad as potentially to call for the

20  production of materials protected from disclosure by the attorney-client privilege or

21  the attorney work-product doctrine, and merely to require responding parties to

22  attempt to identify such materials, much less particularize them in a privilege log,

23  would in itself be unduly burdensome and harassing.

24  To the extent this Request purports to require or would require Michael D.

25  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

26  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

27  Objection: Propounding party failed to designate a reasonable time, place, and

28  manner for inspection and copying.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 14 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Without waiving the foregoing objections and subject to them, responding

2  parties respond as follows: Subject to stipulation to and entry of an appropriate

3  protective order, responding parties will agree to produce a redacted copy of the

4  2013 purchase and sale agreement.

5    Defendants' Position re Request no. 25:

6    This request deals with the 2013 sale of Pacific Hospital of Long Beach,

7  which defendant HealthSmart Pacific, Inc., did business as.  As State Fund

8  concedes, *supra* at p. 11, defendants produced the agreement of sale of the Hospital

9  to CHLB, LLC, an affiliate of College Health Enterprises, Inc., an independent

10 company (see http://www.collegehealthent.com/), except for a financial statement of

11 Pacific Hospital attached as Schedule 4.5 to the sale agreement.  Norris Decl., ¶ 6.

12 Defendants are now agreeing to produce this omitted schedule for purposes of

13 punitive damages discovery, so this request should be deemed moot.

14    State Fund's request however is very broad, and extends to *all* documents

15 concerning the sale, including internal and external communications.  State Fund

16 contends, *supra* p. 11, that it is "important to determine whether the money went to

17 other entities and individuals involved in the fraud enterprise"; that "for this same

18 reason that the communications regarding the sale are relevant to this case."  This

19 argument is incoherent.  The sale agreement expressly states to whom the purchase

20 price is paid, to the "Seller," HealthSmart Pacific, Inc.  Norris Decl., ¶ 6.

21 Documents "concerning" the sale agreement, including internal and external

22 communications, are simply not relevant since the final sales agreement terms have

23 been provided.  The request is also too broad and is vague, requiring defendants to

24 guess at what is sought.  This runs afoul of Fed.R.Civ.P. 34(b)(1)(A), which requires

25 that a request describe with reasonable particularity each item or category of items

26 to be inspected.

27    A motion to compel may be denied on the ground that the discovery sought

28 would impose an "undue burden" on the responding party (see F.R.Civ.P. 45(d)(1))

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 15 -

3114986                    JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   or that its benefits are outweighed by its burdens (F.R.Civ.P. 26(b)(2)(C)(iii)). It is

2   obvious that it would unduly burden defendants here to search for such a broad and

3   uncertain category of additional documents, especially given the absence of any

4   relevance, and the financial and therefore privileged nature of such information. The

5   motion to compel a further response to this request should be denied.

6       <u>Request No. 26</u>: All DOCUMENTS concerning the present business

7   operations, growth strategies, and objectives of Healthsmart Pacific, Inc. and any

8   entity responsible for Healthsmart Pacific, Inc.'s liabilities.

9       <u>Response to Request No. 26:</u> Objection: This category seeks the production of

10  documents not relevant to a party's claims or defenses.

11      Objection: This category seeks the production of documents not relevant to

12  the subject matter involved in the action nor reasonably calculated to lead to the

13  discovery of admissible evidence.

14      Objection: This request has been propounded for the improper purpose of

15  causing annoyance, embarrassment, oppression, or undue burden or expense.

16      Objection: This category is not described with reasonable particularity.

17  Responding parties cannot reasonably be required to guess what propounding party

18  means by "concerning," "present business operations" or "objectives."

19      Objection: This request purports to seek records protected from disclosure by

20  the right to privacy, including but not limited to the privileges protecting financial

21  and tax records, and which constitute confidential business matter.

22      Objection: This request is so overbroad as potentially to call for the

23  production of materials protected from disclosure by the attorney-client privilege or

24  the attorney work-product doctrine, and merely to require responding parties to

25  attempt to identify such materials, much less particularize them in a privilege log,

26  would in itself be unduly burdensome and harassing.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   To the extent this Request purports to require or would require Michael D.

2   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

3   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

4   Objection: Propounding party failed to designate a reasonable time, place, and

5   manner for inspection and copying.

6   <u>Defendants' Position re Request no. 26:</u>

7   Again, discovery for the purposes of locating assets to execute on or to

8   establish a fraudulent conveyance claim is improper.  Nor does this request

9   ostensibly bear on the recovery of punitive damages.  State Fund does not explain

10  how the nature of *current* business operations in any way bears on the *past* "scope

11  of the fraudulent scheme, its players, who received the alleged kickbacks, and how

12  the fraudulent enterprise was structured," or "how the money flowed," especially

13  now that HealthSmart, Inc.'s business, Pacific Hospital, has been sold.  Moreover,

14  this category is not described with reasonable particularity, as required by

15  Fed.R.Civ.P. 34.  Defendants cannot reasonably be required to guess what State

16  Fund means by "concerning," "present business operations" or "objectives"  or what

17  documents might be responsive.  To require them to engage in such a speculative

18  enterprise would be unduly burdensome.  If this subject matter is somehow deemed

19  relevant State Fund should instead draft an interrogatory that defendants could

20  reasonably respond to.

21  <u>Request No. 27:</u> All DOCUMENTS concerning future plans for business

22  operations, growth strategies, and objectives of Healthsmart Pacific, Inc. and any

23  entity responsible for Healthsmart Pacific, Inc.'s liabilities.

24  <u>Response to Request No. 27:</u> Objection: This category seeks the production of

25  documents not relevant to a party's claims or defenses.

26  Objection: This category seeks the production of documents not relevant to

27  the subject matter involved in the action nor reasonably calculated to lead to the

28  discovery of admissible evidence.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 17 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This request has been propounded for the improper purpose of

2    causing annoyance, embarrassment, oppression, or undue burden or expense.

3    Objection: This category is not described with reasonable particularity.

4    Responding parties cannot reasonably be required to guess what propounding party

5    means by "concerning," "business operations" or "objectives."

6    Objection: This request purports to seek records protected from disclosure by

7    the right to privacy, including but not limited to the privileges protecting financial

8    and tax records, and which constitutes confidential business matter.

9    Objection: This request is so overbroad as potentially to call for the

10   production of materials protected from disclosure by the attorney-client privilege or

11   the attorney work-product doctrine, and merely to require responding parties to

12   attempt to identify such materials, much less particularize them in a privilege log,

13   would in itself be unduly burdensome and harassing.

14   To the extent this Request purports to require or would require Michael D.

15   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

16   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

17   Objection: Propounding party failed to designate a reasonable time, place, and

18   manner for inspection and copying.

19   <u>Defendants' Position re Request no. 27:</u>

20   Again discovery for the purposes of locating assets to execute on or to

21   establish a fraudulent conveyance claim is improper.  Nor does this request

22   ostensibly bear on the recovery of punitive damages.  State Fund does not explain

23   how the nature of *future* business operations in any way bears on the *past* "scope of

24   the fraudulent scheme, its players, who received the alleged kickbacks, and how the

25   fraudulent enterprise was structured," or "how the money flowed," especially now

26   that HealthSmart, Inc.'s business, Pacific Hospital, has been sold.  Moreover, this

27   category is not described with reasonable particularity, as required by Fed.R.Civ.P.

28   34.  Defendants cannot reasonably be required to guess what State Fund means by

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1  "concerning," "future business operations" or "objectives" or what documents might

2  be responsive.  To require them to engage in such a speculative enterprise would be

3  unduly burdensome.  If this subject matter is somehow deemed relevant State Fund

4  should instead draft an interrogatory that defendants could reasonably respond to.

5       Request No. 28: All COMMUNICATIONS concerning the reason(s) for the

6  SALE OF PHLB, and all DOCUMENTS related to such COMMUNICATIONS.

7       Response to Request No. 28: Objection: This category seeks the production of

8  documents not relevant to a party's claims or defenses.

9       Objection: This category seeks the production of documents not relevant to

10 the subject matter involved in the action nor reasonably calculated to lead to the

11 discovery of admissible evidence.

12      Objection: This request has been propounded for the improper purpose of

13 causing annoyance, embarrassment, oppression, or undue burden or expense.

14      Objection: This category is not described with reasonable particularity.

15 Responding parties cannot reasonably be required to guess what propounding party

16 means by "concerning" such communications or what might be documents "related"

17 to such communications.

18      Objection: This request purports to seek records protected from disclosure by

19 the right to privacy, including but not limited to the privileges protecting financial

20 and tax records, and which constitute confidential business matter.

21      Objection: This request is so overbroad as potentially to call for the

22 production of materials protected from disclosure by the attorney-client privilege or

23 the attorney work-product doctrine, and merely to require responding parties to

24 attempt to identify such materials, much less particularize them in a privilege log,

25 would in itself be unduly burdensome and harassing.

26      To the extent this Request purports to require or would require Michael D.

27 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

28 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 19 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: Propounding party failed to designate a reasonable time, place, and

2    manner for inspection and copying.

3        Defendants' Position re Request no. 28:

4        State Fund does not explain why the reasons for the sale of Pacific Hospital

5    are relevant to the issues tendered by the claims.  For example, were it the case that

6    the Hospital was sold in the wake of the public nature of the criminal investigation

7    and by the U.S. Attorneys' Office and the FBI because the Hospital could no longer

8    collect its bills and needed to obtain funds to pay its attorneys to handle such

9    criminal matters, how would obtaining documents revealing those reasons advance

10   State Fund's claims in this case one iota?  State Fund does not explain how such

11   reasons in any way bear on the "scope of the fraudulent scheme, its players, who

12   received the alleged kickbacks, and how the fraudulent enterprise was structured,"

13   or "how the money flowed."  Moreover, this category is not described with

14   reasonable particularity, as required by Fed.R.Civ.P. 34.  Defendants cannot

15   reasonably be required to guess what documents "relate to" communications

16   "concerning" such reasons.  To require them to engage in such a speculative

17   enterprise would be unduly burdensome.  A further response to this request is not

18   warranted.

19       Request No. 29: All DOCUMENTS concerning appraisal, valuation, or

20   opinions of value of PHLB since January 1, 2010, including, without limitation,

21   internal and external communications.

22       Response to Request No. 29: Objection: This category seeks the production of

23   documents not relevant to a party's claims or defenses.

24       Objection: This category seeks the production of documents not relevant to

25   the subject matter involved in the action nor reasonably calculated to lead to the

26   discovery of admissible evidence.

27       Objection: This request has been propounded for the improper purpose of

28   causing annoyance, embarrassment, oppression, or undue burden or expense.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 20 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.
2  Responding parties cannot reasonably be required to guess what propounding party
3  means by "concerning."

4    Objection: This request seeks records protected from disclosure by the right to
5  privacy, including but not limited to the privileges protecting financial and tax
6  records, and which constitutes confidential business matter..

