# EXHIBIT C

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

February 10, 2014

**VIA E-MAIL AND U.S. MAIL**

Donald G. Norris, Esq.
Norris & Galanter LLP
523 West Sixth St., Suite 716
Los Angeles, CA 90014

    Re:     <u>State Compensation Insurance Fund v. Michael D. Drobot, Sr., et al.</u>

Dear Don:

    We write to confer regarding several discovery issues, including (1) the recent discovery responses of Defendants Healthsmart Pacific Inc., Healthsmart Pacific Inc d/b/a Pacific Hospital of Long Beach, and Long Beach Pain Center Medical Clinic, Inc. (collectively, the "Surgical Entity Defendants") to Plaintiff State Compensation Insurance Fund's ("State Fund's") First Set of Requests for Production of Documents ("RFPs"); (2) Michael D. Drobot, Sr.'s Responses to State Fund's First Set of Requests for Admission ("RFAs"); and (3) dates for the deposition of Mr. Drobot, Sr. We should set a meet and confer session as soon as we can.

**I.     Surgical Entity Defendants' RFP Responses**

    The Surgical Entity Defendants' responses to State Fund's First Set of Requests for Production of Documents ("RFP Responses") can largely be grouped into two categories: (1) Responses where Surgical Entity Defendants provide only boilerplate objections; and (2) Responses where Surgical Entity Defendants essentially re-write the request via its response, thereby substantially and unilaterally limiting the scope of production. Both tactics are inappropriate.

    A.     <u>RFP Responses With Only Objections</u>

    Responses to RFP Nos. 1-5, 16-18, 21-22, 26-30, 32, 34, 38, 40-47, 49, 50-55, 61, and 63-65 provide only objections. The Surgical Entity Defendants' objections are boilerplate and mostly just baldly assert lack of relevance, supposed burdensomeness, and Michael D. Drobot, Sr.'s Fifth Amendment rights against self-incrimination.

    As for alleged burdensomeness, the requests in fact are tailored to the allegations made in the complaint, as well as the Surgical Entity Defendants' asserted defenses. Thus,

2967532

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Donald G. Norris, Esq.
February 10, 2014
Page 2

they are well within the broad and liberal standard for relevancy. *See Santa Monica Baykeeper v. Kramer Metals, Inc.*, No. CV. 07-3849 DDP (FMOx), 2009 U.S. Dist. LEXIS 69130, at *3 (C.D. Cal. Feb. 27, 2009) ("Relevanc[e] is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.") (alteration in original).

Moreover, the Surgical Entity Defendants "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is... overly broad, burdensome or oppressive." *Id.* at *21 (alteration in original). The Surgical Entity Defendants have not established the basis for their burdensomeness objections, and their "generalized objections of burdensomeness are insufficient." *Id.* at *22-23. Blanket objections based on relevancy and burdensomeness do not justify a refusal to produce.

Nor do the Surgical Entity Defendants' repeated objections based on Mr. Drobot, Sr.'s Fifth Amendment rights against self-incrimination justify a lack of production here. State Fund's Requests are directed at the Surgical Entity Defendants and, as corporate entities or businesses, the Surgical Entity Defendants have no Fifth Amendment privilege against self-incrimination. *Ebay, Inc. v. Digital Point Solutions, Inc.*, C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *19 (N. D. Cal. Feb. 25, 2010); *see also Comcast of L.A., Inc. v. Top End Int'l*, CV 03-2214-JFW (RCx), 2003 U.S. Dist. LEXIS 18640, at *11(C.D. Cal. July, 2, 2003). Furthermore, "a corporation cannot secure for itself the benefits of a privilege it does not have by selecting an agent who, for fear of self-incrimination, cannot respond on behalf of the corporation." *Ebay*, 2010 U.S. Dist. LEXIS 23253, at *23 (internal citations and quotation marks omitted). And, in any event, assertion of one's Fifth Amendment rights does not justify refusal to produce requested documents. *See* 6 Higginbotham, Moore's Federal Practice – Civil §26.51 (2013) ("[T]he Fifth Amendment does not protect business and personal documents, especially those that are voluntarily prepared, because by definition their creation was never compelled."). Thus, the Surgical Entity Defendants' purported assertion of Drobot, Sr.'s Fifth Amendment rights does not excuse the Surgical Entity Defendants from their obligation to produce the requested documents.

