IRELL & MANELLA LLP
John C. Hueston (164921; jhueston@irell.com)
Michael Fehner (207312; mfehner@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

Attorneys for *Plaintiff*
State Compensation Insurance Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, | Case No. SACV 13-00956-AG (CWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| MICHAEL D. DROBOT, SR., et al., | |
| Defendants. | |

1

2  **I.      <u>PURPOSE AND LIMITS OF THIS ORDER</u>**

3         Discovery in this action is likely to involve confidential, proprietary, or private

4  information, including information that third parties and/or non-parties may contend is

5  confidential health information, which should be given special protection from public disclosure

6  and from use for any purpose other than this litigation.  Thus, the Court enters this Protective

7  Order ("Order").  This Order does not confer blanket protections on all disclosures or responses to

8  discovery, and the protection it gives from public disclosure and use extends only to the specific

9  material entitled to confidential treatment under the applicable legal principles.  This Order does

10 not automatically authorize the filing under seal of material designated under this Order.  Instead,

11 the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  With the

12 exception of the purported confidential health information ("CHI") discussed in Section II, this

13 Order does not govern the use at trial of material designated under this Order.

14 **II.     <u>CONFIDENTIAL HEALTH INFORMATION</u>**

15        The parties recognize that it may be necessary during the course of this litigation to

16 produce, receive, subpoena, and transmit purported CHI belonging to third-parties and non-parties

17 to other parties, third-parties, and non-parties and their attorneys and representatives.  The parties

18 hereto will make reasonable efforts to limit their uses and disclosures of, and requests for, CHI to

19 the minimum necessary for the intended use, disclosure, or request.   The parties recognize the

20 need to provide for the expeditious transfer of some CHI to other parties and to their

21 representatives in connection with the above captioned proceeding (the "Proceeding") and further

22 recognize the need to provide for the continued confidentiality of that information.  To achieve

23 these goals, and with the agreement of the parties:

24        A.      The parties and their attorneys are hereby authorized to receive, subpoena, and

25                transmit CHI relating to any third party or non-party, to the extent and subject to

26                the conditions outlined herein.

27        B.      For purposes of this Protective Order, confidential health information, or "CHI,"

28                shall mean any document or health information supplied in electronic or physical

1    form, or any portion thereof, that the designating party reasonably and in good faith

2    contends identifies an individual or claimant, and is related to the past, present, or

3    future care, services, or supplies relating to the physical or mental health or

4    condition of such individual, the provision of health care to such individual, or the

5    past, present or future payment for the provision of health care to such individual.

6    CHI includes, but is not limited to, information that the designating party

7    reasonably and in good faith contends are medical bills, claims forms, charge

8    sheets, medical records, medical charts, test results, notes, dictation, invoices,

9    itemized billing statements, remittance advice forms, explanations of benefits,

10   checks, notices, and requests containing individually identifiable information.  CHI

11   also includes information that the designating party reasonably and in good faith

12   contends are notes, summaries, compilations, extracts, abstracts, or oral

13   communications that contain, or are based on, confidential health information and

14   contain individually identifiable information.

15   C.   For purposes of this Protective Order, the foregoing definition of "confidential

16        health information," or "CHI," does not apply to any document or health

17        information that has been de-identified, and de-identification of a copy of

18        confidential health information voids any designation of "CHI" as to that copy.

19        De-identification occurs when the following identifiers of the individual receiving

20        medical treatment or claimant, or the relatives, employers, or household members

21        of the individual receiving medical treatment or claimant, are removed, and the

22        party performing the de-identification has no actual knowledge that the remaining

23        information could be used alone or in combination with other information to

24        identify an individual who is a subject of the information:

25

26

27

28

[Stipulated] Protective Order
Case No. SACV 13-00956-AG (CWx)

