UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS THIRD PARTY COMPLAINT

Defendants and Third-Party Plaintiffs Healthsmart Pacific, Inc.; Healthsmart Pacific, Inc. d/b/a Pacific Hospital of Long Beach; Michael D. Drobot, Sr.; Long Beach Pain Center Medical Clinic, Inc.; International Implants, LLC; Pacific Specialty Physician Management, Inc.; and First Medical Management, Inc. (collectively, "Third-Party Plaintiffs") filed a Third-Party Complaint ("TPC") against numerous Third-Party Defendants, who are essentially individuals and their corresponding medical corporations. The lawsuit generally concerns a fraud that was allegedly perpetrated on Plaintiff State Compensation Insurance Fund ("SCIF") by Third-Party Plaintiffs and others. The others, according to the TPC, are Third-Party Defendants.

This Order concerns a Motion to Dismiss and a Motion to Strike filed by Third-Party Defendants Jacob E. Tauber and Jacob E. Tauber, M.D., a Professional Corporation (Dkt. No. 682) and a Motion to Dismiss filed by Third-Party Defendants Ian I. Armstrong and Ian I. Armstrong, M.D., Inc., a Medical Corporation (Dkt. No. 684).

Tauber and his accompanying professional corporation filed a joinder in motion to Armstrong's Motion to Dismiss. (Dkt. No. 726.) Joinder in motion papers were also filed by Third-Party Defendants Gerald A. Alexander (Dkt. No. 704); Michael E. Barri and Jojaso Management, Inc. (Dkt. No. 727); Timothy J. Hunt and Allied Medical Group, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

(Dkt. No. 728); and Edward Komberg; Alan C. Ivar, D.C.; Griffin Medical Group, Inc.; and South Coast Rehabilitation Center, Inc. (Dkt. No. 732) as to the Tauber and Armstrong motions.

There appears to be five other motions to dismiss the TCP (Dkt. Nos. 698, 705, 707, 715, 730) filed by various Third-Party Defendants. These motions are set for hearing in the weeks after the hearing on the motions that are the subject of this Order.

The Court DENIES the Motion to Strike. The Court GRANTS in part and DENIES in part the Motions to dismiss. As set forth in this Order, the Court gives leave to amend.

**PRELIMINARY MATTERS**

Under Rule 14, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). The Court very briefly reviewed the voluminous docket, but it appears Third-Party Plaintiffs did not follow the procedures set forth in this rule. It appears that no parties have challenged the actual filing of the TCP.

The parties have spent significant time making numerous arguments concerning, among other things, prejudice to Third-Party Defendants. Some such prejudice is purported to include the time required to review the record and discovery in this action. When the Court considered granting SCIF leave to amend its SAC, argument essentially concerned Rules 15 and 16. The arguments raised in the motions that are the subject of this Order generally concern severing under Rule 14(a)(4), dismissing under Rule 12(b)(6), or deciding whether to exercise supplemental jurisdiction. It appears that no parties timely raised the Rule 14(a)(1) issue. Given the continuance of the trial and associated dates and the filing of the TAC, it is likely that little can now change.

**BACKGROUND**

The following facts are generally taken from the TCP. For the purposes of the Motions to Dismiss, the Court assumes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

facts alleged in the TPC as true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

The TPC seeks to allege claims for equitable indemnity and declaratory relief based on claims brought by SCIF. (TPC, Dkt. No. 534.) According to the TPC, the Second Amended Complaint ("SAC") has RICO claims and California state law claims. (*Id.*, ¶ 1.) Also according to the TPC, the Court has jurisdiction "over the RICO claims between Plaintiff and the Third-Party Plaintiffs, and has supplemental jurisdiction over the California [state] law claims between them. The claims asserted in this [TPC] arise out of the same facts and circumstances as those of [SCIF's] SAC so that the Court may exercise supplemental jurisdiction over it under 28 U.S.C. § 1367(a)." (*Id.*, ¶¶ 2-3.)

The TPC generally has allegations concerning dealings between the Third-Party Plaintiffs. The remainder of the allegations essentially track the following allegation.