7    Objection: This request is so overbroad as potentially to call for the
8  production of materials protected from disclosure by the attorney-client privilege or
9  the attorney work-product doctrine, and merely to require responding parties to
10  attempt to identify such materials, much less particularize them in a privilege log,
11  would in itself be unduly burdensome and harassing.

12    To the extent this Request purports to require or would require Michael D.
13  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on
14  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

15    Objection: Propounding party failed to designate a reasonable time, place, and
16  manner for inspection and copying.

17    <u>Defendants' Position re Request no. 29</u>:

18    Although State Fund does not say, presumably the relevance of this request is
19  that it may should assets of the Hospital for purposes of proving up net worth for
20  punitive damages purposes.  Again, defendants are now willing to produce their
21  financial statements/balance sheets for the past three years given such relevance.
22  Defendants are also willing to search for and produce any appraisals or valuations of
23  Pacific Hospital.

24    That should be sufficient for purposes of the limited relevance of this
25  material.  Defendants should not be required to search for and produce "all
26  documents concerning" appraisals and valuations, including all internal and external
27  communications.  In that respect, this category is not described with reasonable
28  particularity, as required by Fed.R.Civ.P. 34.  Defendants cannot reasonably be

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1  required to guess what State Fund means by "concerning."  To require them to

2  engage in such a speculative enterprise would be unduly burdensome.

3      Request No. 30: All DOCUMENTS concerning negotiations connected to the

4  SALE OF PHLB, including, without limitation, internal and external

5  communications.

6      Response to Request No. 30: Objection: This category seeks the production of

7  documents not relevant to a party's claims or defenses.

8      Objection: This category seeks the production of documents not relevant to

9  the subject matter involved in the action nor reasonably calculated to lead to the

10 discovery of admissible evidence.

11     Objection: This request has been propounded for the improper purpose of

12 causing annoyance, embarrassment, oppression, or undue burden or expense.

13     Objection: This category is not described with reasonable particularity.

14 Responding parties cannot reasonably be required to guess what propounding party

15 means by "concerning."

16     Objection: This request purports to seek records protected from disclosure by

17 the right to privacy, including but not limited to the privileges protecting financial

18 and tax records, and which constitute confidential business matter.

19     Objection: This request is so overbroad as potentially to call for the

20 production of materials protected from disclosure by the attorney-client privilege or

21 the attorney work-product doctrine, and merely to require responding parties to

22 attempt to identify such materials, much less particularize them in a privilege log,

23 would in itself be unduly burdensome and harassing.

24     To the extent this Request purports to require or would require Michael D.

25 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

26 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

27     Objection: Propounding party failed to designate a reasonable time, place, and

28 manner for inspection and copying.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 22 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    <u>Defendants' Position re Request no. 30</u>:

2         Again, there is no dispute that defendants have produced the agreement of

3    sale of Pacific Hospital, except for a financial statement of Pacific Hospital, which

4    defendants are now agreeing to produce.  The sale agreement contains the final

5    terms of the sale.  Therefore, how are the negotiations leading up to the final

6    agreement terms in any way relevant to claims in this case?  How do such

7    negotiations in any fashion bear on the "scope of the fraudulent scheme, its players,

8    who received the alleged kickbacks, and how the fraudulent enterprise was

9    structured," or "how the money flowed"—State Fund's broad talismanic incantation

10   justifying all "financial" discovery without distinction?  State Fund does not say.

11        State Fund's request moreover is very broad, and extends to *all* documents

12   "concerning" negotiations, including internal and external communications.  The

13   request is once again too broad and is vague, requiring defendants to guess at what

14   is sought.  It would unduly burden defendants to search for such a broad and

15   uncertain category of additional documents, especially given the absence of any

16   relevance, and the financial and therefore potentially privileged nature of such

17   information. The motion to compel a further response to this request should be

18   denied.

19        <u>Request No. 40:</u> DOCUMENTS sufficient to show all assets and liabilities

20   held by Healthsmart Pacific, Inc. and any entity responsible for Healthsmart Pacific,

21   Inc.'s liabilities, as of January 1, 2012.

22        <u>Response to Request No. 40:</u> Objection: This category seeks the production of

23   documents not relevant to a party's claims or defenses.

24        Objection: This category seeks the production of documents not relevant to

25   the subject matter involved in the action nor reasonably calculated to lead to the

26   discovery of admissible evidence.

27        Objection: This request has been propounded for the improper purpose of

28   causing annoyance, embarrassment, oppression, or undue burden or expense.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1    Objection: This request seeks records protected from disclosure by the right to

2  privacy, including but not limited to the privileges protecting financial and tax

3  records, and which constitute confidential business matter.

4    Objection: This request is so overbroad as potentially to call for the

5  production of materials protected from disclosure by the attorney-client privilege or

6  the attorney work-product doctrine, and merely to require responding parties to

7  attempt to identify such materials, much less particularize them in a privilege log,

8  would in itself be unduly burdensome and harassing.

9    To the extent this Request purports to require or would require Michael D.

10 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

11 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

12   Objection: Propounding party failed to designate a reasonable time, place, and

13 manner for inspection and copying.

14   Defendants' Position re Request no. 40:

15   This request is moot in that defendants have agreed to produce responsive

16 documents.

17   Request No. 41: DOCUMENTS sufficient to show all assets and liabilities

18 held by Healthsmart Pacific, Inc. and any entity responsible for Healthsmart Pacific,

19 Inc.'s liabilities, as of January 1, 2013.

20   Response to Request No. 41: Objection: This category seeks the production of

21 documents not relevant to a party's claims or defenses.

22   Objection: This category seeks the production of documents not relevant to

23 the subject matter involved in the action nor reasonably calculated to lead to the

24 discovery of admissible evidence.

25   Objection: This request has been propounded for the improper purpose of

26 causing annoyance, embarrassment, oppression, or undue burden or expense.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 24 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2  Responding parties cannot reasonably be required to guess what propounding party

3  means by "sufficient."

4    Objection: This request seeks records protected from disclosure by the right to

5  privacy, including but not limited to the privileges protecting financial and tax

6  records, and which constitute confidential business matter.

7    Objection: This request is so overbroad as potentially to call for the

8  production of materials protected from disclosure by the attorney-client privilege or

9  the attorney work-product doctrine, and merely to require responding parties to

10  attempt to identify such materials, much less particularize them in a privilege log,

11  would in itself be unduly burdensome and harassing.

12    To the extent this Request purports to require or would require Michael D.

13  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

14  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

15    Objection: Propounding party failed to designate a reasonable time, place, and

16  manner for inspection and copying.

17    Defendants' Position re Request no. 41:

18    This request is moot in that defendants have agreed to produce responsive

19  documents.

20    Request No. 42: DOCUMENTS sufficient to show all assets and liabilities

21  held by Healthsmart Pacific, Inc. and any entity responsible for Healthsmart Pacific,

22  Inc.'s liabilities, as of December 1, 2013.

23    Response to Request No. 42: Objection: This category seeks the production of

24  documents not relevant to a party's claims or defenses.

25    Objection: This category seeks the production of documents not relevant to

26  the subject matter involved in the action nor reasonably calculated to lead to the

27  discovery of admissible evidence.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1    Objection: This request has been propounded for the improper purpose of

2  causing annoyance, embarrassment, oppression, or undue burden or expense.

3    Objection: This category is not described with reasonable particularity.

4  Responding parties cannot reasonably be required to guess what propounding party

5  means by "sufficient."

6    Objection: This request seeks records protected from disclosure by the right to

7  privacy, including but not limited to the privileges protecting financial and tax

8  records, and which constitute confidential business matter.

9    Objection: This request is so overbroad as potentially to call for the

10  production of materials protected from disclosure by the attorney-client privilege or

11  the attorney work-product doctrine, and merely to require responding parties to

12  attempt to identify such materials, much less particularize them in a privilege log,

13  would in itself be unduly burdensome and harassing.

14    To the extent this Request purports to require or would require Michael D.

15  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

16  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

17    Objection: Propounding party failed to designate a reasonable time, place, and

18  manner for inspection and copying.

19    Defendants' Position re Request no. 42:

20    This request is moot in that defendants have agreed to produce responsive

21  documents.

22    Request No. 43: All balance sheets, financial statements, and supporting

23  DOCUMENTS for Healthsmart Pacific, Inc. since January 1, 2010.

24    Response to Request No. 43: Objection: This category seeks the production of

25  documents not relevant to a party's claims or defenses.

26    Objection: This category seeks the production of documents not relevant to

27  the subject matter involved in the action nor reasonably calculated to lead to the

28  discovery of admissible evidence.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 26 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This request has been propounded for the improper purpose of

2    causing annoyance, embarrassment, oppression, or undue burden or expense.

3    Objection: This category is not described with reasonable particularity.

4    Responding parties cannot reasonably be required to guess what propounding party

5    means by "supporting documents."

6    Objection: This request seeks records protected from disclosure by the right to

7    privacy, including but not limited to the privileges protecting financial and tax

8    records, and as confidential business matter.

9    Objection: This request is so overbroad as potentially to call for the

10   production of materials protected from disclosure by the attorney-client privilege or

11   the attorney work-product doctrine, and merely to require responding parties to

12   attempt to identify such materials, much less particularize them in a privilege log,

13   would in itself be unduly burdensome and harassing.

14   To the extent this Request purports to require or would require Michael D.

15   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

16   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

17   Objection: Propounding party failed to designate a reasonable time, place, and

18   manner for inspection and copying.

19   <u>Defendants' Position re Request no. 43</u>:

20   This request is moot in part in that defendants have agreed to produce

21   responsive documents back to 2011.  Defendants should not be required to produce

22   documents more than three years back.  *See EEOC v. Cal. Psych. Transitions*, 258

23   F.R.D. 391, 395 (E.D. Cal. 1999).

24   <u>Request No. 44</u>: All DOCUMENTS concerning the sale or transfer of assets

25   by Healthsmart Pacific, Inc. or any entity responsible for Healthsmart Pacific, Inc.'s

26   liabilities, since January 1, 2012, including DOCUMENTS reflecting the dates such

27   assets were acquired and sold.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 27 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1        <u>Response to Request No. 44:</u> Objection: This category seeks the production of

2    documents not relevant to a party's claims or defenses.

3        Objection: This category seeks the production of documents not relevant to

4    the subject matter involved in the action nor reasonably calculated to lead to the

5    discovery of admissible evidence.

6        Objection: This request has been propounded for the improper purpose of

7    causing annoyance, embarrassment, oppression, or undue burden or expense.

8        Objection: This category is not described with reasonable particularity.

9    Responding parties cannot reasonably be required to guess what propounding party

10   means by "concerning."

11       Objection: This request seeks records protected from disclosure by the right to

12   privacy, including but not limited to the privileges protecting financial and tax

13   records, and as confidential business matter.

14       Objection: This request is so overbroad as potentially to call for the

15   production of materials protected from disclosure by the attorney-client privilege or

16   the attorney work-product doctrine, and merely to require responding parties to

17   attempt to identify such materials, much less particularize them in a privilege log,

18   would in itself be unduly burdensome and harassing.