As for the Surgical Entity Defendants' confidentiality objections, they also do not justify a lack of production here. As the Surgical Entity Defendants have themselves noted, confidentiality issues can be addressed through a protective order, which we have drafted based on Judge Guilford's standard protective order and are sending under separate cover.

Accordingly, State Fund demands that the Surgical Entity Defendants amend their RFP Responses to allow State Fund identify whether documents are being withheld, and if they are, on what basis.

2967532

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Donald G. Norris, Esq.
February 10, 2014
Page 3

### B. RFP Responses Unilaterally Limiting the Scope of Requests

The Surgical Entity Defendants' responses to RFP Nos. 8, 19-20, 24-25, 31, 33, 35-36, 44, and 60 inappropriately attempt to unilaterally limit the scope of production. The Surgical Entity Defendants attempt to avoid producing certain communications and important categories of responsive documents, such as emails and correspondence. However, as State Fund's requests make clear, "COMMUNICATIONS" include "any transmittal and/or receipt of information." *See* Requests, Definitions ¶ 8. Furthermore, "DOCUMENTS" is used in the broadest sense permissible and includes, among many other things, emails, correspondence, and memoranda. *See* Requests, Definitions ¶ 9.

The Surgical Entity Defendants' response to request No. 25 exemplifies this impermissible conduct. Request No. 25 seeks "[a]ll DOCUMENTS concerning the SALE OF PHLB, including, without limitation, internal and external COMMUNICATIONS." In addition to boilerplate objections, the Surgical Entity Defendants respond to this request that with the entry of a protective order they "will agree to produce a redacted copy of the 2013 purchase and sale agreement," ignoring the fact that the request seeks relevant documents beyond the purchase agreement. Again, State Fund demands that the Surgical Entity Defendants amend their RFP Responses to allow State Fund identify whether documents are being withheld, and if they are, on what basis.

In such cases, rolling productions are often employed, where the most readily available documents are produced first. State Fund is of course willing to discuss such an arrangement, but currently has little basis to believe that any meaningful documents will be produced at all. Especially given the refusal, both of your clients and of the purchasers of Pacific Hospital, to provide the most basic agreements (see below), it seems additional court action will be necessary in order to retrieve the information to which State Fund is entitled.

## II. Drobot, Sr.'s RFA Responses

Your client failed to respond to any of State Fund's 76 requests for admission, purportedly because of concerns about self-incrimination. But such a blanket objection of Drobot, Sr.'s Fifth Amendment rights—in response to every single one of State Fund's RFAs—is improper. *Dish Network LLC v. SatFTA*, C 09-1561 JF (PVT), 2009 U.S. Dist. LEXIS 64799, at *4 (N. D. Cal. July 13, 2009). Accordingly, State Fund intends to move to deem the requests admitted, or in the alternative, to compel revised responses.

## III. Deposition of Drobot, Sr.

On January 14, 2014, State Fund noticed the deposition of Michael D. Drobot, Sr. for February 20, 2014. You stated that the noticed date would not work for you, and so on

2967532

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Donald G. Norris, Esq.
February 10, 2014
Page 4

January 20, 2014, we asked you for dates earlier in February. To date, we have not received a response. Please provide available dates without further delay.

## IV.   Conclusion

We hope these matters can be resolved without court intervention, and look forward to working toward a resolution. However, particularly with respect to document requests and requests for admissions relating to the sale of Pacific Hospital and Pacific Hospital's new owners, time is of the essence. State Fund must be able to review all relevant, non-privileged documents and consider Drobot Sr.'s responses to requests for admission in order to assess whether any additional parties may be liable for the acts alleged in the First Amended Complaint. In light of your clients' continued refusal to respond, State Fund will have no choice but to involve the Court should it not receive these documents and responses in a timely manner.

Sincerely,

*Michael R. Fehner* /MRB

Michael R. Fehner

MRF

2967532