1.   Names;

2.   All geographic subdivisions smaller than a State;

3.   All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

4.   Telephone numbers;

5.   Fax numbers;

6.   Electronic mail addresses;

7.   Social security numbers;

8.   Medical record numbers;

9.   Health plan beneficiary numbers;

10.   Account numbers;

11.   Certificate/license numbers;

12.   Vehicle identifiers and serial numbers, including license plate numbers;

13.   Device identifiers and serial numbers;

14.   Web Universal Resource Locators (URLs);

15.   Internet Protocol (IP) address numbers;

16.   Biometric identifiers, including finger and voice prints;

17.   Full face photographic images and any comparable images; and

18.   Any other unique identifying number, characteristic, or code, except proprietary or re-identification codes which meet the following requirements:

    a.   The code or other means of record identification is not derived from or related to information about the individual and is not otherwise capable of being translated so as to identify the individual; and

b.    The assigner does not use or disclose the code or other means of record identification for any other purpose, and does not disclose the mechanism for re-identification.

D.    The parties and their attorneys may not use or disclose CHI for any purpose other than use in the above-captioned action.

E.    CHI may be disclosed only to the following persons or entities (and subject to the conditions herein):

    1.    This Court and all persons assisting this Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel;

    2.    Persons or entities retained as consultants, experts, or contractors for any party and principals and employees of the firms with which the consultants, experts, or contractors are associated, as well as subcontractors for any such persons or entities;

    3.    Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

    4.    Any person who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness, provided that counsel first comply with the requirements of Section II.F of this Order;

    5.    Any other person hereafter designated by written stipulation of the parties, or by further order of this Court; and

    6.    The parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel.

F.    Prior to disclosing any CHI to persons or entities involved in this litigation pursuant to Section II.E.2 through II.E.6 of this Order, counsel shall inform each such person or entity that the CHI may not be used or disclosed for any purpose other than this

1  litigation.  Counsel shall take all other reasonable steps to ensure that persons

2  receiving any CHI do not use or disclose such information for any purpose other

3  than this litigation.  No CHI may be disclosed to any person identified in Section

4  II.E.2 through II.E.6 of this Order unless such person is given a copy of this Order

5  and advised that the information contained in the document or material is CHI and

6  informed that an unauthorized disclosure of the CHI may constitute a contempt of

7  this Court.  Each person or entity to whom CHI is disclosed pursuant to Section

8  II.E.2 through II.E.6 of this Order shall execute the Agreement to Be Bound

9  attached hereto as Exhibit A.  Copies of the executed Agreements shall be retained

10  by counsel for the party or parties who disclosed the CHI to such persons.

11  G.  Any persons or entities involved in this litigation who are supplied CHI pursuant to

12  Section II.E of this Order may not use or disclose the CHI for any purpose other

13  than use in the above-captioned action.  Any such use or disclosure of CHI by that

14  person or entity must be the minimum necessary for purposes of the litigation.  Any

15  persons or entities involved in this litigation who are supplied CHI pursuant to

16  Section II.E.2 through II.E.6 of this Order must use appropriate safeguards and

17  comply with any and all security measures required by the party or attorney

18  disclosing the CHI.  Any such persons or entities must promptly report to the party

19  or attorney that supplied the CHI any use or disclosure of the CHI that is not

20  provided for by this Protective Order.

21  H.  When documents or material containing CHI are produced in discovery, the

22  producing party shall designate them as "confidential" in the manner set forth in

23  this paragraph.  To designate "confidential health information" material covered by

24  this Order, the producing party shall so designate, on the material itself, or in an

25  accompanying cover letter or email, by using the following designation:

26  "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE

27  ORDER."  All parties and attorneys receiving the documents or material may use

28  such designated records only for the purposes of the above-captioned action and

1    may disclose them to other persons or entities involved in the litigation process

2    only as specified within this Order, and only if the person or entity executes the

3    Agreement to Be Bound attached hereto as Exhibit A.

4    I.    Within 45 days after the conclusion of the litigation as to any defendant (defined as

5          the point at which final orders disposing of the entire case as to any defendant have

6          been entered, or the time at which all trial and appellate proceedings have been

7          exhausted as to any defendant), that defendant, that defendant's attorneys, and any

8          person or entity in possession of CHI received pursuant to Section II.E of this

9          Order, shall (i) return that CHI, including all copies thereof, to the party from

10         whom the CHI originated, or (ii) destroy the CHI, including all copies thereof, and

11         in either case shall retain no CHI in its files, except that the remaining defendants

12         in the litigation, and persons or entities receiving CHI from those defendants, may

13         retain CHI in their possession.  Counsel are not required to secure the return of CHI

14         submitted to the court.