> On information and belief, at all relevant times Third-Party Defendant Jacob E. Tauber was a physician licensed to practice medicine in the state of California, doing business in Los Angeles county, California. On information and belief, at all relevant times Third-Party Defendant Jacob E. Tauber was a principal of, and did business as Third-Party Defendant Jacob E. Tauber, M.D., a professional corporation, a California corporation. On information and belief, said Third-Party Defendants *engaged in acts and omissions alleged in the SAC to be unlawful.*

(*Id.*, ¶ 24 (emphasis added).) Under the equitable indemnity claim section, the TCP essentially, and very briefly, summarizes allegations in the SAC against Third-Party Plaintiffs. (*Id.*, ¶¶ 39-45.) It then alleges that "should the Third-Party Plaintiffs be found liable for any injury and/or damages arising from the allegations in the SAC that they conspired with physicians, chiropractors, marketers and others or otherwise fraudulently caused injury to State Fund's business and property through the wrongful acts alleged therein, the Third-Party

Defendants are each at fault, fully or in part, for any such injury and/or damages as alleged co-conspirators and/or joint tortfeasors with Third-Party Plaintiffs." (*Id.*, ¶ 44.)

SCIF filed a Third Amended Complaint ("TAC") after the motions that are the subject of this Order were filed. The TAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

was filed before most of the other pending motions to dismiss the TPC were filed. The TAC seeks to allege claims for RICO, RICO conspiracy, fraud, and violations of California's Unfair Competition law. (Dkt. No. 716.)

The TCP is 12 pages long. The TAC is 126 pages long.

**LEGAL STANDARD**

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998,1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir.1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

**ANALYSIS**

**1. Motion to Strike**

The Motion to Strike asserts that the TCP "should be stricken in its entirety, or alternatively, the third-party claims should be severed and tried separately in accordance with Federal Rule of Civil Procedure 14." (Dkt. No. 682, at i.)

Under Rule 14, "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). In deciding whether to permit impleader, courts consider (1) prejudice to the original plaintiff, (2) complication of issues at trial, (3) likelihood of trial delay, and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

The Court DENIES the Motion to Strike. There are numerous reasons that the Court makes this ruling, including that (1) prejudice to the original plaintiff is limited, in part, because SCIF has filed a TAC and makes allegations against most of the Third-Party Defendants and (2) any likelihood of trial delay is lessened given the Court's recent ruling to continue the trial and associated dates.

**2. Motions to Dismiss**

The SAC and the TAC bring the same four claims. Again, those claims are for RICO, RICO conspiracy, fraud, and violations of California's Unfair Competition law.

    **2.1 RICO Claims**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

The parties generally agree that Third-Party Plaintiffs cannot bring equitable indemnification claims for RICO or RICO conspiracy. Third-Party Plaintiffs essentially say that their TCP doesn't bring an equitable indemnification claim for RICO or RICO conspiracy.

Because Third-Party Plaintiffs essentially concede they are not bringing RICO and RICO conspiracy equitable indemnification claims, the Court DENIES the Motions to Dismiss to the extent they seek to dismiss such claims. If the TCP did seek to allege such claims the Court would grant the motions and dismiss those claims without leave to amend.

### 2.2 Fraud and California's Unfair Competition law

Although the Court appreciates Third-Party Plaintiffs' apparent effort to streamline the TCP by citing the SAC, the Court is not convinced that simply alleging that each Third-Party Defendant is liable for "acts and omissions alleged in the SAC to be unlawful" satisfies the *Iqbal/Twombly* standard. Also, because a TAC has been filed, citing the SAC is insufficient.

The Court GRANTS the motions to dismiss as to the fraud and California Unfair Competition law claims. The Court DISMISSES these claims with leave to amend.

Looking forward, Third-Party Plaintiffs should include allegations in their TPC that they believe satisfy *Iqbal/Twombly* without citation to the TAC. When bringing claims in an amended TPC, Third-Party Plaintiffs are also cautioned to consider the heightened pleading standards for fraud claims and claims based in fraud.

### DISPOSITION

The Motions to Dismiss (Dkt. Nos. 682, 684) are GRANTED in part and DENIED in part. The Court gives leave to amend as set forth in this Order. Any amended pleading must be filed within 20 days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0956 AG (CWx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | STATE COMPENSATION INSURANCE FUND v. MICHAEL D. DROBOT SR., et al. | | |

The remaining motions to dismiss (Dkt. Nos. 698, 705, 707, 715, 730) are MOOT and the hearings on those motions are VACATED.

Concerning the likely motions to dismiss that will be filed against any amended pleading, the Court finds that filing an omnibus motion will be most effective.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

|  | : | 0 |
|---|---|---|

Initials of Preparer     lmb