19       To the extent this Request purports to require or would require Michael D.

20   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

21   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

22   Objection: Propounding party failed to designate a reasonable time, place, and

23   manner for inspection and copying.

24       Without waiving the foregoing objections and subject to them, responding

25   parties respond as follows: Subject to entry of an appropriate protective order,

26   responding parties will agree to produce a redacted copy of the 2013 purchase and

27   sale agreement.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 28 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1      <u>Defendants' Position re Request no. 44:</u>

2      Defendants have already provided the 2013 sale agreement of the main asset

3  of HealthSmart Pacific, Inc., Pacific Hospital of Long Beach, leaving HealthSmart

4  only its accounts receivable.   Such accounts will be reflected on the financial

5  statements HealthSmart is agreeing to produce.

6      In any event, State Fund does not explain how the transfer of assets is relevant

7  to any claim. For example, if Pacific Hospital sold a piece of medical equipment

8  how would that be relevant?  State Fund does not say. Why should defendants be

9  put to the effort of retrieving such documentation?

10     Moreover, this category is not described with reasonable particularity, as

11 required by Fed.R.Civ.P. 34.  Defendants cannot reasonably be required to guess

12 what State Fund means by "all documents concerning" sales or transfers of assets.

13 Nor does State Fund define the sale or transfer of assets.  Presumably that would not

14 include paying a vendor or a medical person rendering services or paying debts.  But

15 one cannot tell.  To require defendants to engage in the speculative enterprise of

16 determining what State Fund has in mind here itself would constitute an undue

17 burden.  No further response to this request should be compelled.

18     <u>Request No. 45:</u> All DOCUMENTS concerning any event affecting the

19 financial solvency or insolvency of Healthsmart Pacific, Inc. and any entity

20 responsible for Healthsmart Pacific, Inc.'s liabilities, including, but not limited to,

21 judgments, tax liens, employee strikes, and capital losses, since January 1, 2012.

22     <u>Response to Request No. 45:</u> Objection: This category seeks the production of

23 documents not relevant to a party's claims or defenses.

24     Objection: This category seeks the production of documents not relevant to

25 the subject matter involved in the action nor reasonably calculated to lead to the

26 discovery of admissible evidence.

27     Objection: This request has been propounded for the improper purpose of

28 causing annoyance, embarrassment, oppression, or undue burden or expense.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 29 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2  Responding parties cannot reasonably be required to guess what propounding party

3  means by "concerning" or "any event affecting the financial solvency or insolvency

4  of."

5    Objection: This request seeks records protected from disclosure by the right to

6  privacy, including but not limited to the privileges protecting financial and tax

7  records, and as confidential business matter.

8    Objection: This request is so overbroad as potentially to call for the

9  production of materials protected from disclosure by the attorney-client privilege or

10  the attorney work-product doctrine, and merely to require responding parties to

11  attempt to identify such materials, much less particularize them in a privilege log,

12  would in itself be unduly burdensome and harassing.

13    To the extent this Request purports to require or would require Michael D.

14  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

15  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

16    Objection: Propounding party failed to designate a reasonable time, place, and

17  manner for inspection and copying.

18    <u>Defendants' Position re Request no. 45:</u>

19    On its face this request appears directed at a fraudulent conveyance claim,

20  which may be triggered by the events inquired.  Such discovery is improper here.

21  To the extent that defendants' financial solvency has any bearing on the calculation

22  of punitive damages the defendants' financial statements should be deemed to

23  suffice.  The formulation "all documents concerning any events affecting" financial

24  solvency again is way too broad, requiring defendants to speculate.  For example,

25  the federal investigation of defendants and Mr. Drobot and indeed, this very lawsuit

26  by State Fund, could be deemed to affect defendants' financial solvency.  Would all

27  documents concerning those matters have to be produced?  No further response

28  should be compelled to this request.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 30 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Request No. 46: All COMMUNICATIONS regarding the financial solvency
2  or insolvency of Healthsmart Pacific, Inc. and any entity responsible for
3  Healthsmart Pacific, Inc.'s liabilities, since January 1, 2012, and all DOCUMENTS
4  related to such COMMUNICATIONS.
5    Response to Request No. 46: Objection: This category seeks the production of
6  documents not relevant to a party's claims or defenses.
7    Objection: This category seeks the production of documents not relevant to
8  the subject matter involved in the action nor reasonably calculated to lead to the
9  discovery of admissible evidence.
10    Objection: This request has been propounded for the improper purpose of
11  causing annoyance, embarrassment, oppression, or undue burden or expense.
12    Objection: This category is not described with reasonable particularity.
13  Responding parties cannot reasonably be required to guess what propounding party
14  means by "regarding" or "the financial solvency or insolvency of"
15    Objection: This request seeks records protected from disclosure by the right to
16  privacy, including but not limited to the privileges protecting financial and tax
17  records, and as confidential business matter.
18    Objection: This request is so overbroad as potentially to call for the
19  production of materials protected from disclosure by the attorney-client privilege or
20  the attorney work-product doctrine, and merely to require responding parties to
21  attempt to identify such materials, much less particularize them in a privilege log,
22  would in itself be unduly burdensome and harassing.
23    To the extent this Request purports to require or would require Michael D.
24  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on
25  grounds of Drobot's right under the Fifth Amendment against self-incrimination.
26    Objection: Propounding party failed to designate a reasonable time, place, and
27  manner for inspection and copying.
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 31 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    <u>Defendants' Position re Request no. 46</u>:

2         On its face this request appears directed at a fraudulent conveyance claim.

3    Such discovery is improper here.  To the extent that defendants' financial solvency

4    has any bearing on the calculation of punitive damages the defendants' financial

5    statements should be deemed to suffice.  The formulations "all communications

6    regarding" financial solvency and "all documents related to such communications"

7    again are way too broad, requiring defendants to speculate.  No further response

8    should be compelled to this request.

9         <u>Request No. 47:</u> All DOCUMENTS concerning any transfer of assets

10   between or among two or more NAMED DEFENDANTS.

11        <u>Response to Request No. 47:</u> Objection: This category seeks the production of

12   documents not relevant to a party's claims or defenses.

13        Objection: This category seeks the production of documents not relevant to

14   the subject matter involved in the action nor reasonably calculated to lead to the

15   discovery of admissible evidence.

16        Objection: This request has been propounded for the improper purpose of

17   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

18   expense.

19        Objection: This category is not described with reasonable particularity in light

20   of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

21   include the entities and individuals listed in item 1 of propounding party's

22   "Definitions and Instructions." Responding parties further incorporate by reference

23   their objection no. 1 above to that portion of the "DEFINITIONS AND

24   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

25   "including any affiliates or related entities [and] affiliates." No response given will

26   apply to or include, or attempt to apply to or include, any entity or person other than

27   those named as defendants in this action.

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 32 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2  Responding parties cannot reasonably be required to guess what propounding party

3  means by "concerning."

4    Objection: This request seeks records protected from disclosure by the right to

5  privacy, including but not limited to the privileges protecting financial and tax

6  records, and as confidential business matter.

7    Objection: This request is so overbroad as potentially to call for the

8  production of materials protected from disclosure by the attorney-client privilege or

9  the attorney work-product doctrine, and merely to require responding parties to

10  attempt to identify such materials, much less particularize them in a privilege log,

11  would in itself be unduly burdensome and harassing.

12    Objection: Responding parties incorporate here their objection no. 3 to the

13  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

14  period for all Requests as January 1, 2000 to the present.

15    To the extent this Request purports to require or would require Michael D.

16  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

17  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

18    Objection: Propounding party failed to designate a reasonable time, place, and

19  manner for inspection and copying.

20    Defendants' Position re Request no. 47:

21    State Fund does not explain how the transfer of assets between defendants is

22  relevant to any claim. If this request is somehow designed to get at payments of

23  kickbacks to physicians it fails miserably.

24    Once again, this category is not described with reasonable particularity, as

25  required by Fed.R.Civ.P. 34.  Defendants cannot reasonably be required to guess

26  what State Fund means by "transfers of assets." or "all documents concerning" such

27  transfers.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 33 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    This problem is compounded by the definition of the term NAMED

2  DEFENDANTS as going beyond the defendants actually named in this action to

3  include the entities and individuals listed in item 1 of State Fund's "Definitions and

4  Instructions," that is, "any affiliated or related entities, predecessors, successors,

5  parents, subsidiaries, agents, employees, officers, directors, representatives,

6  affiliates, and anyone else acting or purporting to act on the named person or entity's

7  behalf, individually or collectively.  Such an expansive universe on its face would

8  impose an undue burden on defendants in attempting to respond.

9    The request also asks for all documents back to the year 2000. This too is

10  oppressive and unjustified.

11    If State Fund wants defendants' bank records and payment ledgers and

12  records for an appropriate time period it can draft an appropriate and intelligible

13  request seeking them.  Then State Fund can go through those records itself if it

14  thinks that is a fruitful enterprise, rather than requiring defendants to spend

15  inordinate amounts of time going through such records trying to figure out what is

16  responsive to this blunderbuss request.

17    Request No. 48: All bank statements and other proof of payment showing any

18  transfer of assets between or among two or more NAMED DEFENDANTS.

19    Response to Request No. 48: Objection: This category seeks the production of

20  documents not relevant to a party's claims or defenses.

21    Objection: This category seeks the production of documents not relevant to

22  the subject matter involved in the action nor reasonably calculated to lead to the

23  discovery of admissible evidence.

24    Objection: This request has been propounded for the improper purpose of

25  causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

26  expense.

27    Objection: This category is not described with reasonable particularity in light

28  of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 34 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

include the entities and individuals listed in item 1 of propounding party's "Definitions and Instructions." Responding parties further incorporate by reference their objection no. 1 above to that portion of the "DEFINITIONS AND INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as "including any affiliates or related entities [and] affiliates." No response given will apply to or include, or attempt to apply to or include, any entity or person other than those named as entity defendants in this action.

Objection: This category is not described with reasonable particularity. Responding parties cannot reasonably be required to guess what propounding party means by "concerning."

Objection: This category is not described with reasonable particularity. Responding parties cannot reasonably be required to guess what propounding party means by "proof of payment."

Objection: This request seeks records protected from disclosure by the right to privacy, including but not limited to the privileges protecting financial and tax records, and as confidential business matter.

Objection: This request is so overbroad as potentially to call for the production of materials protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, and merely to require responding parties to attempt to identify such materials, much less particularize them in a privilege log, would in itself be unduly burdensome and harassing.

Objection: Responding parties incorporate here their objection no. 3 to the "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time period for all Requests as January 1, 2000 to the present.

To the extent this Request purports to require or would require Michael D. Drobot, Sr. to search, inquire or respond responding parties and Drobot object on grounds of Drobot's right under the Fifth Amendment against self-incrimination.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 35 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  Objection: Propounding party failed to designate a reasonable time, place, and
2  manner for inspection and copying.

3      Without waiving the foregoing objections and subject to them, responding
4  parties respond as follows: After diligent search and reasonable inquiry, responding
5  party is unable to produce documents responsive to this category, because none
6  exists.