15   J.    This Order does not control or limit the use of CHI pertaining to any third party or

16         non-party that comes into the possession of the parties or their attorneys from a

17         source other than the parties or subpoenaed third parties.

18   K.    This Order does not constitute a judicial determination that any information that is

19         designated CHI in this litigation is, in fact, CHI whose use and disclosure is

20         covered by federal or state law.  To the contrary, no such judicial determination has

21         been made.  The purpose of this Order is to provide an appropriate, agreed-upon

22         method for the use and disclosure of information that is reasonably and in good

23         faith claimed to be CHI.

24   **III.   DESIGNATING PROTECTED MATERIAL**

25   A.    **Over-Designation Prohibited**.  Any party or non-party who designates

26         information or items for protection under this Order as "CONFIDENTIAL" or

27         "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must

28         only designate specific material that qualifies under the appropriate standard.

Designation of material as CONFIDENTIAL under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material, including material that would otherwise constitute CHI, may not be designated if it has been made public, including that filed with or provided to the California Workers' Compensation Board that is publicly available from that agency, or if designation is otherwise unnecessary to protect a secrecy interest. Matter introduced at public hearing or trial in this matter shall not remain confidential absent an additional order of the court.  With respect to confidential information that will be designated as subject to the more restrictive confidentiality designation allowed herein, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, the Parties will use that more restrictive designation only if the disclosing party reasonably and in good faith believes that the material being designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY contains: (a) trade secrets; or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients delineated herein. To the extent practicable, only those parts of documents, items, or oral or written communications that legitimately require protection shall be designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. Designations with a higher confidentiality level when a lower level would suffice are prohibited and expose the designator to appropriate sanctions. Mass, indiscriminate, or routinized designations are prohibited and expose the designator to the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  If a designator learns that information or

1    items that it designated for protection do not qualify for protection, that designator

2    must promptly notify all parties that it is withdrawing the mistaken designation.

3    B.    **Manner and Timing of Designations**.  Designation under this Order requires the

4    designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY

5    CONFIDENTIAL - ATTORNEY EYES ONLY") to each page that contains

6    protected material, *except* in the case of information designated as

7    "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE

8    ORDER," which may be designated in the manner discussed in Section II.H.  For

9    testimony given in deposition or other proceeding, the designator shall specify all

10   protected testimony and the level of protection being asserted.  It may make that

11   designation during the deposition or proceeding, or may invoke, on the record or by

12   written notice to all parties on or before the next business day, a right to have up to

13   21 days from the deposition or proceeding to make its designation.

14   1.    A party or non-party that makes original documents or materials available

15         for inspection need not designate them for protection until after the

16         inspecting party has identified which material it would like copied and

17         produced.  During the inspection and before the designation, all material

18         shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES

19         ONLY.  After the inspecting party has identified the documents it wants

20         copied and produced, the producing party must designate the documents, or

21         portions thereof, that qualify for protection under this Order.

22   2.    Parties shall give advance notice if they expect a deposition or other

23         proceeding to include designated material so that the other parties can

24         ensure that only authorized individuals are present at those proceedings

25         when such material is disclosed or used.  The use of a document as an

26         exhibit at a deposition shall not in any way affect its designation.

27         Transcripts containing designated material shall have a legend on the title

28         page noting the presence of designated material, and the title page shall be

followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  Each identified page containing designated material shall be marked "CONFIDENTIAL."  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

C.   **Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

IV.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations under this order shall proceed under L.R. 37-1 through L.R. 37-4.  The designating party asserting confidentiality shall have the burden of proof as to same.