7      <u>Defendants' Position re Request no. 48</u>:

8      State Fund once again fails to explain how the transfer of assets between
9  defendants is relevant to any claim.

10     Although request is an improvement in that it seeks all bank records and
11 records of payments showing transfer of assets rather than all documents concerning
12 such transfers, it still is not described with reasonable particularity, as required by
13 Fed.R.Civ.P. 34.  Defendants cannot reasonably be required to guess what State
14 Fund means by "transfers of assets."

15     This problem is compounded once again by the definition of the term
16 NAMED DEFENDANTS as going beyond the defendants actually named in this
17 action to include the entities and individuals listed in item 1 of State Fund's
18 "Definitions and Instructions," that is, "any affiliated or related entities,
19 predecessors, successors, parents, subsidiaries, agents, employees, officers,
20 directors, representatives, affiliates, and anyone else acting or purporting to act on
21 the named person or entity's behalf, individually or collectively.  Such an expansive
22 universe on its face would impose an undue burden on defendants in attempting to
23 respond.

24     The request also asks for all documents back to the year 2000. This too is
25 oppressive and unjustified.

26     If State Fund wants defendants' bank records and payment ledgers and
27 records for an appropriate time period it can draft an appropriate and intelligible
28 request seeking them.  Then State Fund can go through those records itself if it

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1   thinks that is a fruitful enterprise, rather than requiring defendants to spend
2   inordinate amounts of time going through such records trying to figure out what is
3   responsive to this blunderbuss request.

4       <u>Request No. 49:</u> All DOCUMENTS concerning any loan by a NAMED
5   DEFENDANT to any other NAMED DEFENDANT.

6       <u>Response to Request No. 49:</u> Objection: This category seeks the production of
7   documents not relevant to a party's claims or defenses.

8       Objection: This category seeks the production of documents not relevant to
9   the subject matter involved in the action nor reasonably calculated to lead to the
10   discovery of admissible evidence.

11       Objection: This request has been propounded for the improper purpose of
12   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or
13   expense.

14       Objection: This category is not described with reasonable particularity in light
15   of the overbroad, oppressive definition of the term NAMED DEFENDANTS to
16   include the entities and individuals listed in item 1 of propounding party's
17   "Definitions and Instructions." Responding parties further incorporate by reference
18   their objection no. 1 above to that portion of the "DEFINITIONS AND
19   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as
20   "including any affiliates or related entities [and] affiliates."

21       Objection: This category is not described with reasonable particularity.
22   Responding parties cannot reasonably be required to guess what propounding party
23   means by "concerning."

24       Objection: This request seeks records protected from disclosure by the right to
25   privacy, including but not limited to the privileges protecting financial and tax
26   records, and as confidential business matter.

27       Objection: This request is so overbroad as potentially to call for the
28   production of materials protected from disclosure by the attorney-client privilege or

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 37 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  the attorney work-product doctrine, and merely to require responding parties to

2  attempt to identify such materials, much less particularize them in a privilege log,

3  would in itself be unduly burdensome and harassing.

4       Objection: Responding parties incorporate here their objection no. 3 to the

5  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

6  period for all Requests as January 1, 2000 to the present.

7       To the extent this Request purports to require or would require Michael D.

8  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

9  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

10      Objection: Propounding party failed to designate a reasonable time, place, and

11  manner for inspection and copying.

12      <u>Defendants' Position re Request no. 49:</u>

13      State Fund does not explain how loans between defendants are relevant to any

14  claim.

15      Once again, this category is not described with reasonable particularity, as

16  required by Fed.R.Civ.P. 34.  Defendants cannot reasonably be required to guess

17  what State Fund means by "all documents concerning" such loans.

18      This problem is compounded by the definition of the term NAMED

19  DEFENDANTS as going beyond the defendants actually named in this action to

20  include the entities and individuals listed in item 1 of State Fund's "Definitions and

21  Instructions," that is, "any affiliated or related entities, predecessors, successors,

22  parents, subsidiaries, agents, employees, officers, directors, representatives,

23  affiliates, and anyone else acting or purporting to act on the named person or entity's

24  behalf, individually or collectively.  Such an expansive universe on its face would

25  impose an undue burden on defendants in attempting to respond.

26      The request also asks for all documents back to the year 2000. This too is

27  oppressive and unjustified.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 38 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    If State Fund wants defendants' bank records and ledgers for an appropriate

2    time period it can draft an appropriate and intelligible request seeking them.  Then

3    State Fund can go through those records itself reviewing loans if it thinks that is a

4    fruitful enterprise, rather than requiring defendants to spend inordinate amounts of

5    time going through such records trying to figure out what is responsive to this

6    request.

7        Request No. 50: All bank statements and other financial documents reflecting

8    any loan by a NAMED DEFENDANT to any other NAMED DEFENDANT.

9        Response to Request No. 50: Objection: This category seeks the production of

10   documents not relevant to a party's claims or defenses.

11       Objection: This category seeks the production of documents not relevant to

12   the subject matter involved in the action nor reasonably calculated to lead to the

13   discovery of admissible evidence.

14       Objection: This request has been propounded for the improper purpose of

15   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

16   expense.

17       Objection: This category is not described with reasonable particularity in light

18   of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

19   include the entities and individuals listed in item 1 of propounding party's

20   "Definitions and Instructions." Responding parties further incorporate by reference

21   their objection no. 1 above to that portion of the "DEFINITIONS AND

22   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

23   "including any affiliates or related entities [and] affiliates."

24       Objection: This request seeks records protected from disclosure by the right to

25   privacy, including but not limited to the privileges protecting financial and tax

26   records, and as confidential business matter.

27       Objection: This request is so overbroad as potentially to call for the

28   production of materials protected from disclosure by the attorney-client privilege or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 39 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  the attorney work-product doctrine, and merely to require responding parties to

2  attempt to identify such materials, much less particularize them in a privilege log,

3  would in itself be unduly burdensome and harassing.

4      Objection: Responding parties incorporate here their objection no. 3 to the

5  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

6  period for all Requests as January 1, 2000 to the present.

7      To the extent this Request purports to require or would require Michael D.

8  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

9  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

10     Objection: Propounding party failed to designate a reasonable time, place, and

11  manner for inspection and copying.

12     Defendants' Position re Request no. 50:

13     State Fund again fails to explain how loans between defendants are relevant

14  to any claim.

15     Once again, this category is not described with reasonable particularity, as

16  required by Fed.R.Civ.P. 34.  The definition of the term NAMED DEFENDANTS

17  as going beyond the defendants actually named in this action to include the entities

18  and individuals listed in item 1 of State Fund's "Definitions and Instructions," that

19  is, "any affiliated or related entities, predecessors, successors, parents, subsidiaries,

20  agents, employees, officers, directors, representatives, affiliates, and anyone else

21  acting or purporting to act on the named person or entity's behalf, individually or

22  collectively.  Such an expansive universe on its face would impose an undue burden

23  on defendants in attempting to respond.

24     The request also asks for all documents back to the year 2000. This too is

25  oppressive and unjustified.

26     If State Fund wants defendants' bank records and payment ledgers and

27  records for an appropriate time period it can draft an appropriate and intelligible

28  request seeking them.  Then State Fund can go through those records itself if it

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 40 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  thinks that is a fruitful enterprise, rather than requiring defendants to spend

2  inordinate amounts of time going through such records trying to figure out what is

3  responsive to this blunderbuss request.

4  **IV.  DISPUTED ISSUE NO. 2: DEFENDANTS' REFUSAL TO PRODUCE**

5      **DOCUMENTS RELATING TO THEIR RELATIONSHIP WITH**

6      **CERTAIN INDIVIDUALS AND ENTITIES AND**

7      **COMMUNICATIONS BETWEEN MICHAEL R. DROBOT, JR. AND**

8      **MICHAEL D. DROBOT, SR.**

9      The Surgical Entities primarily assert generic statements as to each and every

10  Request under this disputed issue.  However, the factual relevancy of these Requests

11  falls under three subcategories based on the topics covered by the Requests.

12  Accordingly, State Fund first addresses the Surgical Entities' general objections and

13  then addresses each of the three subcategories.

14      **A.      General Argument Applicable to All Requests Under Issue No. 2:**

15          **1.      State Fund's Position: *These Requests Straightforwardly Ask***

16                  ***for Relevant, Unprivileged Material.***

17      Counsel for the Surgical Entities have provided no basis for their refusal to

18  produce documents responsive to Document Requests Nos. 2, 5, 17, 18, 21, 34, 51-

19  63, and 65.  Opposing counsel has stated that they will not refuse to respond to the

20  Document Requests based on the Surgical Entities' Fifth Amendment right against

21  self-incrimination, recognizing that business entities do not have such a right.  *See*

22  *also* First Order Denying Stay at 3; Second Order Denying Stay at 7.  The Surgical

23  Entities' counsel explained that they made the Fifth Amendment objections

24  originally to make it clear that Michael D. Drobot, Sr. was not responding to the

25  requests in order to protect Mr. Drobot, Sr.'s Fifth Amendment right.

26      As noted above, asserting any individual's Fifth Amendment right for any

27  documents held by the Surgical Entities' would be improper.  Individuals acting as

28  representatives of a corporate entity "assume the rights, duties, and privileges of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   artificial entity or association of which they are agents or officers and they are

2   bound by its obligations." *Braswell v. United States*, 487 U.S. 99, 110 (1988).  "In

3   their official capacity," individuals acting as representatives "have no privilege

4   against self-incrimination." *Id.*  This applies even where the targeted individual

5   must produce the corporate documents.  *Fisher v. United States*, 425 U.S. 391, 409

6   (1976) ("the Fifth Amendment would not be violated by the fact alone that the

7   papers on their face might incriminate the taxpayer, for the privilege protects a

8   person only against being incriminated by his own compelled testimonial

9   communications."  Thus, any documents corresponding with these requests, even if

10  they are to be produced by Drobot, Sr. or Drobot, Jr., are not protected.

11          Moreover, the Surgical Entities' other unsubstantiated boilerplate objections

12  should not prevent the production.  *See Paulsen v. Case Corp.*, 168 F.R.D. 285, 289

13  (C.D. Cal. 1996) (rejecting the defendant's objections based on vagueness and

14  ambiguity, overbreadth, irrelevance, and the attorney client and work product

15  privileges as blanket objections, compelling the defendant to respond to the

16  requests).  State Fund recognizes the need to insert such objections where

17  appropriate, to be worked out through the meet-and-confer process.  However,

18  unlike State Fund, who responded to Defendants multiple vague, repetitive, and

19  overbroad requests to the fullest extent possible, the Surgical Entities apparently

20  refuse to undertake their burden of performing a diligent search and reasonable

21  inquiry for each request, providing only insufficient and arbitrary responses.