V.   **ACCESS TO DESIGNATED MATERIAL**

A.   **Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

B.   **Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

1.   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

2.     The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to be Bound (Exhibit A);

3.     Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.     The Court and its personnel;

5.     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

6.     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

7.     The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

C.     **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

1.     Plaintiff's outside counsel of record in this action, Irell & Manella LLP, specifically the following Irell & Manella LLP attorneys:

|    |    |    |                      |
|----|----|----|----------------------|
| 1  |    | a. | John C. Hueston      |
| 2  |    | b. | Michael Fehner       |
| 3  |    | c. | Alison Plessman      |
| 4  |    | d. | Jennifer Bunn        |
| 5  |    | e. | Michael Behrens      |
| 6  |    | f. | Lauren Shaw;         |

2.   Non-attorney employees of Plaintiff's outside counsel of record to whom it is reasonably necessary to disclose the information;

3.   Defendants' counsel of record in this action; specifically the following attorneys:

     a.   Nicholas Roxborough

     b.   Drew Pomerance

     c.   Joseph Gjonola

     d.   Anne Kelson

     e.   Jerry Sparks

     f.   Donald Norris

     g.   Douglas Galanter;

4.   Non-attorney employees of Defendants' counsel of record to whom it is reasonably necessary to disclose the information;

5.   The following in-house counsel of Plaintiff:

     a.   Lisa Tang

     b.   Vincent Codispoti.

6.   The Court and its personnel;

7.   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

8. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

9. With timely written notice to all parties, Plaintiff shall have the ability to add or remove attorneys to whom HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed from subsections V. C.1 and V.C.5, above.  With timely written notice to all parties, each Defendant shall have the ability to add or remove attorneys to whom HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed from subsection V.C.3, above, but only for that particular Defendant's counsel of record.

10. Any party challenging the designation by another party of one or more attorneys to whom HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed shall proceed under L.R. 37-1 through L.R. 37-4. The challenging party shall have the burden of proof as to why it would be especially detrimental or harmful to the challenging party were HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material to be disclosed to that attorney or those attorneys.

D. **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to Experts.**  Unless agreed to in writing by the designator:

1. A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary

residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

2. A party that makes a request and provides the information specified in paragraph D.1 may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

3. All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

E. **Confidential Health Information.**  No part of this Section shall apply to CHI as defined in Section II; to the contrary, the procedures that this Order approves for the use and disclosure of CHI are those set forth in Section II.

VI. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A. **Subpoenas and Court Orders**.  This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this

section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

B. **Notification Requirement**.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, that party must:

1. Promptly notify the designator in writing.  Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

3. Cooperate with all reasonable procedures sought by the designator whose material may be affected.

C. **Wait For Resolution of Protective Order**.  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission.  The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

D. **Confidential Health Information.**  No part of this Section shall apply to CHI as defined in Section II; to the contrary, the procedures that this Order approves for the use and disclosure of CHI are those set forth in Section II.

VII. <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately

(1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## VIII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## IX.   FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material, except CHI that has been de-identified as described in section II, *supra*.  A party seeking to file under seal any designated material must comply with L.R. 79-5.1.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## X.   FINAL DISPOSITION

Within 120 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 120-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, court hearing and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain subject to this Order, excepting matter publicly introduced at hearing or trial herein. Section II of this Order applies to the disposition of CHI.

IT IS SO ORDERED.

DATED:  August  21, 2014        _____

United States Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 20__, in the case of *State Compensation Insurance Fund v. Michael D. Drobot, Sr., et al.*, Case No. SACV 13-00956-AG (CWx).  I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Protective Order, and I agree to the below provisions.  Terms used in this Agreement have the same meanings given them in the Protective Order.

I agree not to reveal confidential health information supplied to me by any person or entity in accordance with the provisions of the Protective Order to anyone other than another person who is identified in Section V.B.2 through V.B.6 of that Protective Order <u>and</u> who has executed this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed _____

Printed name: _____

Signature: _____