22          The Requests at issue here (as narrowed by State Fund) call for the production

23  of information relevant to explain documents already obtained by State Fund

24  through third-party sources and other means, to better determine the connections

25  between the Named Defendants, and to better understand how the Surgical Entities

26  were able to perpetrate their complex fraud schemes.  Thus, these requests fall well

27  within the broad and liberal bounds of the discovery rules.  *Paulsen*, 168 F.R.D. at

28  288 ("A request for discovery should be considered relevant if there is any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 42 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   possibility that the information sought may be relevant to the subject matter of this

2   action.").  Accordingly, the Surgical Entities have an "affirmative duty" to obtain

3   and produce this information as it is "reasonably available… from [their]

4   employees, agents, or others subject to [their] control." *Meeks v. Parsons*, No. 1:03-

5   cv-6700-LJO-GSA, 2009 U.S. Dist. LEXIS 90283, *9 (E. D. Cal. Sept. 18, 2009).

6        Furthermore, Defendants' reliance on their overbreadth objections in refusing

7   to produce documents responsive to these requests, clearly fails to meet their "heavy

8   burden to show why discovery should be denied, by clarifying and explaining [their]

9   objections and providing support therefore." *Sanford v. Red Robin Int'l, Inc.*, No.

10  Civ. S-04-1791 WBS CMK, 2005 U.S. Dist. LEXIS 45823, at *1 (E.D. Cal. Aug.

11  10, 2005).  The Surgical Entities themselves argued that assertions of such

12  overbreadth objections are inappropriate when looking at State Fund's responses to

13  discovery.  However, unlike State Fund, who explained why each objection was

14  overly broad or unduly burdensome in meeting and conferring with Defendants, the

15  Surgical Entities generically provide that they stand by their objections and refuse to

16  produce anything.

17       The Surgical Entities also assert that the definition of "NAMED

18  DEFENDANTS" is too broad by including both the Named Defendants and entities

19  affiliated with the Named Defendants.  Fehner Decl. ¶ 3, Exh. B.  However,

20  Defendants forget the breadth of the fraudulent activity and the complexity of it.  A

21  discovery request is unreasonable only when it is "out of proportion to the end

22  sought." *United States v. Intn'l. Bus. Machs. Corp.*, 83 F.R.D. 97, 105-06 (S.D.N.Y.

23  1979) (citation omitted) (granting plaintiff's motion to compel, stating that, given the

24  breadth of the challenged activities, "it is not surprising that the plaintiff's document

25  demand is correspondingly broad.").  The Plea Agreement (Ex. D) establishes a

26  broad conspiracy with a number of unnamed co-conspirators.  This interconnectivity

27  is a key issue in the action.  Thus, the Surgical Entities have no basis for their

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 43 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  overbreadth objections and should be moved to produce documents responsive to

2  requests relating to their interconnectivity with the other Named Defendants.

3           **2.      Defendants' Position:**

4           Defendants do not dispute that the entity defendants must produce documents

5  through their custodians or other qualified persons regardless of Drobot, Sr.'s status.

6  At the same time, the Supreme Court case cited by State Fund, *Fisher v. United*

7  *States*, 425 U.S. 391, 410 (1976), does recognize that the "act of producing evidence

8  in response to a subpoena nevertheless has communicative aspects of its own,

9  wholly aside from the contents of the papers produced" that do implicate Fifth

10 Amendment concerns.  Compliance "tacitly concedes the existence of the papers

11 demanded and their possession or control" and also would indicate "belief that the

12 papers are those described" in a subpoena or requesting document.  *Id*.  Thus, in

13 stating this concern in response to these requests defendant shave proceeded

14 properly.

15          State Fund cites the 1998 *Paulsen* case for the proposition that a request for

16 discovery is proper if there is any possibility that the information sought may be

17 relevant to the subject matter of the action.  But that is no longer the discovery

18 standard in federal court under Fed. R. Civ. P. 26(b)(1).  Instead relevance to any

19 claim or defense is the standard.  The broad scope of discovery proposed by State

20 Fund is no longer available as a matter of right; matters that are merely "relevant to

21 the subject matter" are discoverable only with leave of court for "good cause"

22 shown.

23          State Fund broadly asserts that the requests at issue call for the production of

24 documents that will help better determine the connections between the Named

25 Defendants and how the Surgical Entities were able to perpetrate their complex

26 fraud schemes.  It is not disputed that defendants shave already provided

27 documentation of the relationships between the entities in terms of ownership and

28 management.  So the requests must be viewed in that context.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 44 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    As established above, undue burden is a valid objection that must be

2    determined request by request.  I

3    The Surgical Entities also stand by their objection to the overbroad definition

4    of "NAMED DEFEDANTS."  The case cited by State Fund, *United States v. Int'l*

5    *Bus. Machs Corp.*, 83 F.R.D. 97 (S.D.N.Y. 1979), likewise was decided under the

6    former relevance to the subject matter standard.  The court nevertheless recognized

7    that the overbreadth element is a restatement of the proposition that the relevance of

8    and need for documents sought will bear on the reasonableness of the request; that a

9    document request is unreasonable when "it is out of proportion to the end sought, as

10   when the person served is required to fetch all his books at once to an exploratory

11   investigation whose purposes and limits can be determined only as it proceeds."  *Id.*

12   at 106.

13   **B.**   **Arguments for Subcategory 1: Identification of Entities of Mr.**

14         **Drobot, Jr. and Mr. Umbs (Requests Nos. 2 & 5):**

15         **1.**   **State Fund's Position:**

16   The Surgical Entities have not responded to these Requests at all, though they

17   are very limited: they are requests for documents sufficient to show what Mr.

18   Drobot, Jr. and Mr. Umbs *owned*.  The Surgical Entities have not even affirmed that

19   they would conduct a reasonably diligent search for these documents nor have they,

20   in contrast to other requests, indicated that no such documents exist.  Yet, this

21   information is extremely relevant to the case: these are witnesses identified by the

22   Pharmacy Defendants.  Furthermore, these Requests do not impose much burden on

23   the Surgical Entities since they merely seek "documents sufficient" to identify fairly

24   basic information that cannot necessarily be affirmed by public sources since the

25   Surgical Entities are private companies.  In its First Order Denying Stay, the Court

26   affirmed that such discovery "is a really important part of Plaintiff's ability to

27   identify other potential defendants" (p. 6).

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 45 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

## 2.     Defendants' Position:

These defendants' prior discovery responses have already affirmed that Mr. Drobot, Jr. did not own or manage any of the Surgical Entities.  State Fund does not explain how the Surgical Entities will have records of his ownership of the Pharmacy Entities or why they should be required to search their records for same. In fact the Surgical Entities have no such documents.

The request is also overbroad in that it is not limited to entities named or involved in this action.  That is, it could apply to any business in which Drobot Jr. might have an interest, say a public company in which he owns stock as an investment.

As to Matthew Umbs, he has been identified as the controller of the Pharmacy Entities, not as a person involved with the Surgical Entities.  Why should they conduct a futile search as to his involvement?  An interrogatory would have sufficed to dispose of this question.  The Surgical Entities have no such documents.

## 3.     Request Nos. 2 & 5 With Original Objections

Request No. 2: DOCUMENTS sufficient to identify all entities directly or indirectly owned, managed, or controlled, wholly or partially, by Michael R. Drobot, Jr. at any time since 2000.

Response to Request No. 2: Objection: This category seeks the production of documents not relevant to a party's claims or defenses.

Objection: This category seeks the production of documents not relevant to the subject matter involved in the action nor reasonably calculated to lead to the discovery of admissible evidence.

Objection: This request has been propounded for the improper purpose of causing, and will cause, annoyance, embarrassment, oppression, or undue burden or expense.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 46 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   Objection: This category is not described with reasonable particularity.

2   Responding parties cannot reasonably be required to guess what propounding party

3   would consider to be "indirect" ownership, management, or control.

4   Objection: Responding parties object to the statement of the relevant time

5   period for this Request as "any time since 2000," on the grounds of (i) lack of

6   relevance to any party's claims or defense, and (ii) imposition of annoyance,

7   embarrassment, oppression, and undue burden or expense.

8   Objection: Propounding party failed to designate a reasonable time, place, and

9   manner for inspection and copying.

10   To the extent this Request purports to require or would require Michael D.

11   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

12   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

13   <u>Request No. 5:</u> DOCUMENTS sufficient to identify all entities directly or

14   indirectly owned, managed, or controlled, wholly or partially, by Matthew Umbs at

15   any time since 2000.

16   <u>Response to Request No. 5:</u> Objection: This category seeks the production of

17   documents not relevant to a party's claims or defenses.

18   Objection: This category seeks the production of documents not relevant to

19   the subject matter involved in the action nor reasonably calculated to lead to the

20   discovery of admissible evidence.

21   Objection: This request has been propounded for the improper purpose of

22   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

23   expense.

24   Objection: This category is not described with reasonable particularity.

25   Responding parties cannot reasonably be required to guess what propounding

26   party would consider to be "indirect" ownership, management, or control.

27   Objection: Responding parties object to the statement of the relevant time

28   period for this Request as "any time since 2000," on the grounds of (i) lack of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  relevance to any party's claims or defense, and (ii) imposition of annoyance,

2  embarrassment, oppression, and undue burden or expense.

3      Objection: Propounding party failed to designate a reasonable time, place, and

4  manner for inspection and copying.

5      To the extent this Request purports to require or would require Michael D.

6  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

7  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

8  **C.**    **Arguments for Subcategory 2: Involvement of Mr. Umbs, Ms.**

9          **Drobot, and Mr. Drobot, Jr. as Officers or Managers (Request Nos.**

10          **17, 18, & 21):**

11      **1.    State Fund's Position**

12      As with the very similar subcategory above, no response was provided to

13  these Requests either; neither was there any indication that the Surgical Entities do

14  not possess such information, or conducted a reasonably diligent search for it.

15  These limited requests would simply include any corporate documents for the

16  Surgical Entities, their parent companies, their successors, or their affiliates where

17  Mr. Drobot, Jr.'s, Matthew Umbs' or Rona Drobot's names appear related to

18  managerial or official positions.  The Surgical Entities should also produce

19  documents in their possession that identify Mr. Drobot, Jr.'s involvement or duties

20  as a director, officer, or manager.  This would not only include documents reflecting

21  his involvement with the Surgical Entities themselves, but also his involvement or

22  duties with any parent, successor, or other affiliated entity.  If there are none after a

23  relevant search, the Surgical Entities should so state (although the objection

24  indicating that State Fund failed to state a reasonable time, place, and manner for

25  copying or production implies otherwise).  The Surgical Entities' lack of response,

26  lack of explanation for the lack of response, and overall failure to conduct a

27  reasonably diligent search for such documents is improper.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 48 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

### 2.    Defendants' Position:

Again, the Surgical Entities have no such documents as to Drobot, Jr. or Matthew Umbs because they were never involved in any such capacity with the Surgical Entities, their parents or successors, etc.  Had State Fund inquired in the meet and confer it would have learned that.   Similarly, Rona Drobot had no such role or capacity such that there are no responsive documents.  This is a waste of the court's time.

### 3.    Request Nos. 17, 18, & 21 With Original Objections:

<u>Request No. 17:</u> All statements of information, articles of incorporation, bylaws, amendments, and other corporate documents prepared on behalf of any entity for which Matthew Umbs is or was an officer or manager.

<u>Response to Request No. 17:</u> Objection: This category seeks the production of documents not relevant to a party's claims or defenses.

Objection: This category seeks the production of documents not relevant to the subject matter involved in the action nor reasonably calculated to lead to the discovery of admissible evidence.

Objection: This request has been propounded for the improper purpose of causing annoyance, embarrassment, oppression, or undue burden or expense.

Objection: This category is not described with reasonable particularity. Responding parties cannot reasonably be required to guess what propounding party would consider to be "other corporate documents."

Objection: Responding parties incorporate here their objection no. 3 to the "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time period for all Requests as January 1, 2000 to the present.

Objection: This request seeks records that the requesting party has the equal ability to obtain from public sources.

Objection: This request seeks records protected from disclosure by the right to privacy and which constitutes confidential business matter.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1    To the extent this Request purports to require or would require Michael D.

2 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

3 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

4    Objection: Propounding party failed to designate a reasonable time, place, and

5 manner for inspection and copying.

6    Request No. 18: All statements of information, articles of incorporation,

7 bylaws, amendments, and other corporate documents prepared on behalf of any

8 entity for which Rona Drobot is or was an officer or manager.

9    Response to Request No. 18: Objection: This category seeks the production of

10 documents not relevant to a party's claims or defenses.

11    Objection: This category seeks the production of documents not relevant to

12 the subject matter involved in the action nor reasonably calculated to lead to the

13 discovery of admissible evidence.

14    Objection: This request has been propounded for the improper purpose of

15 causing annoyance, embarrassment, oppression, or undue burden or expense.

16    Objection: This category is not described with reasonable particularity.

17 Responding parties cannot reasonably be required to guess what propounding party

18 would consider to be "other corporate documents."

19    Objection: Responding parties incorporate here their objection no. 3 to the

20 "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

21 period for all Requests as January 1, 2000 to the present.

22    Objection: This request seeks records that the requesting party has the equal

23 ability to obtain from public sources.

24    Objection: This request seeks records protected from disclosure by the right to

25 privacy and which constitute confidential business matter.

26    To the extent this Request purports to require or would require Michael D.

27 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

28 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 50 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: Propounding party failed to designate a reasonable time, place, and

2 manner for inspection and copying.

3    <u>Request No. 21:</u> DOCUMENTS sufficient to identify Michael R. Drobot, Jr.'s

4 past and present duties in each and every corporate entity in which he acted as a

5 director, officer, or manager.

6    <u>Response to Request No. 21:</u> Objection: This category seeks the production of

7 documents not relevant to a party's claims or defenses.

8    Objection: This category seeks the production of documents not relevant to

9 the subject matter involved in the action nor reasonably calculated to lead to the

10 discovery of admissible evidence.

11    Objection: This request has been propounded for the improper purpose of

12 causing annoyance, embarrassment, oppression, or undue burden or expense.

13    Objection: This request is not described with reasonable particularity.

14 Responding parties cannot reasonably be required to guess what documents are

15 "sufficient" to "identify" an individual's "duties."

16    Objection: Responding parties incorporate here their objection no. 3 to the

17 "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

18 period for all Requests as January 1, 2000 to the present.

19    To the extent this Request purports to require or would require Michael D.

20 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

21 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

22    Objection: Propounding party failed to designate a reasonable time, place,

23 and manner for inspection and copying.

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 51 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

**D.** **Arguments for Subcategory 3: Defendant Connections and Communications With Each Other & Third Parties (Request Nos. 51-55, 60, 61, 63, & 65):**

**1.** **State Fund's Position:**

Request Nos. 51-55, 60, 61, 63 and 65 each seek information related to the interconnectedness of the Defendants.  As explained above, the breadth of the alleged fraudulent conduct committed by Defendants makes such information highly relevant.  Request No. 51 specifically seeks formal and informal agreements between the Named Defendants.  In meeting and conferring with State Fund regarding this Request, the Surgical Entities agreed to produce a management agreement between Healthsmart and Long Beach Pain Center Medical Clinic, Inc.  Despite this promise, the Surgical Entities failed to actually produce this document and refused to later address this deficiency.  Not only should the Surgical Entities be compelled to produce the promised documents, but they should be compelled to produce all other agreements, both formal or informal, between them and any other Named Defendant, including, but not limited to, management agreements, agreements to share information, and any agreement regarding services provided by more than one Defendant to the same patient.

Request No. 52 seeks communications between or among Entity Defendants on the "Surgical" side and the "Pharmacy" side.  Both sets of Defendants have claimed a lack of connection between the "Pharmacy" side and the "Surgical" side, so, if true, that would mean that the Request is not overbroad or burdensome, but instead very easy to answer.  The Surgical Entities should be compelled to produce the documents embodying such communications.  This would include, but is not limited to, emails, letters, and meeting minutes reflecting any communication involving two or more Entity Defendants.  Similarly, Request No. 61 seeks documents where Drobot, Sr. was acting on behalf of any Pharmacy Entity Defendant.  If Defendants refuse to answer on burdensomeness grounds (or on the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1    grounds that there are so many it would take much more time to produce them), then

2    this itself indicates the connectivity and the relevance of the documents.

3         Requests Nos. 53 and 54 seek communications relating to two issues that are

4    highly relevant: the business of providing medical services or pharmaceuticals and

5    the involvement of any Entity Defendant in the provision of medical services.  Each

6    issue is sufficiently narrow to ensure that the scope of these Requests is not unduly

7    burdensome or overbroad.  Despite such specificity, the Surgical Entities have

8    indicated that they are standing by their boilerplate objections for each of these

9    requests and improperly refuse to even look for responsive documents.

10        The Surgical Entities flatly refuse to respond to Requests Nos. 55, 61, 63, and

11   65.  Each of these Requests seeks information relating to the Named Defendants

12   relationships with certain entities and individuals, including pharmaceutical

13   wholesalers or repackagers, spinal implant manufacturers or repackagers,

14   employment service providers, and physicians or medical providers.  At a minimum,

15   the Surgical Entities are required to perform a reasonably diligent search for

16   responsive documents, or put forth a legitimate reason for their refusal; yet, they fail

17   to do so, despite indications that they do possess documents relevant to these

18   requests.  In fact, in their original response to Request No. 60, the Surgical Entities

19   agreed to produce responsive documents regarding spinal repackagers.  In meeting

20   and conferring they specifically agreed to produce a contract and purchase orders in

21   response to Request No. 60, but they failed to follow through on this promise,

22   ultimately refusing to produce any documents responsive to this Request.  This is

23   unacceptable given the breadth of Defendants' conduct and the fact that they could

24   not have acted out the alleged fraudulent conduct if it were not for some

25   relationships with the entities and individuals referenced in these Requests.  Despite

26   numerous efforts, and promises to produce at least some of the documents, State

27   Fund is unable to discern why the documents should now be withheld.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 53 -

### 2.      Defendants' Position:

Defendants cannot combine their positions as to these requests in the fashion State Fund has done and instead will set forth their position separately as to each request below.

### 3.      Request Nos. 51-55, 60, 61, 63 and 65 With Original Objections:

Request No. 51: All DOCUMENTS referring to or reflecting any formal or informal agreement between or among two or more NAMED DEFENDANTS.

Response to Request No. 51: Objection: This category seeks the production of documents not relevant to a party's claims or defenses.

Objection: This category seeks the production of documents not relevant to the subject matter involved in the action nor reasonably calculated to lead to the discovery of admissible evidence.

Objection: This request has been propounded for the improper purpose of causing, and will cause, annoyance, embarrassment, oppression, or undue burden or expense.

Objection: This category is not described with reasonable particularity in light of the overbroad, oppressive definition of the term NAMED DEFENDANTS to include the entities and individuals listed in item 1 of propounding party's "Definitions and Instructions." Responding parties further incorporate by reference their objection no. 1 above to that portion of the "DEFINITIONS AND INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as "including any affiliates or related entities [and] affiliates." No response given will apply to or include, or attempt to apply to or include, any entity or person other than the specific entities identified as "Responding Parties" in the caption to these requests

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 54 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2  Responding parties cannot reasonably be required to guess what propounding party

3  means by "concerning," "formal agreement" or "informal agreement."

4    Objection: This request seeks records protected from disclosure by the right to

5  privacy, including but not limited to the privileges protecting financial and tax

6  records, and as confidential business matter.

7    Objection: This request is so overbroad as potentially to call for the

8  production of materials protected from disclosure by the attorney-client privilege or

9  the attorney work-product doctrine, and merely to require responding parties to

10  attempt to identify such materials, much less particularize them in a privilege log,

11  would in itself be unduly burdensome and harassing.

12    Objection: Responding parties incorporate here their objection no. 3 to the

13  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

14  period for all Requests as January 1, 2000 to the present.

15    To the extent this Request purports to require or would require Michael D.

16  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

17  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

18    Objection: Propounding party failed to designate a reasonable time, place, and

19  manner for inspection and copying.

20    Defendants' Position re Request no. 51:

21    The problem with this request is its failure to define what is sought with

22  reasonable particularity, and its overbreadth.  There is no guidance provided as to

23  which subjects agreements are sought.  Would an agreement to buy a piece of

24  equipment suffice?  Similarly "informal agreements" is not defined. What does that

25  mean?  Defendants are left to speculate.  So they do not know what to search for or

26  where. The problem is compounded by the expansive definition of "NAMED

27  DEFENDANTS," which sweeps in a huge universe of people, as well as undefined

28  "affiliate" entities, and a time frame back to 2000.  State Fund did not clarify what it

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 55 -

3114986                    JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  was after in the meet and confer or attempt to limit this request in a reasonable

2  fashion.  Now it belatedly suggests it is looking for "management agreements,

3  agreements to share information, and any agreement regarding services provided by

4  more than one Defendant to the same patient."   That is a start, although defendants

5  do not understand what is meant by an agreement regarding services provided to the

6  same patient.

7       As to the management agreement between HealthSmart and Long Beach Pain

8  Center if it was not produced that was an oversight, not any refusal.  Almost no one

9  is left working at the Surgical Entities in the wake of the government investigation

10  and indictment, this lawsuit and attendant financial damage.  The agreement will be

11  produced before the hearing noticed on this matter.

12       <u>Request No. 52:</u> All COMMUNICATIONS between or among any ENTITY

13  DEFENDANTS.

14       <u>Response to Request No. 52:</u> Objection: This category seeks the production of

15  documents not relevant to a party's claims or defenses.

16       Objection: This category seeks the production of documents not relevant to

17  the subject matter involved in the action nor reasonably calculated to lead to the

18  discovery of admissible evidence.

19       Objection: This request has been propounded for the improper purpose of

20  causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

21  expense.

22       Objection: This category is not described with reasonable particularity in light

23  of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

24  include the entities and individuals listed in item 1 of propounding party's

25  "Definitions and Instructions." Responding parties further incorporate by reference

26  their objection no. 1 above to that portion of the "DEFINITIONS AND

27  INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

28  "including any affiliates or related entities [and] affiliates."

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 56 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2    Objection: This request seeks records protected from disclosure by the right to

3    privacy, including but not limited to the privileges protecting financial and tax

4    records, and as confidential business matter.

5    Objection: This request is so overbroad as potentially to call for the

6    production of materials protected from disclosure by the attorney-client privilege or

7    the attorney work-product doctrine, and merely to require responding parties to

8    attempt to identify such materials, much less particularize them in a privilege log,

9    would in itself be unduly burdensome and harassing.

10    Objection: Responding parties incorporate here their objection no. 3 to the

11    "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

12    period for all Requests as January 1, 2000 to the present.

13    To the extent this Request purports to require or would require Michael D.

14    Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

15    grounds of Drobot's right under the Fifth Amendment against self-incrimination.

16    Objection: Propounding party failed to designate a reasonable time, place, and

17    manner for inspection and copying.

18    <u>Defendants' Position re Request no. 52:</u>

19    This request was not drafted with reasonable particularity and is overbroad.

20    As drafted this request was utterly unwieldy, leaving defendants with no idea what

21    to look for or where.   Communications as to what subjects?  Given that "ENTITY

22    DEFENDANTS" is defined to include all "NAMED DEFENDANTS" (except for

23    Drobots Jr. and Sr.), which includes all employees, agents, representatives, anyone

24    else acting or purporting to act on the named person or entity's behalf, ad nauseum,

25    arguably this would require defendants to search all their files and the entirety of

26    their e-mail records for communications "between or among" such persons. State

27    Fund declined to refine this request in the meet and confer.  Now for the first time in

28    this Joint Stipulation it says above that it is only seeking communications "between

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 57 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   or among" Entity Defendants on the "Surgical" side and the "Pharmacy" side.  That

2   is somewhat helpful, but it is too little too late.

3        Request No. 53: All COMMUNICATIONS between Michael D. Drobot, Sr.

4   and Michael R. Drobot, Jr. relating to the business of providing medical services or

5   pharmaceuticals.

6        Response to Request No. 53: Objection: This category seeks the production of

7   documents not relevant to a party's claims or defenses.

8        Objection: This category seeks the production of documents not relevant to

9   the subject matter involved in the action nor reasonably calculated to lead to the

10  discovery of admissible evidence.

11       Objection: This request has been propounded for the improper purpose of

12  causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

13  expense.

14       Objection: This category is not described with reasonable particularity.

15       Objection: This request seeks records protected from disclosure by the right to

16  privacy, including but not limited to the privileges protecting financial and tax

17  records, and as confidential business matter.

18       Objection: This request is so overbroad as potentially to call for the

19  production of materials protected from disclosure by the attorney-client privilege or

20  the attorney work-product doctrine, and merely to require responding parties to

21  attempt to identify such materials, much less particularize them in a privilege log,

22  would in itself be unduly burdensome and harassing.

23       Objection: Responding parties incorporate here their objection no. 3 to the

24  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

25  period for all Requests as January 1, 2000 to the present.

26       To the extent this Request purports to require or would require Michael D.

27  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

28  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

3114986

- 58 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: Propounding party failed to designate a reasonable time, place, and

2    manner for inspection and copying.

3    <u>Defendants' Position re Request no. 53:</u>

4    Drobots Sr. and Jr. were involved together for years, until 2010, in the

5    business of the *Pharmacy Entity defendants*, *not* the Surgical Entity defendants, so

6    there is no reason to put the latter to the burden of searching the many thousands of

7    e-mails in their servers to or from Drobot Sr. for e-mails between these two to see if

8    they deal with the pharmacy business, as opposed to personal or family matters, or

9    other matters unrelated to the pharmacy businesses, especially given the breadth of

10   this request.

11   As to e-mails between them that do relate to the pharmacy businesses, there

12   likely are many thousands of them over the 10-year period in question over a myriad

13   of both management and mundane matters.  So the search for communications

14   "relating to the business of providing medical services or pharmaceuticals" is still

15   extremely broad and should be narrowed, given that it facially applies to many

16   matters of no or at most marginal relevance.

17   Drobot Sr. and Jr. shared in house and outside lawyers, including the

18   undersigned, as to the pharmacy businesses.  If any communications are ordered

19   compelled no communications with inside or outside lawyers or reflecting their

20   legal advice should be ordered produced, and no privilege log required as to them

21   given their numerosity and the general nature of this request.

22   <u>Request No. 54:</u> All COMMUNICATIONS between Michael D. Drobot, Sr.

23   and Michael R. Drobot, Jr. concerning any ENTITY DEFENDANT or other entity

24   directly or indirectly involved in the provision of medical services.

25   <u>Response to Request No. 54:</u> Objection: This category seeks the production of

26   documents not relevant to a party's claims or defenses.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 59 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category seeks the production of documents not relevant to

2    the subject matter involved in the action nor reasonably calculated to lead to the

3    discovery of admissible evidence.

4    Objection: This request has been propounded for the improper purpose of

5    causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

6    expense.

7    Objection: This category is not described with reasonable particularity in light

8    of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

9    include the entities and individuals listed in item 1 of propounding party's

10   "Definitions and Instructions." Responding parties further incorporate by reference

11   their objection no. 1 above to that portion of the "DEFINITIONS AND

12   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

13   "including any affiliates or related entities [and] affiliates."

14   Objection: This category is not described with reasonable particularity.

15   Objection: This request seeks records protected from disclosure by the right to

16   privacy, including but not limited to the privileges protecting financial and tax

17   records, and as confidential business matter.

18   Objection: This request is so overbroad as potentially to call for the

19   production of materials protected from disclosure by the attorney-client privilege or

20   the attorney work-product doctrine, and merely to require responding parties to

21   attempt to identify such materials, much less particularize them in a privilege log,

22   would in itself be unduly burdensome and harassing.

23   Objection: Responding parties incorporate here their objection no. 3 to the

24   "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

25   period for all Requests as January 1, 2000 to the present.

26   To the extent this Request purports to require or would require Michael D.

27   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

28   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 60 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: Propounding party failed to designate a reasonable time, place, and

2    manner for inspection and copying.

3        Defendants' Position re Request no. 54:

4        Again, given that Drobots Sr. and Jr. were involved together for years, until

5    2010, in the business of the Pharmacy Entity defendants, so this request would

6    "concern" all their communications and e-mails regarding those businesses over a

7    10-year period, without limitation.  Moreover, this request also seeks

8    communications regarding any "other entity directly or indirectly involved in the

9    provision of medical services," so this would include all communications and e-

10   mails with the doctors for whom the Pharmacy Entities managed dispensation of

11   pharmaceuticals, as well as with all other medical providers, without distinction.

12   Given that "ENTITY DEFENDANTS" is defined to include all "NAMED

13   DEFENDANTS" (except for Drobots Jr. and Sr.), which includes all employees,

14   agents, representatives, anyone else acting or purporting to act on the named person

15   or entity's behalf, ad nauseum, arguably this would require defendants to search all

16   their files and the entirety of their e-mail records for communications about such

17   persons as well. This request is obviously facially overbroad such that there is no

18   reason to put the Surgical Entity defendants to the burden of searching all of their

19   files and e-mail servers to locate and review communications between the Drobots

20   as to such unlimited subjects, many of which will be of no or at most marginal

21   relevance.

22       Drobot Sr. and Jr. shared in house and outside lawyers, including the

23   undersigned, as to the pharmacy businesses.  If any communications are ordered

24   compelled no communications with inside or outside lawyers or reflecting their

25   legal advice should be ordered produced, and no privilege log required as to them

26   given their numerosity and the general nature of this request.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 61 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    <u>Request No. 55:</u> All COMMUNICATIONS between Michael D. Drobot, Sr.

2  and Michael R. Drobot, Jr. concerning DRx, Aidarex, or any other pharmaceutical

3  wholesaler or repackager.

4    <u>Response to Request No. 55:</u> Objection: This category seeks the production of

5  documents not relevant to a party's claims or defenses.

6    Objection: This category seeks the production of documents not relevant to

7  the subject matter involved in the action nor reasonably calculated to lead to the

8  discovery of admissible evidence.

9    Objection: This request has been propounded for the improper purpose of

10  causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

11  expense.

12    Objection: This category is not described with reasonable particularity.

13    Objection: This request seeks records protected from disclosure by the right to

14  privacy, including but not limited to the privileges protecting financial and tax

15  records, and as confidential business matter.

16    Objection: This request is so overbroad as potentially to call for the

17  production of materials protected from disclosure by the attorney-client privilege or

18  the attorney work-product doctrine, and merely to require responding parties to

19  attempt to identify such materials, much less particularize them in a privilege log,

20  would in itself be unduly burdensome and harassing.

21    Objection: Responding parties incorporate here their objection no. 3 to the

22  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

23  period for all Requests as January 1, 2000 to the present.

24    To the extent this Request purports to require or would require Michael D.

25  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

26  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

27    Objection: Propounding party failed to designate a reasonable time, place, and

28  manner for inspection and copying.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 62 -

3114986        JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Defendants' Position re Request No. 59:

2        This request has nothing to do with the business of the Surgical Entity

3    defendants, so one must wonder why this request is even directed to the Surgical

4    Entities, rather than the Pharmacy Entities.

5        Drobot Sr. and Jr. shared in house and outside lawyers, including the

6    undersigned, as to the pharmacy businesses.  If any communications are ordered

7    compelled no communications with inside or outside lawyers or reflecting their

8    legal advice should be ordered produced, and no privilege log required as to them

9    given their potential numerosity.

10       Request No. 60: All COMMUNICATIONS between any NAMED

11   DEFENDANT and SeaSpine, AlphaTec, International Implants, Inc., or any other

12   spinal implant manufacturer or repackager.

13       Response to Request No. 60: Objection: This category seeks the production of

14   documents not relevant to a party's claims or defenses.

15       Objection: This category seeks the production of documents not relevant to

16   the subject matter involved in the action nor reasonably calculated to lead to the

17   discovery of admissible evidence.

18       Objection: This request has been propounded for the improper purpose of

19   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

20   expense.

21       Objection: This category is not described with reasonable particularity in light

22   of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

23   include the entities and individuals listed in item 1 of propounding party's

24   "Definitions and Instructions." Responding parties further incorporate by reference

25   their objection no. 1 above to that portion of the "DEFINITIONS AND

26   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

27   "including any affiliates or related entities [and] affiliates." No response given will

28   apply to or include, or attempt to apply to or include, any entity or person other than

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

1  the specific entities identified as "Responding Parties" in the caption to these

2  requests.

3       Objection: This category is not described with reasonable particularity.

4       Objection: This request purports to seek records protected from disclosure as

5  confidential business matter.

6       Objection: This request is so overbroad as potentially to call for the

7  production of materials protected from disclosure by the attorney-client privilege or

8  the attorney work-product doctrine, and merely to require responding parties to

9  attempt to identify such materials, much less particularize them in a privilege log,

10 would in itself be unduly burdensome and harassing.

11      Objection: Responding parties incorporate here their objection no. 3 to the

12 "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

13 period for all Requests as January 1, 2000 to the present.

14      To the extent this Request purports to require or would require Michael D.

15 Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

16 grounds of Drobot's right under the Fifth Amendment against self-incrimination.

17      Objection: Propounding party failed to designate a reasonable time, place, and

18 manner for inspection and copying.

19      Without waiving the foregoing objections and subject to them, responding

20 parties respond as follows: Upon entry of an appropriate protective order responding

21 parties will produce responsive documents.

22      <u>Defendants' Position re Request no. 60</u>:

23      Had State Fund pointed out that responsive documents had not been produced

24 defendants would have produced the responsive documents. They will do so.

25      <u>Request No. 61</u>: All DOCUMENTS involving Michael D. Drobot, Sr. acting

26 or purporting to act on behalf of any PHARMACY ENTITY DEFENDANT.

27      <u>Response to Request No. 61</u>: Objection: This category seeks the production of

28 documents not relevant to a party's claims or defenses.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 64 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   Objection: This request has been propounded for the improper purpose of

2   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

3   expense.

4   Objection: This category is not described with reasonable particularity.

5   Responding parties cannot reasonably be required to guess what propounding party

6   means by "involving."

7   Objection: This request seeks records protected from disclosure by the right to

8   privacy, including but not limited to the privileges protecting financial and tax

9   records, and as confidential business matter.

10   Objection: This request is so overbroad as potentially to call for the

11   production of materials protected from disclosure by the attorney-client privilege or

12   the attorney work-product doctrine, and merely to require responding parties to

13   attempt to identify such materials, much less particularize them in a privilege log,

14   would in itself be unduly burdensome and harassing.

15   Objection: Responding parties incorporate here their objection no. 3 to the

16   "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

17   period for all Requests as January 1, 2000 to the present.

18   To the extent this Request purports to require or would require Michael D.

19   Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

20   grounds of Drobot's right under the Fifth Amendment against self-incrimination.

21   Objection: Propounding party failed to designate a reasonable time, place, and

22   manner for inspection and copying.

23   Defendants' Position re Request no. 61:

24   This request is not stated with reasonable particularity.  What does "acting or

25   purporting to act on behalf" of the Pharmacy Entities mean?  Does that extend to

26   any time Mr. Drobot sent an e-mail concerning those businesses for the 10-year

27   period in question?

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 65 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1  Because this request involves the business of the Pharmacy Entity defendants
2  rather than that of the Surgical Entity defendants, and given its potential breadth,
3  there is no reason to put the latter to the burden of searching the entirety of its e-mail
4  servers to pull the many thousands of e-mails sent or received by Mr. Drobot Sr. and
5  then review them to see if they might concern in some way the Pharmacy Entities.

6  If any documents are ordered compelled none reflecting communications with
7  inside or outside lawyers or their legal advice should be ordered produced, and no
8  privilege log required as to them.

9  <u>Request No. 63:</u> DOCUMENTS sufficient to identify any individual that has
10  provided employment services to more than one NAMED DEFENDANT.

11  <u>Response to Request No. 63:</u> Objection: This category seeks the production of
12  documents not relevant to a party's claims or defenses.

13  Objection: This category seeks the production of documents not relevant to
14  the subject matter involved in the action nor reasonably calculated to lead to the
15  discovery of admissible evidence.

16  Objection: This request has been propounded for the improper purpose of
17  causing, and will cause, annoyance, embarrassment, oppression, or undue burden or
18  expense.

19  Objection: This category is not described with reasonable particularity in light
20  of the overbroad, oppressive definition of the term NAMED DEFENDANTS to
21  include the entities and individuals listed in item 1 of propounding party's
22  "Definitions and Instructions." Responding parties further incorporate by reference
23  their objection no. 1 above to that portion of the "DEFINITIONS AND
24  INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as
25  "including any affiliates or related entities [and] affiliates." No response given will
26  apply to or include, or attempt to apply to or include, any entity or person other than
27  the specific entities identified as "Responding Parties" in the caption to these
28  requests.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This category is not described with reasonable particularity.

2  Responding parties cannot reasonably be required to guess what propounding party

3  means by "employment services."

4    Objection: This request purports to seek records protected from disclosure by

5  the right to privacy, including but not limited to the privileges protecting financial

6  and tax records.

7    Objection: This request is so overbroad as potentially to call for the

8  production of materials protected from disclosure by the attorney-client privilege or

9  the attorney work-product doctrine, and merely to require responding parties to

10  attempt to identify such materials, much less particularize them in a privilege log,

11  would in itself be unduly burdensome and harassing.

12    Objection: Responding parties incorporate here their objection no. 3 to the

13  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

14  period for all Requests as January 1, 2000 to the present.

15    To the extent this Request purports to require or would require Michael D.

16  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

17  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

18    Objection: Propounding party failed to designate a reasonable time, place, and

19  manner for inspection and copying.

20    <u>Defendants' Position re Request no. 63</u>:

21    This request is uncertain so defendants are unable to respond to it. Does it

22  mean any individual who has ever been employed by more than one named

23  defendant, or only concurrently, or does it refer to individuals who provide

24  employees and did so to at least two named defendants?  If the former the request is

25  utterly overbroad and burdensome in that it would require review of all employees

26  over the years and who they worked for.  If the latter, State Fund has not explained

27  how the request is relevant to any claim or defense in this action.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 67 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    <u>Request No. 65:</u> All DOCUMENTS concerning any formal or informal

2    agreement between any NAMED DEFENDANT and any physician or other medical

3    provider.

4    <u>Response to Request No. 65:</u> Objection: This category seeks the production of

5    documents not relevant to a party's claims or defenses.

6    Objection: This category seeks the production of documents not relevant to

7    the subject matter involved in the action nor reasonably calculated to lead to the

8    discovery of admissible evidence.

9    Objection: This request has been propounded for the improper purpose of

10   causing, and will cause, annoyance, embarrassment, oppression, or undue burden or

11   expense.

12   Objection: This category is not described with reasonable particularity in light

13   of the overbroad, oppressive definition of the term NAMED DEFENDANTS to

14   include the entities and individuals listed in item 1 of propounding party's

15   "Definitions and Instructions." Responding parties further incorporate by reference

16   their objection no. 1 above to that portion of the "DEFINITIONS AND

17   INSTRUCTIONS" purporting to define the term "NAMED DEFENDANTS" as

18   "including any affiliates or related entities [and] affiliates." No response given will

19   apply to or include, or attempt to apply to or include, any entity or person other than

20   the specific entities identified as "Responding Parties" in the caption to these

21   requests.

22   Objection: This category is not described with reasonable particularity.

23   Responding parties cannot reasonably be required to guess what propounding party

24   means by "concerning" or "formal or informal agreement."

25   Objection: This request purports to seek records protected from disclosure by

26   the right to privacy, including but not limited to the privileges protecting financial,

27   tax, and medical records, and as confidential business matter.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 68 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Objection: This request is so overbroad as potentially to call for the

2  production of materials protected from disclosure by the attorney-client privilege or

3  the attorney work-product doctrine, and merely to require responding parties to

4  attempt to identify such materials, much less particularize them in a privilege log,

5  would in itself be unduly burdensome and harassing.

6    Objection: Responding parties incorporate here their objection no. 3 to the

7  "DEFINITIONS AND INSTRUCTIONS" as to the statement of the relevant time

8  period for all Requests as January 1, 2000 to the present.

9    To the extent this Request purports to require or would require Michael D.

10  Drobot, Sr. to search, inquire or respond responding parties and Drobot object on

11  grounds of Drobot's right under the Fifth Amendment against self-incrimination.

12    Objection: Propounding party failed to designate a reasonable time, place, and

13  manner for inspection and copying.

14    <u>Defendants' Position re Request no. 65</u>:

15    The problem with this request is its failure to define what is sought with

16  reasonable particularity, and its marked overbreadth.  There is no guidance provided

17  as to which subjects agreements are sought.  Would an agreement to buy or sell a

18  piece of equipment suffice?  An agreement to perform a medical service on one

19  occasion?  To bill or collect for a medical service?  To teach at Pacific Hospital?

20  Similarly "informal agreements" are not defined. What does that mean?  Defendants

21  are left to speculate.  So they do not know what to search for or where. The problem

22  is compounded by the expansion of the request to encompass all documents

23  "concerning" such ill-defined agreements.   The startling breadth of this request can

24  be seen since it purports to encompass all physicians and medical providers that the

25  Surgical Entity defendants may have dealt with over a 10-year period.  It necessarily

26  would impose an undue burden on defendants to conduct such a wide-ranging

27  search.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 69 -

3114986

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1   State Fund does not begin to explain above how such agreements are relevant
2   to any of its claims, leaving defendants and the court to speculate, as if the request
3   were self-explanatory.  If this request is somehow designed, sub silentio, to get at
4   payments of kickbacks to physicians as alleged in the FAC it fails miserably.  State
5   Fund is capable of drafting a proper request directed to agreements that are part of a
6   scheme to pay such kickbacks.  It has not done that here.

7   In sum, defendants should not be required to respond further to this
8   blunderbuss request.

9   **V.   PLAINTIFFS' CONCLUSION**

10  The Surgical Entities have no basis for failing to produce documents
11  responsive to the Document Requests at issue in this motion.  Thus, State Fund
12  respectfully requests that this Court compel the Surgical Entities to produce
13  responsive documents in 20 days and stop these unreasonable and prejudicial delay
14  tactics.

15  **VI.   DEFENDANTS' CONCLUSION**

16  The Surgical Defendants have amply justified their position as to each
17  request, as stated above.  State Fund's motion should be denied.

18

19  Dated:  August 18, 2014                   IRELL & MANELLA LLP

20

21                                            By:_____/s/ Michael R. Fehner_____
22                                            Michael R. Fehner
23                                            Attorneys for Plaintiff
                                              STATE COMPENSATION
                                              INSURANCE FUND, a Public
24                                            Enterprise Fund and Independent
                                              Agency of the State of California
25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3114986

- 70 -

JOINT STIPULATION REGARDING STATE FUND'S FIRST MOTION TO COMPEL TO REQUESTS
FOR PRODUCTION FROM SURGICAL ENTITY DEFENDANTS

1    Dated:  August 18, 2014          NORRIS & GALANTER  LLP

2

3                                By: /s/ Donald G. Norris[2]

4                                     Donald G. Norris
                                    Attorneys for Defendants

5                                     Michael D. Drobot, Sr., HealthSmart
                                    Pacific, Inc., HealthSmart Pacific, Inc.

6                                     d/b/a Pacific Hospital of Long Beach,
                                    and Long Beach Pain Center Medical

7                                     Clinic, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27          [2] I, Michael Fehner, certify that permission was given to me to electronically

28 file this joint stipulation by Mr. Norris in email communications exchanged on
August 28, 2014.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

3114986

- 71 -